STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400

Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive, <br><br> Defendants. | CASE NO. 105CV051322 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR <u>ORDER VACATING DISMISSAL</u> <br><br> Date: April 27, 2006 <br> Time: 8.30 a.m. <br> Dept: 2 <br> Judge: Hon. William Elfving |

## I.    INTRODUCTION

By this motion plaintiffs Corcept Therapeutics, Inc. ("Corcept"), Joe Belanoff and Alan Schatzberg ("plaintiffs") seek an order under Code of Civil Procedure section 473(d), vacating the dismissal of this action on April 13, 2006 for failure to appear on April 13, 2006, and purported failure to comply with Rule 201.7. That dismissal was ordered after the Clerk of the Court failed to implement this Court's order of March 16, 2006, which postponed the hearing on the order to show cause re.

{00178210v1}                                                                                                    1.

dismissal from April 13, 2006 to September 14, 2006.

Under the circumstances, good cause exists for the issuance of an order vacating the erroneously entered dismissal of the action.

## II.    FACTS

A.    This Action Was Erroneously Dismissed As The Result
Of A Clerical Error In The Court Clerk's Office

This action was "dismissed on the court's own motion on 04-13-06 for failure to appear and/or failure to show cause in writing why the dismissal should not be entered."[1] According to the court's website, the grounds for dismissal were "CV OSC Sanc/Dism purs to 201.7."[2]

This action should not have even been on the dismissal calendar on April 13, 2006, however, because by order dated March 16, 2006 the OSC re. dismissal hearing was continued to September 14, 2006.[3] The order postponing the OSC hearing was made at the same time that the Court, in response to plaintiffs' ex parte application, extended to August 31, 2006 the deadline for serving the complaint on the as yet unidentified Doe defendants.

Counsel for plaintiffs requested the Court Clerk, by letter dated April 18, 2006, to correct the erroneous dismissal under Code of Civil Procedure section 473(d).[4] As of the time of writing this motion, however, the court website does not reflect the entry of any such order vacating the dismissal.[5] Because a deposition subpoena against the University of Massachusetts is currently being enforced by

---

[1]    Notice of Dismissal Action By Court dated 4-04-06: Exhibit "A" to declaration of Stuart Clark dated April 26, 2006 ("Clark Dec.")
[2]    Exhibit "B" to Clark Dec.
[3]    Order issued by Hon. William Elfving dated March 16, 2006: Exhibit "C" to Clark Dec.
[4]    Exhibit "D" to Clark Dec.

Memorandum In Support Of Ex Parte Application For Order Vacating Dismissal of Action

plaintiffs pursuant to a Commission issued in this action by this Court on March 16, 2006, however, it has become urgent that the dismissal be promptly vacated.[6] Accordingly, plaintiffs cannot wait any longer to determine when, and whether, the Court Clerk will take steps to have the dismissal set aside.

B.    This Action Seeks Damages From Doe Defendants For Defamatory Statements Published On An Internet Message Board

Corcept is a Menlo Park company that develops drugs for the treatment of severe psychiatric and neurological diseases. Complaint, ¶¶ 1, 2. Plaintiffs Belanoff and Schatzberg are co-founders of Corcept, and Belanoff is also its CEO. Defendants Doe 1 and Doe 2 are persons who have published anonymous defamatory statements concerning plaintiffs on the Internet, respectively using the Yahoo ID names "corceptisafraud" and "stanfordinsider."  Id., ¶¶10-21, 22-30.

The statements of Doe 1 which plaintiffs allege to be defamatory include postings on March 17, 2005, March 18, 2005 and July 24, 2005 on the Yahoo Message Board portion of the Internet under the Yahoo ID name "corceptisafraud." On March 17, 2005, Doe 1 also published further false and defamatory statements on a Yahoo Message Board under the same Yahoo ID name, including the following:[7]

(a)    that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;"

(b)    that "Corcept knows all of this," including that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;" and,

---

[5].    Clark Dec., ¶4.
[6].    Clark Dec., ¶4.
[7].    Complaint, ¶15.

(c)   that "Belanoff [and] Schatzberg . . . and other insiders are selling despite the stock selling at record lows. They know the drug does not work and will never be proven to work."

Doe 2 has similarly published statements on the Internet which plaintiffs allege to be defamatory. On or about August 23, 2005, Doe 2 published the following statement on a Yahoo Message Board: [8]

> I agree with Shockman. The insiders in Corcept know the data, have seen the data. The CEO is a psychiatrist. He has been selling shares as fast as he can. The CEO and the company create press releases to raise the price of the stock and then sell on the news. It strikes me as fraudulent.

Plaintiffs allege that the above described statements are false, that they constitute libel per se, and that they have been damaged as a result of the publication thereof.

Plaintiffs are engaged in discovery to determine the identity of Does 1 and 2, so that they may be named, and served.

## III.   ARGUMENT

Code of Civil Procedure 473(d) permits the Court, on its own motion or on the motion of the injured party, to correct clerical mistakes in its judgments or orders, or set aside any void judgment or order. Here the dismissal order was granted because of the Court Clerk's clerical mistake in not complying with the order to take the OSC re dismissal hearing off calendar on April 13, 2006, and to continue that hearing until September 14, 2006. Thus, the dismissal resulted from a clerical error, and the dismissal should be vacated.

---

[8]   Complaint, ¶23.

{00178210v1}

Memorandum In Support Of Ex Parte Application For Order Vacating Dismissal of Action

4.

## IV.   CONCLUSION

Because this action was dismissed as the result of a clerical error by the Court Clerk in not taking the April 13, 2006 hearing off calendar, good cause exists to vacate the dismissal. Plaintiffs respectfully request that the Court should so order.

DATE: April 16 , 2006.

CARR & FERRELL LLP

By: _____
            Stuart C. Clark

Attorneys for Corcept Therapeutics, Inc., Joseph Belanoff and Alan Schatzberg

STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400

Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive, <br><br> Defendants. | CASE NO. 105CV051322 <br><br> NOTICE OF APPLICATION AND EX PARTE APPLICATION FOR <u>ORDER VACATING DISMISSAL</u> <br><br><br> Date: April 27, 2006 <br> Time: 8.30 a.m. <br> Dept: 2 <br> Judge: Hon. William Elfving |

PLEASE TAKE NOTICE that on April 27, 2006, at 8:30 a.m. or as soon

thereafter as the matter may be heard, and in Department 2 of the above-mentioned

Court, Corcept Therapeutics, Inc. ("Corcept"), Joe Belanoff and Alan Schatzberg

("plaintiffs") will move for an order under Code of Civil Procedure section 473(d)

vacating the dismissal of this action on April 13, 2006 for failure to appear and show

cause on April 13, 2006 and a purported failure to comply with Rule 201.7.

This motion is made on the grounds that the dismissal was ordered after the

Clerk of the Court failed due to a clerical mistake to implement this Court's order of March 16, 2006, which postponed the hearing on the order to show cause re. dismissal from April 13, 2006 to September 14, 2006. As a result of that clerical mistake, the case remained on calendar on April 13, 2006, even though no appearance by counsel for plaintiffs was required on April 13, 2006.

This motion is supported by the accompanying Memorandum of Points and Authorities, the declaration Stuart C. Clark, on the pleadings and other documents on file in the action, and on such further evidence and argument as may be permitted at the hearing.

DATE: April 26, 2006.

CARR & FERRELL LLP

By: _____
Stuart C. Clark

Attorneys for Corcept Therapeutics, Inc., Joseph Belanoff and Alan Schatzberg

00174013v11
Notice Of Ex Parte Application For Order Vacating Dismissal

STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400

Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual, | ) ) ) ) ) | CASE NO. 105CV051322 |
| Plaintiffs, | ) ) | **ORDER VACATING** <br> **DISMISSAL OF ACTION** |
| v. | ) ) | |
| DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter came on for hearing before the Hon. William Elfving on April 27, 2006, on the motion of Corcept Therapeutics, Inc. ("Corcept"), Joseph Belanoff, and Alan Schatzberg ("plaintiffs") under Code of Civil Procedure section 473(d) for an order vacating the dismissal of this action on April 13, 2006.

