Oct 25 2005 12:55PM   HP LASERJET FAX                                    P.2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STUART C. CLARK (SBN 124152)<br>JASON T. ANDERSON (SBN 212938)<br>CARR & FERRELL LLP<br>2200 Geng Road<br>Palo Alto, CA  94303<br>TELEPHONE NO.: (650) 812-3400   FAX NO.: (650) 812-3444<br>ATTORNEY FOR *(Name)*: Plaintiff | 2005 OCT 25 PM 2: 28<br><br>DeHerrera |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME:

CASE NAME: CORCEPT THERAPEUTICS, INC., et al. v. DOE 1, et al

CASE NUMBER: 105CV051322

| CIVIL CASE COVER SHEET | Complex Case Designation |
|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) |

JUDGE:
DEPT:

*All five (5) items below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[X] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is   [X] is not   complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
f. [ ] Substantial post-judgment judicial supervision

**3.** Type of remedies sought *(check all that apply)*:
a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

**4.** Number of causes of action *(specify)*: Two: Defamation (Doe 1) and Defamation (Doe 2)

**5.** This case [ ] is   [X] is not   a class action suit.

Date: October 25, 2005

STUART C. CLARK
(TYPE OR PRINT NAME)

CARR & FERRELL LLP
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.)  Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]
CIVIL CASE COVER SHEET
Legal Solutions Plus
Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

10718087.tif - 10/25/2005 12:09.16 PM

# CIVIL LAWSUIT NOTICE

CASE NUMBER: 105CV051322

**Superior Court of California, County of Santa Clara**
191 N. First St., San Jose, CA 95113

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANTS* (the person(s) being sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
* Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: __William Elfving__ DEPT: _2_

The first CMC is scheduled as follows: (Completed by Clerk of Court)
Date: **MAR 0 7 2006** 3:00pm Time: _____ Dept.: _2_

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
Date: _____ Time: _____ Dept.: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x 2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 1/01/04

CIVIL LAWSUIT NOTICE

1   STUART C. CLARK (SBN 124152)
    clark@carrferrell.com
2   CHRISTINE S. WATSON (SBN 218006)
    cwatson@carrferrell.com
3   CARR & FERRELL *LLP*
    2200 Geng Road
4   Palo Alto, California 94303
    Telephone: (650) 812-3400
5   Facsimile:  (650) 812-3444

6   Attorneys for Plaintiffs
    CORCEPT THERAPEUTICS, INC., JOSEPH
7   K. BELANOFF, and ALAN F. SCHATZBERG

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF SANTA CLARA

11

12   CORCEPT THERAPEUTICS, INC.,            CASE NO. 1-05-CV-051322
     Corporation, JOSEPH K. BELANOFF,
13   an individual, ALAN F. SCHATZBERG,
     an individual,
14                                          PLAINTIFFS' MEMORANDUM
                      Plaintiffs,           SHOWING CAUSE WHY ACTION
15                                          SHOULD NOT BE DISMISSED
          v.
16                                          Date:    July 12, 2007
     DOE 1, an individual, DOE 2, an individual,   Time:    10.02 a.m.
17   and DOES 3 through 20, inclusive,      Court:   Department 2
                                            Judge:   Hon. William Elfving
18                    Defendants.

19

20                       I.    INTRODUCTION

21           By this memorandum plaintiffs Corcept Therapeutics, Inc. ("Corcept"), Joe Belanoff and

22   Alan Schatzberg ("plaintiffs") hereby show cause – in response to the notice dated March 8, 2006

23   entitled "Notice Re: Sanctions/Dismissal Pursuant to CRC 201.7" – why the action should not be

24   dismissed for alleged failure to serve the complaint.  The ground upon which plaintiffs base their

25   contentions is that the complaint has now been served, within the extended time permitted by the

26   Court.  Consequently, dismissal or any other sanction is inappropriate.

27           Under the circumstances, and given also that a response to the complaint is due no later than

28   July 25, 2007, plaintiffs respectfully request that the hearing on the order to show cause should be

1  taken off calendar, and that a Case Management Conference should be scheduled for sometime in

2  November, 2007.

3  <center>**II.     FACTS**</center>

4      Corcept is a Menlo Park company that develops drugs for the treatment of severe psychiatric

5  and neurological diseases. First Amended Complaint, ¶¶ 1, 2. Plaintiffs Belanoff and Schatzberg

6  are co-founders of Corcept, and Belanoff is also its CEO.