Stuart Clark appeared for Corcept. There was no appearance for any of the Doe defendants.

Having considered the moving papers and the arguments of counsel for

plaintiffs, and having found that the OSC re Dismissal hearing remained on

calendar for April 13, 2006 due to a clerical error in not postponing that hearing

pursuant to this Court's order of March 16, 2006, and having also found that good

cause accordingly exists to vacate the dismissal order which was issued based on

counsel's failure to appear and show cause on April 13, 2006:

    IT IS ORDERED THAT the motion is GRANTED, and that the dismissal

order entered on April 13, 2006 is hereby VACATED.

DATED: April 27, 2006

 

WILLIAM J. ELFVING
JUDGE OF THE SUPERIOR COURT

STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400

Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual, | ) ) ) ) ) ) | CASE NO.  105CV051322 |
| Plaintiffs, | ) ) | ORDER VACATING ORDER DISMISSING ACTION |
| v. | ) ) ) | |
| DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter came on for hearing before the Hon. William Elfving on the date reflected below, on the Court's own motion under Code of Civil Procedure section 473(d).  There was no appearance for any party.

Having considered the facts that:

(1)    by order dated March 16, 2006, the Court continued the April 14, 2006 hearing on the order to show cause re sanctions/dismissal until September 14, 2006;

(2)    due to a clerical mistake, the hearing remained on calendar on April

{00177446v1}                                                              1.
Order Vacating Dismissal of Action

14, 2006; and

    (3)   even though counsel for plaintiff was not required to appear on the postponed April 14, 2006 hearing date, the action was dismissed by mistake for failure to appear on that date;

and having found that the action was improperly dismissed due to a clerical mistake, and that good cause exists to correct that mistake by vacating the dismissal order:

    IT IS ORDERED THAT the dismissal order granted on April 14, 2006 is hereby VACATED.

DATED: April 24, 2006

_____

WILLIAM J. ELFVING
JUDGE OF THE SUPERIOR COURT

# CARR & FERRELL LLP
## ATTORNEYS AT LAW

April 18, 2006

WRITER'S DIRECT DIAL NUMBER

(650) 812-3415

The Clerk of the Court
Santa Clara Superior Court
191 North First Street
San Jose, CA 95113

<u>Corcept v. Does: Case No. 104CV 032802</u>

Dear Clerk:

Yesterday I received Notice of Dismissal of this action by the Court "for failure to appear [on 4/13/06] and/or failure to show cause." A copy of the notice is enclosed.

It appears that this mater remained on the dismissal calendar for April 13, 2006 notwithstanding Judge Elfving's order continuing the hearing until September 14, 2006. A copy of that order is also enclosed.

I do not understand how this matter remained on the April 13, 2006 calendar. When I filed the ex parte order continuing the hearing, the clerk in the general office walked the order through to the Law and Motion Clerks – while I waited – and returned to confirm that the April 14, 2006 hearing was off calendar. Thus, the dismissal was clearly ordered in error, as the result of a clerical mistake.

It is unfair to expect my client, the plaintiff, to incur the expense of filing a motion to correct the consequences of the clerical error which led to the entry of the dismissal order. Accordingly, I respectfully request that the Court should exercise its power under CCP section 473(d) to correct its order, by vacating that order. A proposed form of order is attached, together with a self addressed, postage prepaid return envelope.

Sincerely,

Stuart C. Clark

{001774-45v1}          2200 GENG ROAD, PALO ALTO, CALIFORNIA 94303
TELEPHONE (650) 812-3400. FACSIMILE (650) 812-3444

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090

TO:    FILE COPY

RE:  Corcept Therapeutics, Inc., et al vs
Case Nbr:  1-05-CV-051322

### NOTICE OF DISMISSAL OF ACTION BY COURT

Notice is hereby given that the above entitled action has been dismissed on
the Court's own motion on 04-13-06 for failure to appear and/or failure
to show cause in writing why the dismissal should not be entered.

Notice of the hearing on 04-13-06 was mailed to all parties on .

---

Parties/Attorneys of Record:

CC: Stuart C. Clark , Carr & Ferrell LLP
       2200 Geng Road, Palo Alto, CA 94303

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line. (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 04-14-06 .  KIRI TORRE, Chief Executive Officer/Clerk by Loan Nguyen, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090


TO:   Stuart C. Clark
      Carr & Ferrell LLP
      2200 Geng Road
      Palo Alto,  CA 94303


RE:  Corcept Therapeutics, Inc., et al vs
Case Nbr:  1-05-CV-051322

## NOTICE OF DISMISSAL OF ACTION BY COURT

Notice is hereby given that the above entitled action has been dismissed on
the Court's own motion on 04-13-06 for failure to appear and/or failure
to show cause in writing why the dismissal should not be entered.

Notice of the hearing on 04-13-06 was mailed to all parties on .

Parties/Attorneys of Record:

CC:

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 04-14-06 .  KIRI TORRE, Chief Executive Officer/Clerk by Loan Nguyen, Deputy

Superior Cou__ of California, County of ._ _ta Clara
191 N. First Street
San Jose, CA  95113-1090

TO:    FILE COPY

RE:  Corcept Therapeutics, Inc., et al vs
Case Nbr:  1-05-CV-051322

### NOTICE RE: SANCTIONS/DISMISSAL PURSUANT TO CRC 201.7

You are hereby ordered to appear in this Court on:

Date: 04/13/06 At: 1002AM in: Dept 2

Superior Court, 191 North First Street, San Jose, Ca., 95113

and show cause why sanctions should not be imposed or why the above entitled cas
should not be dismissed for failure to serve summons and complaint as required b
California Rules of Court 201.7.

Any written opposition to the dismissal must be filed at least five (5) days
prior to the above scheduled hearing date.

COMPLIANCE WITH ALL STATE AND LOCAL RULES OF COURT IS MANDATORY.

_____

Parties/Attorneys of Record:

CC: Stuart C. Clark , Carr & Ferrell LLP
      2200 Geng Road, Palo Alto, CA 94303

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD Califorma Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 03-38-06. KIRI TORRE, Chief Executive Officer/Clerk by Loan Nguyen, Deputy

9-14-06

Superior Court Of California
Minute Order - CV OSC/CRC 225 DISMISSAL REVIEW
HONORABLE WILLIAM J. ELFVING

Calendar For: 04/13/06                                      Page:   1

*ANNETTE KAISER, CSR*

Reporter: Peyton Schuler      Clerk: Margie Hijduk      Bailiff: Aaron Taber

Dept: Dept 2

---

29.   10:02AM Case: 1-05-CV-051322  Corcept Therapeutics, Inc., et al vs
      Type: Defamation - Unlimited              Date Filed: 10/25/05
      SubType:

      Event: CV OSC Sanc/Dism purs to 201.7          Result Code:
           Text: Failure to serve.