7

8      **A.    Plaintiffs Recently Filed An Amended Complaint Naming
   Anthony Rothschild As Defendants Does 1 And 2**

9      While the original complaint named only Doe defendants, the First Amended Complaint

10  ("FAC") substitutes Anthony Rothschild ("Rothschild") for both defendants Doe 1 and Doe 2.

11  Plaintiffs were able to name Rothschild as defendants Doe 1 and Doe 2 following extensive

12  discovery and investigation aimed at locating the persons named as Does 1 and 2. The amended

13  complaint was filed on June 21, 2007 and served on Rothschild on June 25, 2007. The Proof of

14  Service has been filed with the Court.

15      The First Amended Complaint initially asserts two causes of action for defamation, based on

16  the publication of anonymous defamatory statements concerning plaintiffs on a Yahoo! message

17  board on the Internet, respectively using the Yahoo! ID names "corceptisafraud" and

18  "stanfordinsider." FAC, ¶¶ 16-21, 23-28. The amended complaint also asserts causes of action for

19  intentional infliction of emotional distress and interference with prospective business advantage.

20  *Id.*, ¶¶ 30-35, 37-42.

21

22      **B.    The Amended Complaint Was Served Within
   The Extended Time Permitted By The Court**

23      By notice dated March 8, 2006, entitled "Notice Re: Sanctions/Dismissal Pursuant to CRC

24  201.7", the court clerk ordered counsel for plaintiffs to appear on April 13, 2006 and show cause

25  why sanctions should not be imposed or the action should not be dismissed for alleged failure to

26  serve the summons and complaint as required by CRC 201.7. In response to that notice, plaintiffs

27  moved by ex parte application filed on March 16, 2006 for an order: (1) extending the time to effect

28  service, based on ongoing discovery aimed at ascertaining the identities of Does 1 and 2; (2) taking

1  off calendar the hearing on the order to show cause; and (3) scheduling a Case Management

2  Conference.[1]  The Court (Hon. William Elfving) declined to grant the relief described in (2) and (3)

3  above, but issued an order extending the date for service until August 31, 2006, and postponing the

4  hearing on the order to show cause until September 14, 2006.[2]

5       Because plaintiffs had not by then gathered sufficient evidence to name Rothschild as a

6  defendant, on August 11, 2006 and December 15, 2006, respectively, plaintiffs again moved by ex

7  parte applications for orders: (1) extending the time to effect service, based on ongoing discovery

8  aimed at ascertaining the identities of Does 1 and 2; and (2) postponing the hearing on the order to

9  show cause.  Judge Elfving granted those applications, thereby extending the time for service until

10  December 28, 2006 and thereafter to June 30, 2007 respectively, and postponing the hearing on the

11  order to show cause to January 11, 2007 and then July 12, 2007 respectively.[3]

12       Based on the various extensions of time, service was therefore required to be effected by

13  June 30, 2007.  As is noted above, service was actually effected on June 25, 2007.  Rothschild's

14  response is accordingly due no later than July 25, 2007.

15                        **III.    ARGUMENT**

16       The express basis upon which sanctions or dismissal are contemplated in the notice

17  scheduling the hearing on the order to show cause is the alleged untimely service of the summons

18  and complaint.  However, the summons and complaint were indisputably served before the

19  extended service deadline of June 30, 2007.  There is therefore no factual nor legal basis for the

20  imposition of sanctions or the dismissal of the action.  Accordingly, the hearing on the order to

21  show cause should be taken off calendar, and a Case Management Conference should be scheduled.

22  Given that Rothschild's response is not due until July 25, 2007, plaintiffs respectfully suggest that

23  the case management conference should be scheduled for November, 2007, i.e. about 120 days after

24  the response date.