           PLT-0002    Joseph K Belanoff
               Atty: Stuart C. Clark
           PLT-0001    Corcept Therapeutics, Inc.
               Atty: Stuart C. Clark
           PLT-0003    Alan F Schatzberg
               Atty: Stuart C. Clark

---

(X) NO APPEARANCE          ( ) SET OSC RE: DISMISSAL NEXT AVAILABLE DATE
( ) OTHERS IN COURT AS NOTED ABOVE
( ) OFF CALENDAR           ( ) _____

THE COURT ORDERS THIS CASE:

( ) SET FOR    ( ) OSC RE: CRC 201.7 - FAILURE TO
                ( ) SERVE    ( ) DEFAULT   ON_____AT_____IN DEPT_____

               ( ) FURTHER CMC   ( ) TRIAL SETTING   ( ) CASE STATUS REVIEW RE:_____
                    ON_____AT_____ IN DEPT_____

               ( ) ARBITRATION/MEDIATION REVIEW ON_____AT_____ IN DEPT_____

               ( ) EARLY SETTLEMENT CONFERENCE ON_____AT_____ IN DEPT_____

               ( ) OTHER_____ ON_____AT_____ IN DEPT_____

(X) DISMISSED ( ) WITH PREJUDICE   ( ) WITHOUT PREJUDICE   ( ) RE: _____
                ( ) AT PLAINTIFF'S REQUEST
( ) OSC IS VACATED

( ) SANCTIONS_____

( ) OTHER _____

Superior C   :rt of California, County c   Santa Clara
191 N. First Street
San Jose, CA  95113-1090

TO:   FILE COPY

L NGUYEN

RE:  Corcept Therapeutics, Inc., et al vs
Case Nbr:  1-05-CV-051322

### NOTICE RE: SANCTIONS/DISMISSAL PURSUANT TO CRC 201.7

You are hereby ordered to appear in this Court on:

Date: 09/14/06  At: 1002AM in: Dept 2

Superior Court, 191 North First Street, San Jose, Ca., 95113

and show cause why sanctions should not be imposed or why the above entitled cas
should not be dismissed for failure to serve summons and complaint as required b
California Rules of Court 201.7.

Any written opposition to the dismissal must be filed at least five (5) days
prior to the above scheduled hearing date.

COMPLIANCE WITH ALL STATE AND LOCAL RULES OF COURT IS MANDATORY.

---

Parties/Attorneys of Record:

CC: Stuart C. Clark , Carr & Ferrell LLP
       2200 Geng Road, Palo Alto, CA 94303

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 04-28-06   KIRI TORRE, Chief Executive Officer/Clerk by Loan Nguyen, Deputy

3-7-06

Superior Court Of California
Minute Order - CIVIL INIITAL CMC
ADR ADMIN ELIZABETH STRICKLAND

Calendar For: 03/07/06                                         Page:   1

Reporter: Not Reported       Clerk: Margie Hijduk       Bailiff: Bailiff

Dept: Dept 2

---

   7.  03:00PM Case: 1-05-CV-051322  Corcept Therapeutics, Inc., et al vs
       Type: Defamation - Unlimited            Date Filed: 10/25/05
       SubType:

       Event: CV CMC-Case Management Conf            Result Code:
            Text: Telephonic Appearance by Stuart Clark.

            PLT-0002   Joseph K Belanoff
                  Atty: Stuart C. Clark  *Via CourtCall*
            PLT-0001   Corcept Therapeutics, Inc.
                  Atty: Stuart C. Clark
            PLT-0003   Alan F Schatzberg
                  Atty: Stuart C. Clark

---

( )NO APPEARANCE   ( )SEVER_____ FOR PURPOSES OF _____
( )OTHERS IN COURT AS NOTED ABOVE
( )OFF CALENDAR        ( )_____

THE COURT ORDERS THIS CASE:
(X)SET FOR  (X)OSC RE: FAILURE TO  (X)SERVE  ( )APPEAR
                      ( )DEFAULT ON_____ AT_____ IN DEPT_____
                      ( )NEXT AVAILABLE
            ( )FURTHER CMC  ( )TRIAL SETTING  ( )CASE STATUS REVIEW RE:_____
                  ON_____ AT_____ IN DEPT_____
            ( )ARBITRATION/MEDIATION REVIEW ON _____ AT_____ IN DEPT_____
            ( )EARLY SETTLEMENT CONFERENCE ON _____ AT_____ IN DEPT_____
            ( )OTHER _____ ON _____ AT_____ IN DEPT_____
( )ADR:     ( )DESIGNATED A JUDICIAL ARBITRATION CASE
            ( )TO BE AT ISSUE_____
            ( )TO JUDICIAL ARBITRATION( )TO NON-JUDICIAL ARBITRATION PER STIPULATION OF PARTIES
            ( )REFERRED TO MEDIATION PER AGREEMENT OF PARTIES
            ( )DISCOVERY TO REMAIN OPEN UNTIL ____ DAYS BEFORE TRIAL
            ( )EARLY NEUTRAL EVALUATION
            ( )ARBITRATION/MEDIATION ORDER STAYED FOR____ DAYS
( )SET FOR CRC 225 DISMISSAL   ( )NEXT AVAILABLE DATE   ( )ON_____ AT_____
( )SANCTIONS _____ _____

( )OTHER _____
       _____

1  STUART C. CLARK (#124152)
2  JASON T. ANDERSON (#212938)
   CARR & FERRELL LLP
3  2200 Geng Road
   PALO ALTO CA 94303
4  Telephone: (650) 812-3400

5
   Attorneys for Corcept Therapeutics, Inc.,
6  Joseph Belanoff, and Alan Schatzberg

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SANTA CLARA

10

11  CORCEPT THERAPEUTICS,          )   CASE NO.  105CV051322
    INC., Corporation, JOSEPH K.   )
12  BELANOFF, an individual,       )
    ALAN F. SCHATZBERG, an         )
13  individual,                    )
                                   )   ORDER AUTHORIZING THE
14                                 )   ISSUANCE OF COMMISSIONS IN
           Plaintiffs,             )   THE STATE OF MASSACHUSETTS
15                                 )
                                   )
16       v.                        )
                                   )
17  DOE 1, an individual, DOE 2,   )
    an individual, and DOES 3      )
18  through 20, inclusive,         )
                                   )
19         Defendants.             )
20  _____)

21       This matter came on for hearing before the Hon. Socrates P. Manoukian on

22  March 16, 2006, on the motion of Corcept Therapeutics, Inc. ("Corcept"), Joseph

23  Belanoff, and Alan Schatzberg ("plaintiffs") for an order under Code of Civil

24  Procedure section 2026.010 for the issuance of Commissions authorizing certain

25
    depositions in the state of Massachusetts.
26
27       Stuart Clark appeared for Corcept.  There was no appearance for any of the

28  Doe defendants.

    {00174317v1}                                                          1.
    Order Issuance Of Commissions In The State Of Massachusetts

1

2         Having considered the moving papers, and being satisfied that good cause

3   exists to grant the requested relief:

4         IT IS ORDERED THAT the motion is GRANTED, and that Commissions

5   shall issue authorizing the depositions in the state of Massachusetts of : (1) the

6   University of Massachusetts and/or the University of Massachusetts Medical School;

7   and (2) Dr. Anthony Rothschild.

8   DATED: March 17 . 2006

9

10

11

12                    SOCRATES P. MANOUKIAN
                      JUDGE OF THE SUPERIOR COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400

Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg



UCS

FILED

MAR 1 6 2006

Kiri TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
M. TAUTOLO

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual, <br><br> Plaintiffs. <br><br> v. <br><br> DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 105CV051322 <br><br> DECLARATION OF STUART CLARK IN SUPPORT OF EX PARTE APPLICATION FOR COMMISSION TO TAKE DEPOSITION(S) IN MASSACHUSETTS <br><br> Date: March 16, 2006 <br> Time: 8.30 a.m. <br> Dept: 14 <br> Judge: Hon. Derek Woodhouse |

I, the undersigned, STUART CLARK, declare as follows:

1.    I am an attorney admitted to practice before all of the courts of the

State of California. I am a member of the firm of Carr & Ferrell LLP, the attorneys

of record for plaintiffs Corcept Therapeutics, Inc., Joseph Belanoff and Alan

Schatzberg.  The facts set out herein are within my personal knowledge, or are

based on documents in my possession and other information to which I have access

in the course of my duties.  If called upon to do so I could and would testify to the

truth thereof.