25

26  _____

27  [1].    Notice of Application filed March 16, 2003.

28  [2].    Order dated and filed March 16, 2006.
   [3]    Orders dated and filed August 11, 2006 and December 15, 2007.

1

## IV.   CONCLUSION

2        Because service has been effected within the extended time limit allowed by the Court,

3 sanctions and/or dismissal may not be ordered.  Thus, the hearing on the order to show cause should

4 be vacated, and a Case Management Conference should be scheduled for November, 2007.

5 Plaintiffs respectfully requests that the Court should so order.

6 Dated: July ⟨5⟩, 2007                          CARR & FERRELL *LLP*

7

8                                          By: _____

9                                               STUART C. CLARK
                                               CHRISTINE S. WATSON

10                                             Attorneys for Plaintiffs
                                               CORCEPT THERAPEUTICS, INC., JOSEPH K.
11                                             BELANOFF and ALAN F. SCHATZBERG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  CASE NAME: *Corcept Therapeutics, Inc. v. Doe*          CASE NO. 1-05-CV-051322

2                              PROOF OF SERVICE

3          I am a citizen of the United States. My business address is 2200 Geng Road, Palo Alto,

4  California 94303.  I am employed in the county of Santa Clara where this service occurs.  I am over

   the age of 18 years and not a party to the within cause.  I am readily familiar with my employer's

5  normal business practice for collection and processing of correspondence for mailing with the U.S.

6  Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the

   same day as the day of collection in the ordinary course of business.

7

8          On the date set forth below, following ordinary business practice, I served a true copy of the

   foregoing document(s) described as PLAINTIFFS' MEMORANDUM SHOWING CAUSE WHY

9  ACTION SHOULD NOT BE DISMISSED

10    ☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
            placed in the United States mail at Palo Alto, California.

11

    Anthony J. Rothschild, M.D.                    Harold W. Potter, Jr.
12  University of Massachusetts Medical School     Holland & Knight LLP
    Department of Psychiatry                       10 St. James Avenue
13  361 Plantation Street                          Boston, MA  02116-3889
    Worcester, MA  01605-2323
14

15    ☒    *(State)*  I declare under penalty of perjury under the laws of the State of California
            that the above is true and correct.

16
            Executed on July 5, 2007 at Palo Alto, California.

17

18

19                                                     Matthew Peterson

20

21

22

23

24

25

26

27

28

1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone: (650) 812-3400
5  Facsimile:  (650) 812-3444

6  Attorneys for Plaintiffs
   CORCEPT THERAPEUTICS, INC., JOSEPH
7  K. BELANOFF and ALAN F. SCHATZBERG

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SANTA CLARA

11

12 CORCEPT THERAPEUTICS, INC.,              CASE NO. 1-05-CV-051322
   Corporation, JOSEPH K. BELANOFF,
13 an individual, ALAN F. SCHATZBERG,
   an individual,                           FIRST AMENDED COMPLAINT
14                                           FOR DEFAMATION, INFLICTION OF
                                             EMOTIONAL DISTRESS, AND
15              Plaintiffs,                   INTERFERENCE WITH PROSPECTIVE
                                             ECONOMIC RELATIONS
16      v.

17 DOE 1, an individual, DOE 2, an individual,
   and DOES 3 through 20, inclusive,
18
                Defendants.
19

20                    I.    INTRODUCTION

21      1.      Plaintiff Corcept Therapeutics, Inc. ("Corcept") is a Menlo Park company that

22 develops drugs for the treatment of severe psychiatric and metabolic diseases.  Plaintiffs Belanoff

23 and Schatzberg are co-founders of Corcept, and Belanoff is also the CEO of Corcept.  Defendant

24 Anthony Rothschild and DOES 3 through 20, inclusive, are persons and/or business entities who

25 have published defamatory statements concerning plaintiffs on the Internet, and/or have engaged in

26 other conduct harmful to plaintiffs.  As a result of such defamatory publications, and the other

27 conduct harmful to plaintiffs that is alleged below, plaintiffs have been damaged.  By this action,

28 plaintiffs seek relief in the form of compensation for the injury and damage caused by defendants'

ENDORSED

2007 JUN 21  P 12: 37

A. FLORESCA

1  conduct, and punitive damages, as well as interest and costs and such other relief as may be

2  appropriate.