2.     By order issued on October 26, 2005, the Court granted Corcept leave to commence early discovery. Corcept thereupon served a subpoena on Yahoo, Inc., and through that subpoena obtained the identity of the multiple internet service providers ("ISPs") used by Does when posting defamatory statements. Corcept also discovered that Doe 2 used a computer at the Holiday Inn in Pittsburgh, PA to post a message on a Yahoo Message Board. All of those ISPs are also located outside the state of California.

3.     On November 22, 2005 Corcept sought, and was granted, orders from this Court authorizing commissions in Pennsylvania and New Jersey to take the depositions of the Holiday Inn and Comcast with regard to the postings by the defendants. Neither of those discovery efforts resulted in any Doe defendants being identified, however, because: (1) the Holiday Inn network is wireless and allows free access, and allegedly no record is maintained of user identities; and (2) Comcast allegedly does not keep records going back more than 31 days.

4.     Based on the subject matter, interest, access to information, and other factors, plaintiffs have for some time suspected that the postings under the names "stanfordinsider" and/or "corceptisafraud" were made by Anthony J. Rothschild, MD, a faculty member in the Department of Psychiatry and Behavioral Sciences at the University of Massachusetts Medical School in Worcester, Massachusetts. Plaintiffs accordingly obtained a commission from this Court on December 22, 2005 to take the deposition of Dr. Rothschild. That deposition was taken on February 13, 2006.

5.   At his deposition Dr. Rothschild denied any knowledge of the anonymous Internet postings. From the deposition of Dr. Rothschild it was determined, however, among other things, that Dr. Rothschild used computers at the University of Massachusetts Medical School to obtain access to the Internet. It was also determined that the medical school has records of Dr. Rothschild's whereabouts at the times that the anonymous Internet postings at issue in this case were made. By taking the deposition(s) of the University of Massachusetts, and/or the University of Massachusetts Medical School, plaintiffs expect to be able to obtain additional information which will assist in determining whether or not Dr. Rothschild is Doe 1 and/or Doe 2.

6.   Depending on the nature of the information obtained from the University of Massachusetts, and/or the University of Massachusetts Medical School, it may be necessary to take the further deposition of Dr. Rothschild. In addition, it seems likely that it will be necessary to require Dr. Rothschild to produce additional documents identified at his deposition, or which need to be investigated in light of testimony given by Dr. Rothschild at the deposition.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this March ﹍, 2006.

_____
STUART CLARK

{00166353v1}                                                          3.

Declaration Of Stuart Clark In Support Of Ex Parte Application For Issuance Of Commissions

1  STUART C. CLARK (#124152)
2  JASON T. ANDERSON (#212938)
   CARR & FERRELL LLP
3  2200 Geng Road
   PALO ALTO CA 94303
4  Telephone: (650) 812-3400

5
   Attorneys for Corcept Therapeutics, Inc.,
6  Joseph Belanoff, and Alan Schatzberg

**UCS**

**F I L E D**

MAR 1 6 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
M. TAUTORO

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11  CORCEPT THERAPEUTICS,          )    CASE NO.  105CV051322
    INC., Corporation, JOSEPH K.   )
12  BELANOFF, an individual,       )
    ALAN F. SCHATZBERG, an         )
13  individual,                    )
                                   )    ORDER EXTENDING TIME TO
14                                 )    SERVE COMPLAINT, VACATING
            Plaintiffs,            )    HEARING ON ORDER TO SHOW
15                                 )    CAUSE, AND SETTING CASE
        v.                         )    MANAGEMENT CONFERENCE
16                                 )
                                   )
17  DOE 1, an individual, DOE 2,   )
    an individual, and DOES 3      )
18  through 20, inclusive,         )
                                   )
19                                 )
            Defendants.            )
20  _____ )

21          This matter came on for hearing before the Hon. William Elfving on March

22  16, 2006, on the motion of Corcept Therapeutics, Inc. ("Corcept"), Joseph Belanoff,

23  and Alan Schatzberg ("plaintiffs") under Government Code section 68616(a) for an

24  exception to the requirement that the complaint be served within 60 days after

25
26  filing, based on plaintiffs' inability to date to ascertain the identity of Does 1 and 2.

27          Stuart Clark appeared for Corcept.  There was no appearance for any of the

28  Doe defendants.

_____  1.
300174017v11
Order Granting Extension Of Time To Serve Complaint, And Granting Related relief

Having considered the moving papers and the arguments of counsel for Corcept, and having found that service could not reasonably be achieved within the time required with the exercise of due diligence, and that good cause exists to extend the time for service:

IT IS ORDERED THAT the motion is GRANTED, and that:

1.    plaintiffs are granted an extension of time until August 31, 2006 within which to serve the complaint;

2.    the April 13, 2006 hearing on the order to show cause re sanctions/dismissal, for failure to serve the complaint within 60 days, is ~~moot and is taken off calendar; and,~~ *Continued to 9/14/06 at 10 ᵃ'ᵐ;*

~~3.    a Case Management Conference is scheduled on September    , 2006, at 9.00 a.m., in Department 2.~~ *WM*

DATED: March *10*, 2006

_____
WILLIAM J. ELFVING
JUDGE OF THE SUPERIOR COURT

Order Granting Extension Of Time To Serve Complaint, And Granting Related relief

STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400

Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg

**(ENDORSED)**
**FILED**

MAR 1 6 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation. JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive. <br><br> Defendants. | CASE NO.  105CV051322 <br><br> ORDER EXTENDING TIME TO SERVE COMPLAINT, VACATING HEARING ON ORDER TO SHOW CAUSE, AND SETTING CASE MANAGEMENT CONFERENCE |

This matter came on for hearing before the Hon. William Elfving on March 16. 2006, on the motion of Corcept Therapeutics, Inc. ("Corcept"), Joseph Belanoff, and Alan Schatzberg ("plaintiffs") under Government Code section 68616(a) for an exception to the requirement that the complaint be served within 60 days after filing, based on plaintiffs' inability to date to ascertain the identity of Does 1 and 2.

Stuart Clark appeared for Corcept.  There was no appearance for any of the Doe defendants.

{00174017v1}                                                                                          1.
Order Granting Extension Of Time To Serve Complaint, And Granting Related relief

Having considered the moving papers and the arguments of counsel for

Corcept, and having found that service could not reasonably be achieved within the

time required with the exercise of due diligence, and that good cause exists to

extend the time for service:

IT IS ORDERED THAT the motion is GRANTED, and that:

1.    plaintiffs are granted an extension of time until August 31, 2006 within

which to serve the complaint:

2.    the April 13, 2006 hearing on the order to show cause re sanctions/

dismissal. for failure to serve the complaint within 60 days, is ~~moot and is taken off~~

~~calendar; and,~~ Continued to 9/14/06 at 10:02 am;

~~3.    a Case Management Conference is scheduled on September     , 2006, at~~

~~9:00 a.m., in Department 2.~~ *WJE*

DATED: March 16, 2006

WILLIAM J. ELFVING
JUDGE OF THE SUPERIOR COURT

Order Granting Extension Of Time To Serve Complaint, And Granting Related relief

UCS

1   STUART C. CLARK (#124152)
2   JASON T. ANDERSON (#212938)
    CARR & FERRELL LLP
3   2200 Geng Road
    PALO ALTO CA 94303
4   Telephone: (650) 812-3400

5
    Attorneys for Corcept Therapeutics, Inc.,
6   Joseph Belanoff, and Alan Schatzberg

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF SANTA CLARA

10

11  CORCEPT THERAPEUTICS,   )  CASE NO.  105CV051322
    INC., Corporation, JOSEPH K.  )
12  BELANOFF, an individual,     )
    ALAN F. SCHATZBERG, an    )  MEMORANDUM OF POINTS
13  individual,             )  AND AUTHORITIES IN SUPPORT
                       )  OF EX PARTE APPLICATION
14                    )  FOR EXTENSION OF TIME TO
          Plaintiffs,       )  EFFECT SERVICE OF COMPLAINT
15                    )
      v.                  )
16                    )
    DOE 1, an individual, DOE 2,   )
17  an individual, and DOES 3    )  Date:  March 16, 2006
    through 20, inclusive,      )  Time:  8.30 a.m.
18                    )  Dept:  2
          Defendants.     )  Judge:  Hon. William Elfving
19                    )
20  _____)