3                          II.      PARTIES

4       2.      Corcept is a Delaware corporation that has its principal place of business in Menlo

5  Park, California.  Corcept develops drugs for the treatment of severe psychiatric and metabolic

6  diseases.

7       3.      Plaintiff Joseph K. Belanoff ("Belanoff") is an individual who is a co-founder,

8  Director and the CEO of Corcept.  Belanoff lives and works in San Mateo County.

9       4.      Plaintiff Alan F. Schatzberg ("Schatzberg") is an individual who is a co-founder of

10  Corcept.  Schatzberg lives and works in Santa Clara County.

11      5.      Plaintiffs are informed and believe, and thereon allege, that defendant Anthony

12  Rothschild ("Rothschild") is an individual who is a professor of psychiatry at the University of

13  Massachusetts Medical School.  Rothschild lives and works in Massachusetts.

14      6.      Rothschild is the person previously named in this action as defendant Doe 1, namely

15  the individual who posts messages on the Internet under the name of "corceptisafraud."  Plaintiffs

16  by this amended complaint substitute Rothschild for Doe 1.

17      7.      Rothschild is also the person previously named in this action as defendant Doe 2,

18  namely the individual who posts messages on the Internet under the name of "stanfordinsider."

19  Plaintiffs by this amended complaint substitute Rothschild for Doe 2.

20      8.      Plaintiffs are ignorant of the true names or capacities of Does 3 through 20 inclusive,

21  individual and business entity defendants sued herein under fictitious names.  Plaintiffs will amend

22  this complaint to allege the true names and capacities of the Does 3 through 20 when ascertained.

23  Each of such defendants is in some way responsible for the wrongful acts complained of below.

24                          III.      GENERAL ALLEGATIONS

25      9.      Corcept is an early stage company.  Its primary activities since incorporating include

26  conducting research and development, business and financial planning, raising capital, and

27  overseeing clinical trials.   The company's lead product is CORLUX®, targeted for the treatment of

28  the psychotic features of psychotic major depression.  The United States Food and Drug

1  Administration has granted "fast track" status to the development program which is evaluating the

2  safety and efficacy of CORLUX for the treatment of psychotic features of psychotic major

3  depression because of the severity of the illness and because no other drugs have been approved for

4  it.

5      10.    Corcept's shares are actively traded, and the average daily number of shares traded

6  has historically been in the region of 50,000.   The price of Corcept's shares, and therefore

7  Corcept's market capitalization, has from time to time been depressed by the publication of

8  defamatory statements by defendants.

9      11.    On information and belief, Rothschild registered the log in name "corceptisafraud"

10  with Yahoo!, Inc. on or about March 17, 2005, at which time he falsely represented to Yahoo!, Inc.

11  that his full name was "Mr. Alan Schatzberg" of Los Angeles, and that his alternate email address

12  was "corcept@hotmail.com."

13      12.    On information and belief, Rothschild registered the log in name "stanfordinsider"

14  with Yahoo!, Inc. on or about August 23, 2005, at which time he falsely represented to Yahoo!, Inc.

15  that his full name was "Ms. Melissa Schatzberg" of New York (which is the name of Schatzberg's

16  daughter), and that his alternate email address was corcepttherapeautics@hotmail.com.

17      13.    On information and belief, Rothschild registered the email address

18  "corcept@hotmail.com" with Microsoft/Hotmail on or about March 17, 2005, at which time he

19  falsely represented to Microsoft/Hotmail that his name was "Alan Schatzberg" of California.

20      14.    On information and belief, Rothschild registered the email address

21  "corcepttherapeutics@hotmail.com" with Microsoft/Hotmail on or about August 24, 2005, at which

22  time he falsely represented to Microsoft/Hotmail that his name was "Joe Belanoff" of New York.