21              I.    INTRODUCTION

22      By this motion plaintiffs Corcept Therapeutics, Inc. ("Corcept"), Joe Belanoff

23  and Alan Schatzberg ("plaintiffs") seek an order: (1) extending until the  time within

24  which to effect service of the summons and complaint on Does 1 and 2, under

25  Government Code section 68616(a); and (2) taking off calendar the April 13, 2006

26  hearing on the order to show cause for sanctions/dismissal for alleged violation of

27  Rule 201.7, and scheduling a Case Management Conference.  This motion is made

28

{00173978v1}                                        1.
Memorandum In Support Of Ex parte Application For Extension Of Time To Serve Complaint

3-16-06

on the grounds that: (1) good cause exists to extend until August 31, 2006 the time to effect service, because despite diligent discovery plaintiffs have been unable to identify Does 1 and 2 and to effect service on them; and (2) if an extension of time for service is granted, the April 13, 2006 hearing on the order to show cause is rendered moot, and should be taken off calendar.

Despite their inability to identify and serve the Doe defendants, plaintiffs have been called upon to show cause, on or before April 13, 2006, why sanctions should not be imposed or the action dismissed for failure to effect service within the time specified by Rule 201.7. While there are issues with regard to whether or not Rule 201.7 applies to Doe defendants, and also whether an action may be dismissed at all for failure to serve within the time specified by that Rule, plaintiffs wish to obtain an extension of time rather than contest the order to show cause.[1]

Under the circumstances, good cause exists for the granting of the requested extension until August 31, 2006, for the hearing on the order to show cause to be taken of calendar, and for a Case Management Conference to be scheduled.

## II.    FACTS

Corcept is a Menlo Park company that develops drugs for the treatment of severe psychiatric and neurological diseases. Complaint, ¶¶ 1, 2. Plaintiffs Belanoff and Schatzberg are co-founders of Corcept, and Belanoff is also its CEO. Defendants Doe 1 and Doe 2 are persons who have published anonymous defamatory statements concerning plaintiffs on the Internet, respectively using the Yahoo ID names

---

[1].    Judicial Council Form CM-020 *may* be used to make this motion, but such use is not mandatory. Weil & Brown, California Civil Procedure before Trial §4:348.1 (TRG 2005); Rule 201.1(b)(2)and Appendix (Forms marked by asterisk are mandatory, and Form CM-020 is not so marked.)

{00173978v1}                                                                                                    2.
Memorandum In Support Of Ex parte Application For Extension Of Time To Serve Complaint

1    "corceptisafraud" and "stanfordinsider."  Id., ¶¶10-21, 22-30.

2         Plaintiffs have diligently pursued discovery aimed at ascertaining the identity

3
    of Does 1 and 2.  By order issued on October 26, 2005, the Court granted Corcept
4
    leave to commence early discovery. [2]  Corcept thereupon served a subpoena on
5
6    Yahoo, Inc., and through that subpoena obtained the identity of the multiple

7    internet service providers ("ISPs") used by Does 1 and 2 when posting defamatory

8    statements about plaintiffs on the Internet.  These Internet Service Providers
9
    included Comcast of New Jersey and the wireless network of the Holiday Inn in
10
11    Pittsburgh.

12         On November 22, 2005 Corcept sought, and was granted, orders from this

13    Court authorizing commissions in Pennsylvania and New Jersey to take the
14
    depositions of the Holiday Inn and Comcast with regard to the postings by the Doe
15
16    defendants.  Neither of those discovery efforts resulted in any Doe defendants being

17    identified, however, because: (1) the Holiday Inn network is wireless and allows free

18    access, and allegedly no record is maintained of user identities; and (2) Comcast
19
    allegedly does not keep records going back more than 31 days.
20
21         Plaintiffs also obtained a commission from this Court on December 22, 2005

22    to take the deposition of Dr. Anthony Rothschild, a faculty member in the

23    Department of Psychiatry and Behavioral Sciences at the University of

24    Massachusetts Medical School in Worcester, Massachusetts, who based on the
25
    subject matter of the postings, interest, access to information, and other factors, is
26
27    suspected of having made the postings under the names "stanfordinsider" and/or

28    [2].        Declaration of Stuart Clark dated March 5, 2006, ¶2.  Unless otherwise indicated, all other facts in this Part
             II are also based on that declaration, and the allegations of the complaint.
    {00173978v1}                                                                              3.
    Memorandum In Support Of Ex parte Application For Extension Of Time To Serve Complaint

"corceptisafraud."

At his deposition, which was taken on February 13, 2006, Dr. Rothschild denied any knowledge of the anonymous Internet postings. From the deposition of Dr. Rothschild it was determined, however, among other things, that Dr. Rothschild used computers at the University of Massachusetts Medical School to obtain access to the Internet. It was also determined that the medical school has records of Dr. Rothschild's whereabouts at the times that the anonymous Internet postings at issue in this case were made. Plaintiffs are accordingly seeking leave to take the deposition(s) of the University of Massachusetts, and/or the University of Massachusetts Medical School, in the expectation of obtaining additional information which will assist in determining whether or not Dr. Rothschild is Doe 1 and/or Doe 2.

The statements of Doe 1 which plaintiffs allege to be defamatory include postings on March 17, 2005, March 18, 2005 and July 24, 2005 on the Yahoo Message Board portion of the Internet under the Yahoo ID name "corceptisafraud." On March 17, 2005, Doe 1 also published further false and defamatory statements on a Yahoo Message Board under the same Yahoo ID name, including the following:[3]

(a)    that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;"

(b)    that "Corcept knows all of this," including that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;" and,

---

[3]    Complaint, ¶15.
{00173978v1}

Memorandum In Support Of Ex parte Application For Extension Of Time To Serve Complaint                    4.

(c)     that "Belanoff [and] Schatzberg . . . and other insiders are selling

despite the stock selling at record lows.  They know the drug does not work and will

never be proven to work."

Doe 2 has similarly published statements on the Internet which plaintiffs

allege to be defamatory.  On or about August 23, 2005, Doe 2 published the following

statement on a Yahoo Message Board: [4]

> I agree with Shockman.  The insiders in Corcept know the data,
> have seen the data.  The CEO is a psychiatrist.  He has been
> selling shares as fast as he can.  The CEO and the company
> create press releases to raise the price of the stock and then sell
> on the news.  It strikes me as fraudulent.

Plaintiffs allege that the above described statements are false, that they

constitute libel per se, and that they have been damaged as a result of the

publication thereof.

### III.     ARGUMENT

Government Code section 68616(a) permits rules to be enacted which require

service of a complaint within no shorter time than 60 days from filing.  Rule 201.7

requires service within 60 days from filing, but permits an extension of time by

application brought *before* expiration of the 60 day period.   Section 68616(a)

contains no such limitation, and *requires* that an "exception" "shall be granted on a

showing that service could not reasonably be achieved within the time required with

the exercise of due diligence consistent with the amount in controversy."

There is a question whether Rule 201.7 even applies to Doe defendants.  Weil

& Brown, <u>supra</u>, §4:347 comment that the rule "probably does not apply to

---

[4].     Complaint, ¶23.

{00173978v1}                                                                              5.