23
24              IV.    FIRST CAUSE OF ACTION
                       (Defamation - Rothschild)

25      15.    Plaintiffs repeat the allegations of paragraphs 1 through 14, above, as if specifically

26  set out herein.

27      16.    On a number of occasions, including but not limited to March 17, 2005, March 18,

28  2005 and July 24, 2005, Rothschild published messages on the Yahoo Message Board portion of

1 the Internet under the Yahoo ID name "corceptisafraud." These statements include the following:

       (a)  On March 17, 2005, Defendant Rothschild published the statement that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;"

       (b)  On March 17, 2005, Defendant Rothschild also stated that "Corcept knows all of this," namely that "there is no scientific evidence that [Corcept's] drug, RU-486, works for psychotic depression or anything else for that matter;" and,

       (c)  On March 17, 2005, Defendant Rothschild further stated that "Belanoff [and] Schatzberg . . . and other insiders are selling despite the stock selling at record lows. They know the drug does not work and will never be proven to work."

17. The statements described in the preceding paragraph are false, and were false when made.

18. The statements described in paragraph 16, above, were known by Rothschild to be false when made.

19. The statements described in paragraph 16, above, constitute libel per se, because those statements accuse Corcept and Belanoff and Schatzberg of the crime of fraud and impute conduct with reference to Corcept's business which has a natural tendency to injure its business reputation.

20. As a result of the publication of the statements referred to in paragraph 16 above, Corcept and Belanoff and Schatzberg have sustained injury and damage, in California, in an amount according to proof at trial.

21. In publishing the statements described in paragraph 16, above, Rothschild acted willfully, maliciously, oppressively, despicably, and in callous disregard of the rights and interests of Corcept and Belanoff and Schatzberg, thereby entitling Corcept and Belanoff and Schatzberg to exemplary and punitive damages in amounts according to proof at trial.

WHEREFORE, Corcept and Belanoff and Schatzberg pray for judgment as set out in the Prayer, below.

1

2

V.   SECOND CAUSE OF ACTION
(Defamation – Rothschild)

3      22.   Plaintiffs repeat the allegations of paragraphs 1 through 14, above, as if specifically

4   set out herein.

5      23.   Rothschild has also published further statements on the Yahoo Message Board

6   portion of the Internet, under the Yahoo ID name "stanfordinsider," including but not limited to the

7   following:

8           (a)   On August 23, 2005, Rothschild published the following statement on the

9                 Yahoo Message Board portion of the Internet:

10                I agree with Shockman. The insiders in Corcept know the data,
                  have seen the data. The CEO is a psychiatrist. He has been
11                selling shares as fast as he can. The CEO and the company
                  create press releases to raise the price of the stock and then sell
12                on the news. It strikes me as fraudulent.

13          (b)   On October 17, 2005, Rothschild published a further statement on the Yahoo

14                Message Board portion of the Internet, parts of which read as follows:

15

16                . . . The word here at Stanford in that the Dean of the medical
                  school has hired an outside expert panel to review Schatzberg's
17                use of his Psychiatry Chair position to promote Corcept's drug.
                  My guess is the SEC will son follow. Most of the Psychiatric
18                community believes the drug doesn't work and is not practical;
                  it is unlikely the FDA will ever approve it. The Corcept
19                founders realize this and . . . have been selling since the IPO
                  (or having their proxy friends and family selling).

20
            (c)   October 28, 2005, Rothschild published yet another statement on the Yahoo
21
                  Message Board portion of the Internet with regard to clinical trials being
22
                  conducted by Corcept, parts of which read as follows:
23
                  . . . 4 cardiac related deaths in trial. Believed to be secondary
24                to rise in cortisol in periphery after blockade of central cortisol
                  receptor. . . .
25

26     24.   The statements in the preceding paragraph are false in all of the following respects:

27          (a)   Corcept's CEO, Belanoff, was not "selling his shares as fast as he can;"

28          (b)   Belanoff and Corcept did not "create press releases to raise the price of the

stock and then sell on the news;"

(c)   Belanoff and Corcept were not and are not guilty of engaging in fraudulent conduct;

(d)   Schatzberg did not "use his Psychiatry Chair position to promote Corcept's drug," and there is no review directed specifically at such non existent activity;

(e)   An outside expert panel was not hired specifically to review Schatzberg's use of his Psychiatry Chair position to promote Corcept's drug;

(f)   it is not true that RU-486 doesn't work and is not practical; and that it is unlikely the FDA will ever approve it, and it is further not true that Belanoff and Schatzberg as founders of Corcept ever "realized" or believed such allegations to be true;

(g)   there were not four cardiac related deaths related to the study drug in the "06" clinical trial conducted by Corcept with regard to the CORLUX product.