Memorandum In Support Of Ex parte Application For Extension Of Time To Serve Complaint

1   defendants sued under *fictitious* names ("Doe" defendants)," because "to require that

2   "Doe" defendants be served within 60 days would appear to be inconsistent with

3   CCP §474, which allows plaintiffs to *amend* the complaint *upon discovery* of a "Doe"

4   defendant's true name." Thus, it appears that in this case plaintiffs are not

5   required to comply with Rule 201.7, and that no extension of time for service is

6   required.[5]   Nevertheless, out of an abundance of caution, plaintiffs seek an

7   extension of time until August 31, 2006 within which to effect service.

8       Plaintiffs have been extremely diligent in pursuing discovery into the identity

9   of Does 1 and 2. Plaintiffs sought leave to commence early discovery, and promptly

10  subpoenaed Yahoo to produce all documents relating to the anonymous message

11  board postings by Does 1 and 2. Plaintiffs thereafter obtained commissions for the

12  issuance of subpoenas to Internet service providers in Pennsylvania and New

13  Jersey, and subsequently obtained a further commission to take the deposition of Dr.

14  Rothschild in Massachusetts, which was taken on February 13, 2006. At the same

15  time as this application plaintiffs are seeking further commissions to take the

16  depositions of the University of Massachusetts and the University of Massachusetts

17  Medical School. All of this effort to identify Does 1 and 2 has occurred in a little over

18  five months since the action was filed. Thus, plaintiffs have shown an exercise of

19  due diligence more than sufficient to justify relief under section 68616(a).

20              IV.    CONCLUSION

21       For the above reasons, plaintiffs have shown more than due diligence in

---

[5]       There is also an issue with regard to whether the Court may dismiss the action for failure to comply with Rule 201.7, given that involuntary dismissal for failure to prosecute an action is only authorized by CCP §583.410. Weil & Brown, supra, §4:353.

attempting to ascertain the identities of Does 1 and 2, and good cause exists to

extend the time within which service of the summons and complaint may be

effected.  In addition, since the granting of additional time to respond will render

moot the order to show cause re sanction/dismissal, plaintiffs respectfully request

that the hearing on April 13, 2006 should be taken off calendar, and that a new date

for a Case Management Conference should be assigned.

DATE: March      , 2006.                    CARR & FERRELL LLP

                                            By: _____
                                                  Stuart C. Clark

                                            Attorneys for Corcept Therapeutics,
                                            Inc., Joseph Belanoff and Alan
                                            Schatzberg

1  STUART C. CLARK (#124152)
2  JASON T. ANDERSON (#212938)
   CARR & FERRELL LLP
3  2200 Geng Road
   PALO ALTO CA 94303                    UCS
4  Telephone: (650) 812-3400

5

6  Attorneys for Corcept Therapeutics, Inc.,
   Joseph Belanoff, and Alan Schatzberg

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF SANTA CLARA

10

11 CORCEPT THERAPEUTICS,        )    CASE NO.  105CV051322
   INC., Corporation, JOSEPH K. )
12 BELANOFF, an individual,     )
   ALAN F. SCHATZBERG, an       )    NOTICE OF EX PARTE
13 individual,                  )    APPLICATION AND
                                )    APPLICATION FOR
14       Plaintiffs,            )    COMMISSIONS TO
                                )    TAKE DEPOSITIONS
15                              )    IN MASSACHUSETTS
        v.                      )
16                              )
17 DOE 1, an individual, DOE 2, )    Date:  March 16, 2006
   an individual, and DOES 3    )    Time:  8.30 a.m.
18 through 20, inclusive,       )    Dept:  14
                                )    Judge:  Hon. Derek Woodhouse
19       Defendants.            )
                                )
20 _____  )

21       PLEASE TAKE NOTICE that on March 16, 2006, at 8:30 a.m. or as soon

22 thereafter as the matter may be heard, and in Department 14 of the above-

23 mentioned Court, Corcept Therapeutics, Inc. ("Corcept") will, and hereby does, move

24 for an order under Code of Civil Procedure section 2026.010 for the issuance of

25

26 commissions authorizing the depositions in the state of Massachusetts of : (1) the

27 University of Massachusetts and/or the University of Massachusetts Medical School;

28 and (2) Dr. Anthony Rothschild.

{00173927v1}                                                    1.
Notice Of Ex Parte Application For Commissions Authorizing Depositions In Massachusetts

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This motion is made on the grounds that evidence that is needed by Corcept to identify certain Doe defendants in this action is believed to be available from University of Massachusetts and/or the University of Massachusetts Medical School and Dr. Rothschild, but since those entities and Dr. Rothschild are located in Massachusetts such evidence can only be obtained by issuance of a deposition subpoena or subpoenas in that state.  Under the circumstances, good cause exists for the granting of the requested relief.

This motion is supported by the accompanying Memorandum of Points and Authorities, the declaration Stuart C. Clark, on the pleadings and other documents on file in the action, and on such further evidence and argument as may be permitted at the hearing.

DATE: March 1 , 2006.                    CARR & FERRELL LLP


                                          By:  _____
                                                    Stuart C. Clark

                                          Attorneys for Corcept Therapeutics,
                                          Inc., Joseph Belanoff and Alan
                                          Schatzberg

1

STUART C. CLARK (#124152)
2 JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
3 2200 Geng Road
PALO ALTO CA 94303
4 Telephone: (650) 812-3400

**FILED**

MAR 1 6 2006

KIRI TORRE
Clerk of the Superior Court of Santa Clara
Superior Court of CA, County of Santa Clara
BY _____ DEPUTY

M. TAUTOLO

5

6 Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg

7

8    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       IN AND FOR THE COUNTY OF SANTA CLARA

10

11 CORCEPT THERAPEUTICS,          )   CASE NO.  105CV051322
INC., Corporation, JOSEPH K.     )
12 BELANOFF, an individual,       )
ALAN F. SCHATZBERG, an           )
13 individual,                    )   DECLARATION OF STUART
                                  )   CLARK IN SUPPORT OF
14                                )   EX PARTE APPLICATION FOR
         Plaintiffs,             )   EXTENSION OF TIME TO EFFECT
15                                )   SERVICE OF COMPLAINT
      v.                          )
16                                )
17 DOE 1, an individual, DOE 2,  )    Date: March 16, 2006
an individual, and DOES 3        )    Time:  8.30 a.m.
18 through 20, inclusive,         )    Dept:  2
                                  )    Judge:  Hon. William Elfving
19         Defendants.           )
20 _____)

21    I, the undersigned, STUART CLARK, declare as follows:

22       1.    I am an attorney admitted to practice before all of the courts of the

23 State of California.  I am a member of the firm of Carr & Ferrell LLP, the attorneys

24 of record for plaintiffs Corcept Therapeutics, Inc., Joseph Belanoff and Alan

25 Schatzberg.   The facts set out herein are within my personal knowledge, or are

26 based on documents in my possession and other information to which I have access

27 in the course of my duties.  If called upon to do so I could and would testify to the

28

{00174016v1}                                                           1.
Declaration Of Stuart Clark In Support Of Ex Parte Application For Extension of Time

truth thereof.

2. By order issued on October 26, 2005, the Court granted Corcept leave to commence early discovery. Corcept thereupon served a subpoena on Yahoo, Inc., and through that subpoena obtained the identity of the multiple internet service providers ("ISPs") used by Does 1 and 2 when posting defamatory statements about plaintiffs on the Internet. These Internet Service Providers included Comcast of New Jersey and the wireless network of the Holiday Inn in Pittsburgh.

3. On November 22, 2005 Corcept sought, and was granted, orders from this Court authorizing commissions in Pennsylvania and New Jersey to take the depositions of the Holiday Inn and Comcast with regard to the postings by the Doe defendants. Neither of those discovery efforts resulted in any Doe defendants being identified, however, because: (1) the Holiday Inn network is wireless and allows free access, and allegedly no record is maintained of user identities; and (2) Comcast allegedly does not keep records going back more than 31 days.