25.   All of the false statements described in paragraph 24, above, were known by Rothschild to be false when made.

26.   All of the false statements described in paragraph 24, above, constitute libel per se, because they accuse plaintiffs of a crime, and/or other immoral and improper conduct, and/or impute conduct with reference to Corcept's business which has a natural tendency to injure its business reputation.

27.   As a result of the publication of the statements referred to in paragraph 24, above, Corcept and Belanoff and Schatzberg have sustained injury and damage, in California, in an amount according to proof at trial.

28.   In publishing the statements described in paragraph 24, above, Rothschild acted willfully, maliciously, oppressively, despicably, and in callous disregard of the rights and interests of Corcept and Belanoff and Schatzberg, thereby entitling Corcept and Belanoff and Schatzberg to exemplary and punitive damages in an amount according to proof at trial.

WHEREFORE, Corcept and Belanoff and Schatzberg pray for judgment as set out in the Prayer, below.

## VI.   THIRD CAUSE OF ACTION
(Intentional Infliction Of Emotional Distress - Rothschild)

29.     Plaintiffs repeat the allegations of paragraphs 1 through 14, 16, 17, 23, and 24, above, as if specifically set out herein.

30.     Rothschild has since during or about November, 2002 pursued a calculated strategy to inflict emotional distress on Belanoff and Schatzberg by, among other things, engaging in the following conduct:

(a)   On or about November 15, 2002, Rothschild called the Hilton Hotel in New York City (where Schatzberg was registered as a guest), claiming to be Dean Pizzo, Dean of the Stanford Medical School, and left a message asking Schatzberg to call Pizzo to discuss conflict of interest allegations with respect to Corcept.  Schatzberg called Pizzo only to find that the message was a hoax.

(b)   At approximately 11.45 p.m. on May 27, 2003, on arrival at his hotel in Boca Raton, Belanoff was given a message by the hotel staff to call his wife (a Dr. Blenko) at the hospital in connection with an emergency.  On calling his wife Belanoff discovered that the message, which on information and belief was left by Rothschild, was a hoax.

(c)   On or about September 8, 2003 Rothschild called the office of Dr. Bruce McEwen of Rockefeller University in New York City (where Schatzberg was scheduled to participate in the International Society of Psychoneuroendocrinology meeting), claiming to be Mel Peterson of the New York Times, and left a message asking Schatzberg to call Peterson to discuss conflict of interest allegations with respect to Corcept.  Schatzberg called Peterson only to find that there was no such person as Mel Peterson at the New York Times, and that the message was a hoax;

(d)   On or about October 8, 2003 Rothschild called the Psychiatry Department of the University of Texas Southwestern Medical Center and, pretending to be Schatzberg, informed the department that Schatzberg was cancelling the

presentation of a paper that he was due to deliver the following day.  As a result, when Schatzberg arrived to deliver the paper he discovered that his presentation had been cancelled, as well as his airport pickup and his hotel reservation;

(e)  On October 16, 2003 Rothschild called the Grand Hyatt Hotel in Washington, DC and cancelled the hotel reservation of Corcept employee Chuck DeBattista;

(f)  Also on October 16, 2003 a person claiming to be "Dr. Patel" called Amy Boyle of the SCIREX Corporation, a clinical research organization utilized by Corcept, and inquired about aspects of FDA testing of a Corcept drug, and about alleged conflicts between SCIREX and Corcept.  Later that day the actual Dr. Patel called Boyle, expressing surprise that someone had called pretending to be him, and inquiring whether it was perhaps Rothschild who had called earlier using his name.  On information and belief, it was Rothschild who initially called Boyle pretending to be Dr. Patel; and,

(g)  On September 6, 2005, Rothschild called the Four Seasons Hotel in Boston, Massachusetts and canceled the hotel reservation of Belanoff.  Belanoff was scheduled to give a talk at the Four Seasons Hotel, and that talk had been advertised on Corcept's website; and,

(h)  Publishing the statements described in paragraphs 16 and 23, above.