4. Plaintiffs also obtained a commission from this Court on December 22, 2005 to take the deposition of Dr. Anthony Rothschild, a faculty member in the Department of Psychiatry and Behavioral Sciences at the University of Massachusetts Medical School in Worcester, Massachusetts, who based on the subject matter of the postings, interest, access to information, and other factors, is suspected of having made the postings under the names "stanfordinsider" and/or "corceptisafraud."

5. At his deposition, which was taken on February 13, 2006, Dr. Rothschild denied any knowledge of the anonymous Internet postings. From the

deposition of Dr. Rothschild  it was determined, however, among other things, that Dr. Rothschild used computers at the University of Massachusetts Medical School to obtain access to the Internet.  It was also determined that the medical school has records of Dr. Rothschild's whereabouts at the times that the anonymous Internet postings at issue in this case were made.   Plaintiffs are accordingly seeking leave to take the deposition(s) of the University of Massachusetts, and/or the University of Massachusetts Medical School, in the expectation of obtaining additional information which will assist in determining whether or not Dr. Rothschild is Doe 1 and/or Doe 2.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this March    , 2006.

_____

STUART CLARK

[00174016v1]

Declaration Of Stuart Clark In Support Of Ex Parte Application For Extension of Time

1-508-856-4854

1  STUART C. CLARK (#124152)
2  JASON T. ANDERSON (#212938)
   CARR & FERRELL LLP
3  2200 Geng Road
4  PALO ALTO CA 94303
   Telephone: (650) 812-3400
5
   Attorneys for Corcept Therapeutics, Inc.,
6  Joseph Belanoff, and Alan Schatzberg



FILED
UCS
MAR 16 2006

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SANTA CLARA

10

11  CORCEPT THERAPEUTICS,          )  CASE NO. 105CV051322
    INC., Corporation, JOSEPH K.   )
12  BELANOFF, an individual,       )
    ALAN F. SCHATZBERG, an         )  MEMORANDUM OF POINTS
13  individual,                    )  AND AUTHORITIES IN SUPPORT
                                   )  OF EX PARTE APPLICATION FOR
14                                 )  COMMISSION TO TAKE
         Plaintiffs,               )  DEPOSITIONS OUT OF STATE
15                                 )
16       v.                        )
                                   )
17  DOE 1, an individual, DOE 2,   )   Date: March 16, 2006
    an individual, and DOES 3      )   Time: 8.30 a.m.
18  through 20, inclusive,         )   Dept: 14
                                   )   Judge: Hon. Derek Woodhouse
19       Defendants.               )
20  _____)

21                 I.    INTRODUCTION

22       By this motion plaintiff Corcept Therapeutics, Inc. ("Corcept") seeks orders

23  under Code of Civil Procedure section 2026.010 for the issuance of commissions
24
    authorizing the depositions in the state of Massachusetts of : (1) the University of
25
26  Massachusetts and/or the University of Massachusetts Medical School; and (2) Dr.

27  Anthony Rothschild.  This motion is made on the grounds that evidence that is

28  needed by Corcept to identify certain Doe defendants in this action is believed to be

    _____ 1.
    {00173945v1}
    Memorandum In Support Of Ex parte Application For Issuance of Commissions

3-16-06

available from University of Massachusetts and/or the University of Massachusetts

Medical School and Dr. Rothschild, but since those entities and Dr. Rothschild are

located in Massachusetts such evidence can only be obtained by issuance of a

deposition subpoena or subpoenas in that state.  Under the circumstances, good

cause exists for the granting of the requested relief.

## II.   FACTS

Corcept is a Menlo Park company that develops drugs for the treatment of

severe psychiatric and neurological diseases.  Complaint, ¶¶ 1, 2.  Plaintiffs Belanoff

and Schatzberg are co-founders of Corcept, and Belanoff is also its CEO.  Defendants

Doe 1 and Doe 2 are persons who have published anonymous defamatory statements

concerning plaintiffs on the Internet, respectively using the Yahoo ID names

"corceptisafraud" and "stanfordinsider."  Id., ¶¶10-21, 22-30.

A.   The University of Massachusetts and/or the University
     of Massachusetts Medical School Are Likely To Have
     Information Relevant To The Claims In This Action

By order issued on October 26, 2005, the Court granted Corcept leave to

commence early discovery. [1]  Corcept thereupon served a subpoena on Yahoo, Inc.,

and through that subpoena obtained the identity of the multiple internet service

providers ("ISPs") used by Does 1 and 2  when posting defamatory statements about

plaintiffs on the Internet.   These Internet Service Providers included Comcast of

New Jersey and the wireless network of the Holiday Inn in Pittsburgh.

On November 22, 2005 Corcept sought, and was granted, orders from this

---

[1].   Declaration of Stuart Clark dated March 5, 2006, ¶2.  Unless otherwise indicated, all other
       facts in this Part II are also based on that declaration, and the allegations of the complaint.

{00173945v1}                                                                                    2.

Memorandum In Support Of Ex parte Application For Issuance of Commissions

Court authorizing commissions in Pennsylvania and New Jersey to take the depositions of the Holiday Inn and Comcast with regard to the postings by the defendants. Neither of those discovery efforts resulted in any Doe defendants being identified, however, because: (1) the Holiday Inn network is wireless and allows free access, and allegedly no record is maintained of user identities; and (2) Comcast allegedly does not keep records going back more than 31 days.

Based on the subject matter, interest, access to information, and other factors, plaintiffs have for some time suspected that the postings under the names "stanfordinsider" and/or "corceptisafraud" were made by Anthony J. Rothschild, MD, a faculty member in the Department of Psychiatry and Behavioral Sciences at the University of Massachusetts Medical School in Worcester, Massachusetts. Plaintiffs accordingly obtained a commission from this Court on December 22, 2005 to take the deposition of Dr. Rothschild. That deposition was taken on February 13, 2006.

At his deposition Dr. Rothschild denied any knowledge of the anonymous Internet postings. From the deposition of Dr. Rothschild it was determined, however, among other things, that Dr. Rothschild used computers at the University of Massachusetts Medical School to obtain access to the Internet. It was also determined that the medical school has records of Dr. Rothschild's whereabouts at the times that the anonymous Internet postings at issue in this case were made. By taking the deposition(s) of the University of Massachusetts, and/or the University of Massachusetts Medical School, plaintiffs expect to be able to obtain additional information which will assist in determining whether or not Dr. Rothschild is Doe 1 and/or Doe 2.

Depending on the nature of the information obtained from the University of Massachusetts, and/or the University of Massachusetts Medical School, it may be necessary to take the further deposition of Dr. Rothschild. In addition, it seems likely that it will be necessary to require Dr. Rothschild to produce additional documents identified at his deposition, or which need to be investigated in light of testimony given by Dr. Rothschild at the deposition.

By this motion, Corcept seeks the issuance of a Commission permitting the depositions in Massachusetts of the University of Massachusetts, and/or the University of Massachusetts Medical School, and the further deposition of Dr. Rothschild.

B.    The Underlying Action Is Based On Defamatory
        Postings On Yahoo Message Boards On The Internet

The statements of Doe 1 which plaintiffs allege to be defamatory include postings on March 17, 2005, March 18, 2005 and July 24, 2005 on the Yahoo Message Board portion of the Internet under the Yahoo ID name "corceptisafraud." On March 17, 2005, Doe 1 also published further false and defamatory statements on a Yahoo Message Board under the same Yahoo ID name, including the following:

(a)    that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;"

(b)    that "Corcept knows all of this," including that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;" and,

(c)    that "Belanoff [and] Schatzberg . . . and other insiders are selling despite the stock selling at record lows. They know the drug does not work and will

1    never be proven to work."