31.  The conduct described in the preceding paragraph was outrageous, in that it was deliberately calculated to cause, and did in fact cause, anxiety and/or emotional distress and/or insecurity and/or worry and/or humiliation and/or mental anguish to Schatzberg and Belanoff.

32.  In conducting himself in the manner alleged in paragraph 30, above, Rothschild intended to cause emotional distress to Schatzberg and Belanoff, or alternatively Rothschild acted with reckless disregard for the probability that Schatzberg and Belanoff would suffer emotional distress.

33.  As a result of Rothschild's conduct alleged in paragraph 30, above, Schatzberg and Belanoff sustained severe emotional distress.

34. As a result of the conduct of Rothschild alleged in paragraph 30, above, Schatzberg and Belanoff have been damaged in an amount according to proof at trial.

35. In conducting himself in the manner described in the allegations supporting this cause of action, Rothschild acted willfully, maliciously, oppressively, despicably, and in callous disregard of the rights and interests of Belanoff and Schatzberg, thereby entitling Belanoff and Schatzberg to exemplary and punitive damages in an amount according to proof at trial.

WHEREFORE, Schatzberg and Belanoff pray for judgment as set out in the Prayer, below.

## VII. FOURTH CAUSE OF ACTION
(Interference With Prospective Economic Relations - Rothschild)

36. Plaintiffs repeat the allegations of paragraphs 1 through 14, 16, 17, 23, 24, and 30, above, as if specifically set out herein.

37. At all material times, and specifically during the period 2003 through 2005, Corcept:

(a) was in an economic relationship with its shareholders through their shareholdings in Corcept;

(b) was the potential beneficiary of an economic relationship with prospective future shareholders; and,

(c) was in relationships with certain universities, professional societies, and other entities that constituted actual or prospective economic relationships that were advantageous to Corcept.

38. Rothschild knew of the actual and prospective relationships referred to in the preceding paragraph.

39. Rothschild conducted himself in the manner described in paragraphs 16, 23, and 30, above, with the intention of disrupting the relationships described in paragraph 37, above.

40. As a result of Rothschild's conduct alleged in the preceding paragraph, the relationships referred to in paragraph 37, above, have been disrupted.

41. As a further result of the disruption of the relations referred to in the preceding paragraph, Corcept has sustained damages, in California, in an amount according to proof at trial.

42. In conducting himself in the manner described in the allegations supporting this

{00243851v1}

1    cause of action, Rothschild acted willfully, maliciously, oppressively, despicably, and in callous

2    disregard of the rights and interests of Corcept, thereby entitling Corcept to exemplary and punitive

3    damages in an amount according to proof at trial.

4        WHEREFORE, Corcept prays for judgment as set out in the Prayer, below.

5                                 VIII.   PRAYER

6        WHEREFORE, Corcept and Belanoff and Schatzberg pray for judgment as follows:

7        1.      On the First Cause of Action, for defamation, for damages according to proof at

8    trial;

9        2.      On the First Cause of Action, for defamation, for punitive damages according to

10    proof at trial;

11        3.      On the Second Cause of Action, for defamation, for damages according to proof at

12    trial;

13        4.      On the Second Cause of Action, for defamation, for punitive damages according to

14    proof at trial;

15        5.      On the Third Cause of Action, for infliction of emotional distress, for damages

16    according to proof at trial;

17        6.      On the Third Cause of Action, for infliction of emotional distress, for punitive

18    damages according to proof at trial;

19        7.      On the Fourth Cause of Action, for interference with prospective economic relations,

20    for damages according to proof at trial;

21        8.      On the Fourth Cause of Action, for interference with prospective economic relations,

22    for punitive damages according to proof at trial;

23        9.      On all claims for damages, for interest at the rate of 10% per year;

24        10.     For costs of suit; and,

25        11.     For such further or alternative relief as may be appropriate.