2

3    Doe 2 has similarly published statements on the Internet which plaintiffs

4    allege to be defamatory.  On or about August 23, 2005, Doe 2 published the following

5    statement on a Yahoo Message Board:

6    > I agree with Shockman.  The insiders in Corcept know the data,
7    > have seen the data.  The CEO is a psychiatrist.  He has been
     > selling shares as fast as he can.  The CEO and the company
8    > create press releases to raise the price of the stock and then sell
     > on the news.  It strikes me as fraudulent.
9

10   Plaintiffs allege that the above described statements are false, that the

11   statements constitute libel per se, and that they have been damaged as a result of

12   the publication thereof.

13                        III.    ARGUMENT

14

15   Code of Civil Procedure section 2026.010(f) requires the Clerk of the Court to

16   "issue a commission authorizing the deposition in another state or place . . . without

17   a noticed motion or court order."  That section also authorizes the Court to issue a

18   commission by ex parte application, where this is required by the foreign

19   jurisdiction.  Authorization of a commission should be granted "when necessary or

20   convenient."  Weil & Brown, California Civil Procedure Before Trial, §8:640 (TRG

21   2005).  "Such appointment effectively authorizes [the person named in the order] to

22   take testimony for use in the California action."  Id.

23

24   Here Corcept cannot ascertain the identity of the Doe defendants without

25   initiating discovery by deposition subpoena to parties that are likely to have

26   information with regard to the identity and location of Does 1 and 2.  Having been

27   unsuccessful in efforts to obtain identifying information from the Holiday Inn (based

28

in Pittsburgh, PA) and Comcast (based in Mount Laurel, New Jersey), and Dr. Rothschild, plaintiffs seek to take the deposition of the University of Massachusetts, and/or the University of Massachusetts Medical School, and to require production of documents, to obtain further information which will indicate whether or not Dr. Rothschild had any involvement in the anonymous postings on the Internet.

Corcept also seeks a commission permitting a further deposition subpoena to be issued to Dr. Rothschild to require the production of documents, and perhaps also his further deposition testimony (if this appears necessary based on additional documents produced, and the deposition testimony of the University of Massachusetts, and/or the University of Massachusetts Medical School ).

Under the circumstances, good cause exists to authorize a commission in Massachusetts to take the deposition(s) of the University of Massachusetts, and/or the University of Massachusetts Medical School, and also for a further deposition subpoena to be issued against Dr. Rothschild's for the production of documents and, possibly, for further testimony.  Corcept respectfully requests that such commission(s) should be authorized.

IV.    CONCLUSION

For the above reasons, good cause therefore exists to issue commissions authorizing the taking of the deposition(s) in Massachusetts of the University of Massachusetts, and/or the University of Massachusetts Medical School, and also for a further deposition subpoena to be issued against Dr. Rothschild's for the production of documents and, possibly, for further testimony of Dr. Rothschild. Corcept accordingly requests that such authorization should be granted, and that

Memorandum In Support Of Ex parte Application For Issuance of Commissions

commissions be issued with respect to of the University of Massachusetts, and/or the

University of Massachusetts Medical School, and also with respect to Dr. Rothschild.

DATE: March   , 2006.                    CARR & FERRELL LLP

 

By:      _____
              Stuart C. Clark

**Attorneys for Corcept Therapeutics,
Inc., Joseph Belanoff and Alan
Schatzberg**

STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400

Attorneys for Corcept Therapeutics, Inc.,
Joseph Belanoff, and Alan Schatzberg

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual, | ) ) ) ) ) | CASE NO. 105CV051322 |
| Plaintiffs, | ) ) ) | NOTICE OF APPLICATION AND EX PARTE APPLICATION FOR EXTENSION OF TIME TO EFFECT SERVICE OF COMPLAINT |
| v. | ) ) ) | |
| DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive, | ) ) ) ) | Date:  March 16, 2006 Time:  8.30 a.m. Dept:  2 Judge: Hon. William Elfving |
| Defendants. | ) ) | |

PLEASE TAKE NOTICE that on March 16, 2006, at 8:30 a.m. or as soon

thereafter as the matter may be heard, and in Department 2 of the above-mentioned

Court, Corcept Therapeutics, Inc. ("Corcept"), Joe Belanoff and Alan Schatzberg

("plaintiffs") will move for an order: (1) extending the time within which to effect

service of the summons and complaint on Does 1 and 2, under Government Code

section 68616(a); and (2) taking off calendar the April 13, 2006 hearing on the order

to show cause for sanctions/dismissal for alleged violation of Rule 201.7, and

scheduling a Case Management Conference.

This motion is made on the grounds that: (1) good cause exists to extend the time to effect service, because despite diligent discovery plaintiffs have been unable to identify Does 1 and 2 and to effect service on them; and (2) if an extension of time for service is granted, the April 13, 2006 hearing on the order to show cause is rendered moot, and should be taken off calendar, and a further Case Management Conference should be scheduled.

This motion is supported by the accompanying Memorandum of Points and Authorities, the declaration Stuart C. Clark, on the pleadings and other documents on file in the action, and on such further evidence and argument as may be permitted at the hearing.

DATE: March ___, 2006.                    CARR & FERRELL LLP

                                          By: _____
                                               Stuart C. Clark

                                          Attorneys for Corcept Therapeutics,
                                          Inc., Joseph Belanoff and Alan
                                          Schatzberg

FEB.23.2006   9:50AM   C   : & FERRELL LLP                    NO.761   P.2

                                                                              CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stuart C. Clark (SBN 124152)<br>Jason T. Anderson (SBN 212938)<br>CARR & FERRELL LLP<br>2200 Geng Road<br>Palo Alto, CA  94303<br>TELEPHONE NO.: (650) 812-3400   FAX NO. *(Optional):* (650) 812-3444<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: CORCEPT THERAPEUTICS, INC., et al.

DEFENDANT/RESPONDENT: Doe 1, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [X] UNLIMITED CASE   [ ] LIMITED CASE<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | 105CV051322 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 7, 2006        Time: 3:00 p.m.   Dept.: 2        Div.:        Room:

Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** *(answer one):*
    a.  [X]  This statement is submitted by party *(name):* Plaintiff Corcept Therapeutics, Inc.
    b.  [ ]  This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):* October 25, 2005
    b.  [ ]  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  [ ]  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  [X]  The following parties named in the complaint or cross-complaint
        (1)  [X]  have not been served *(specify names and explain why not):* Does 1 and 2.  Identity of
             Does not yet determined through discovery.
        (2)  [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
        (3)  [ ]  have had a default entered against them *(specify names):*

                                                                          BY FAX

    c.  [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which
             they may be served):*

4.  **Description of case**
    a.  Type of case in  [X] complaint   [ ] cross-complaint     *(describe, including causes of action):*
        Defamation claim based on anonymous postings on an Internet web site.

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2006]   **CASE MANAGEMENT STATEMENT**   Legal<br>Solutions<br>& Plus     Page 1 of 4<br>Cal. Rules of Court,<br>rule 212

10722518.tif - 2/23/2006 9:50:59 AM

FEB.23.2006   9:50AM   C   . & FERRELL LLP   NO.761   P.3

| PLAINTIFF/PETITIONER: CORCEPT THERAPEUTICS, INC., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:Doe 1, et al. | 105CV051322 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings.  If equitable relief is sought, describe the nature of the relief.)*
Defendants posted defamatory statements on a Yahoo message board, resulting in damages according to proof.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  Jury or nonjury trial
The party or parties request  ☒ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  Trial date
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
July 31, 2006 to August 18, 2006 (trial); September 11, 2006 to September 22, 2006 (vacation).

7.  Estimated length of trial
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 1 to 2 days
b.  ☐  hours (short causes) *(specify):*

8.  Trial representation *(to be answered for each party)*
The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption  ☐  by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  Preference
☐  This case is entitled to preference *(specify code section):*

10.  Alternative Dispute Resolution (ADR)
a.  Counsel  ☒  has  ☐  has not   provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*