26    ////

27    ////

28    ////

{00243851v1}

-10-

First Amended Complaint
(Case No. 1-05-CV-051322)

1    Dated: June 20, 2007

2                                            CARR & FERRELL *LLP*

3                                     By: _____
                                            STUART C. CLARK
4                                           CHRISTINE S. WATSON

5                                           Attorneys for Plaintiffs
                                            CORCEPT THERAPEUTICS, INC., JOSEPH K.
6                                           BELANOFF and ALAN F. SCHATZBERG

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Oct 25 2005 12:56PM  HP LASERJET FAX                                          P.2

# SUMMONS
## (CITACION JUDICIAL)

| | SUM-100 |
|---|---|
| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOB 1, an individual, DOB 2, an individual, and DOES 3 through 20,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CORCEPT THERAPUTICS, INC., Corporation, JOSEPH K.
BELANOFF, an individual, ALAN F. SCHATZBERG, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso)* 105 CV 051322 |
|---|---|
| Superior Court of California County of Santa Clara 191 North First Street, San Jose, California 95113 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stuart C. Clark (SBN 124152); Jason T. Anderson (SBN 212938)
Carr & Ferrell LLP, 2200 Geng Road, Palo Alto, California 94303     Telephone: (650) 812-3400

| DATE: *(Fecha)* OCT 25 2005 | Kiri Torre Chief Executive Officer/Clerk *(Secretario)* Clerk, by J. DeHerrera | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):*
   DOES 1 and 2 (ANTHONY ROTHSCHILD)
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. www.USCourtForms.com |

**SUMMONS**

10718653.13 - 10/25/2005 1:30:30 PM

OCT-2-2005(TUE) 03:32   Legal One              (FAX)1 408 000 0000.      P. 005/008

# CIVIL LAWSUIT NOTICE

**ATTACHMENT A**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **105CV051322**

## READ THIS ENTIRE FORM.

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**DEFENDANTS** (the person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint,* in the clerk's office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning:** If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2925), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 39 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **WILLIAM ELFVING**                          **DEPT: 2**

The first CMC is scheduled as follows: (Completed by Clerk of Court)
     Date: **MAR 0 7 2006**   Time: 3:00PM   Dept: 2

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
     Date:                 Time:             Dept:

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 12/01/04                          CIVIL LAWSUIT NOTICE

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interest of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

## What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among other forms.

## What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

## What are the main forms of ADR offered by the Court?

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

Mediation may be appropriate when
< The parties want a nonadversary procedure
< The parties have a continuing business or personal relationship
< Communication problems are interfering with a resolution
< There is an emotional element involved
< The parties are interested in an injunction, consent decree, or other form of equitable relief

Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrators decision and request a trial.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, is desired
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. This neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Special masters and referees are neutral parties who may be appointed by the court to obtain information, or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; divorce; custody, and other family matters; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

**Contacts**
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

*Revised 12/7/02*

**Corcept Therapeutics, Inc., et al. v. Doe 1, et al.**
USDC, Northern District of California, County of Santa Clara (San Jose)
Case No. _____

PROOF OF SERVICE

State of California      )
                         ) ss.
County of Los Angeles    )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 633 W. 5th St., Suite 2100, Los Angeles, California  90071.

On **July 23, 2007,** I served the document described as **NOTICE OF REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA UNDER 28 U.S.C. § 1441(B) (DIVERSITY)** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

> **Stuart C. Clark**
> **Christine S. Watson**
> **Carr & Ferrell LLP**
> **2200 Geng Road**
> **Palo Alto, CA  94303**
> **clark@carrferrell.com**
> **cwatson@carrferrell.com**
> **(650) 812-3400**
> **(650) 812-3444 - Fax**

**X**      **By Mail**

Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

(Federal)      I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **July 23, 2007,** at Los Angeles, California.

_____
Gloria Hoshiko