1  Robert A. Bleicher (SBN 111334)
   HOLLAND & KNIGHT LLP
2  50 California Street, 28th Floor
   San Francisco, California 94111
3  Telephone: (415) 743-6900
   Facsimile: (415) 743-6910
4
5  Shelley G. Hurwitz (SBN 217566)
   HOLLAND & KNIGHT LLP
6  633 W. Fifth Street, 21st Floor
   Los Angeles, California 90071
7  Telephone: (213) 896-2400
   Facsimile: (213) 896-2450
8
   Attorneys for Defendant
9  Anthony Rothschild

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  CORCEPT THERAPEUTICS, INC.,          Case No.: C 07-03795 JW
    Corporation, JOSEPH K. BELANOFF, an
15  individual, ALAN F. SCHATZBERG, an
    individual,                          DEFENDANT DR. ANTHONY
16                                       ROTHSCHILD'S MEMORANDUM OF
                                         POINTS AND AUTHORITIES IN
17              Plaintiffs,              SUPPORT OF MOTION TO DISMISS
                                         FOR IMPROPER VENUE, OR IN THE
18       v.                              ALTERNATIVE TO TRANSFER FOR
                                         IMPROPER VENUE (28 U.S.C. §1406(a));
19  ANTHONY ROTHSCHILD, DOE 1, an        OR IN THE ALTERNATIVE TO
    individual, DOE 2, an individual, and TRANSFER FOR CONVENIENCE (28
20  DOES 3 through 20, inclusive,        U.S.C. §1404(a)
21              Defendants.
                                         [Filed concurrently with Notice of Motion,
22                                       Declaration of Dr. Anthony Rothschild,
                                         MD., Notice Of Motion And Motion To
23                                       Dismiss For Lack of Personal Jurisdiction,
                                         Non-Federal Authorities]
24
                                         Date:        September 17, 2007
25                                       Time:        9:00 am
                                         Courtroom:   8
26                                       Judge:       Hon. James Ware
27

28

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................1

II.    FACTUAL SUMMARY ........................................................................................2

    A.    The Parties. ..............................................................................................2

    B.    Facts Giving Rise To This Action. ..........................................................3

III.   CALIFORNIA IS NOT THE PROPER VENUE FOR THIS ACTION ...............4

    A.    Dr. Rothschild Resides In Massachusetts. ..............................................5

    B.    The Events Giving Rise To This Action Did Not Occur In California. ....5

        1.    The Yahoo Postings Do Not Provide A Basis For Venue In This
           Forum. ..........................................................................................5

        2.    The Prank Telephone Calls Do Not Provide A Basis For Venue In This
           Forum. ..........................................................................................7

        3.    Plaintiffs' Residence In California Does Not Provide A Basis For
           Venue In This Forum. .................................................................7

    C.    This Action Could Have Been Brought In The District Of Massachusetts. ..............9

IV.    THE COURT SHOULD TRANSFER THIS ACTION TO THE DISTRICT OF
      MASSACHUSETTS FOR CONVENIENCE. ...................................................9

    A.    This Action Could Have Originally Been Brought In The District Of
        Massachusetts. .......................................................................................10

    B.    Convenience And The Interests Of Justice Dictate That This Case Should
        Be Transferred To The District Of Massachusetts. ..............................10

        1.    Plaintiff's Forum Choice Is Not Determinative. .......................11

        2.    Dr. Rothschild Will Be Significantly Inconvenienced If Required To
           Litigate This Claim In California. ..............................................11

        3.    The Convenience Of Witnesses and Lack of Compulsory Process. ..........12

        4.    Ease of Access to the Evidence and Conflict of Laws...................13

V.     CONCLUSION....................................................................................................13

MPA ISO MOTION TO DISMISS                                    Case No. C 07-03795 JW
FOR IMPROPER VENUE

# TABLE OF AUTHORITIES

**Cases**

*Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co.*
(S.D.N.Y. 1995) 874 F. Supp. 601 ................................................................. 11

*Basisili v. Chu* (W.D.N.Y. 2002) 242 F. Supp. 2d 223........................................ 9, 11

*Colt Studio, Inc. v. Badpuppy Enterprise* (C.D. Cal. 1999) 75 F. Supp. 2d 1104 ........................ 12

*Competitive Technologies, Inc. v. Pross,* 836 N.Y.S. 2d 492 (2007) ........................................ 10

*Cottman Transmission Sys., Inc. v. Martino* (3d Cir. 1994) 36 F.3d 294 ........................ 8

*Davis v. Costa-Gavras* (S.D.N.Y. 1984) 580 F. Supp. 1082 ........................ 11

*Decker Coal Co. v. Commonwealth Edison Co.* (9th Cir. 1986) 805 F. 2d 834 ........................ 13

*Dwyer v. General Motors Corp.* (S.D.N.Y. 1994) 853 F. Supp. 690 ........................ 15

*Equidyne Corp. v. Does* (D. Del. 2003) 279 F. Supp. 2d 481 ........................ 9

*Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432 (1999) ........................ 14

*Iannello v. Busch Entertainment Corp.* (E.D.Va. 2004) 300 F. Supp. 2d 400 ........................ 11

*Jacobson v. Hughes Aircraft Co.* (9th Cir. 1997) 105 F.3d 1288 ........................ 14

*Jenkins Brick Co. v. Bremer* (11th Cir. 2003) 321 F.3d 1372 ........................ 8, 12

*Jones v. GNC Franchising Inc.* (9th Cir. 2000) 211 F.3d 495........................ 13

*Lomano v. Black* (E.D. Penn. 2003) 285 F. Supp. 2d 641 ........................ 7, 11, 14

*Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*
(D.S.C. 1992) 784 F. Supp. 316........................ 7

*Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment*
(1st Cir. 1992) 967 F.2d 692........................ 7

*Miller v. Asensio* (D.S.C. 2000) 101 F. Supp. 2d 395 ........................ 9, 10

*Norwood v. Kirpatrick* (1955) 349 U.S. 29 ........................ 12

*Sky Technology Partners, LLC, v. Midwest Research Institute*
(S.D. Ohio 2000) 125 F.Supp.2d 286 ........................ 14

*Stewart Org. v. Richo Corp.,* 487 U.S. 22 (1988)........................ 13

*Williams v. Bowman* (N.D. Cal 2001) 157 F. Supp. 2d 1103 ........................ 13, 14

*Zippo Manufacturing Co. v. Zippo Dot Com. Inc.*
(W.D. Pa. 1997) 952 F. Supp. 1119........................ 9

-ii-

**Statutes**

*28 U.S.C.* §1391(a) ......................................................................................... 4, 7, 8, 12, 13

28 *U.S.C.* §1404(a) ................................................................................................. 4, 12

28 U.S.C. §1406(a) .................................................................................................... 7, 12

28 *U.S.C.* §1441(b) ...................................................................................................... 13

FRCP 12(b)&(h) ............................................................................................................. 7

**Other Authorities**

*Federal Civil Procedure Before Trial*, § 4:576 [Rutter Group] ..................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MPA ISO MOTION TO DISMISS
FOR IMPROPER VENUE

Case No. C 07-03795 JW

1      Defendant Dr. Anthony Rothschild submits the following Memorandum of Points and

2    Authorities in support of his motion to dismiss or transfer for improper venue, or transfer for

3    convenience.

4    **I.**    **INTRODUCTION**

5      Plaintiff Corcept Therapeutics, Inc. ("Corcept"), a pharmaceutical company, and its

6    principals, filed this defamation action against Dr. Anthony Rothschild, MD ("Dr. Rothschild"),

7    a Professor and Vice Chair for Research in the Department of Psychiatry at the University of

8    Massachusetts Medical School.  Plaintiffs allege that Dr. Rothschild posted defamatory

9    comments on a Yahoo internet message board about the efficacy of a drug that Corcept

10    developed, and that Dr. Rothschild, a well respected professor and clinician, made prank

11    telephone calls that caused plaintiffs emotional distress.

12      Plaintiffs have sued the wrong person: Dr. Rothschild did not post the allegedly

13    defamatory comments, nor make the prank telephone calls.  In any event, even if he had, Dr.

14    Rothschild necessarily would have posted the remarks and made the telephone calls from states

15    other than California.  Moreover, the Yahoo internet postings are equally accessible anywhere in

16    the world, and the telephone calls were made to persons outside of the State of California.   Thus,

17    plaintiffs cannot maintain their burden of establishing that "a substantial part of the events giving

18    rise to the claim occurred" in California, rendering venue improper in this district. *28 U.S.C.*

19    §1391(a).

20      It is evident that the only reason that this case was filed in this Court is that Corcept

21    maintains it place of business in California, and its principals reside here.  However, this does

22    not provide a basis for venue in this State. *28 U.S.C.* §1391(a).  Because there is no valid basis

23    for venue in this district, Dr. Rothschild respectfully submits that the Court should dismiss this

24    action for improper venue, or transfer it to the District of Massachusetts where Dr. Rothschild

25    resides, and where this action should have been filed.

26      In the alternative, Dr. Rothschild respectfully submits that this action should be

27    transferred to the District of Massachusetts on the basis of convenience and in the interests of

28    justice. *28 U.S.C.* §1404(a).  Dr. Rothschild would be significantly inconvenienced, and indeed

-1-

1  greatly burdened, if he were forced to litigate this claim three thousand miles away from his

2  home, students and patients.  As a professor at the University of Massachusetts Medical School,

3  he would be taken away from his classes, and forced to leave his students to travel across country

4  to attend depositions, trial, and otherwise participate in this matter.  In addition, Dr. Rothschild

5  treats severely ill inpatient and outpatient psychiatric patients in Massachusetts.  He is also the

6  Principal Investigator on a number of research studies at the medical school involving severely

7  ill psychiatric patients for whom he is responsible.  It would therefore be an extreme financial,

8  professional, and personal burden on Dr. Rothschild if he were forced to travel to California to

9  participate in this litigation, and an undue burden on his patients and students if this matter

10  proceeds in California.

11        Therefore, Dr. Rothschild respectfully requests that this matter should be dismissed for

12  improper venue, or transferred to the District of Massachusetts.

13  **II.    FACTUAL SUMMARY**

14        **A.    The Parties.**

15        Plaintiff Corcept, a Delaware corporation with its principal place of business in Menlo

16  Park, California, is a pharmaceutical company that develops drugs for the treatment of severe

17  psychiatric and metabolic diseases.  First Amended Complaint ("FAC") ¶¶1&2.  Plaintiffs Joseph

18  K. Belanoff ("Belanoff") and Alan F. Schatzberg ("Schatzberg") are co-founders of Corcept,

19  with Belanoff as Corcept's CEO.  FAC, ¶1.  Corcept's lead product is a drug named CORLUX,

20  targeted for the treatment of the psychotic features of psychotic major depression.  FAC, ¶9.

21  CORLUX is a brand name for mifepristone, a potent antagonist of the body's cortisol and

22  progesterone receptors, commonly known as RU-486.  Declaration of Anthony Rothschild

23  ("Rothschild Decl."), ¶5.

24        Defendant Dr. Rothschild, a resident of the State of Massachusetts, is a Professor and

25  Vice Chair for Research in the Department of Psychiatry at the University of Massachusetts

26  Medical School.  Rothschild Decl., ¶2.  Dr. Rothschild is the Principal Investigator on a number

27  of research studies at the medical school involving severely ill psychiatric patients for whom he

28  is responsible.  Rothschild Decl., ¶10.  In addition to his academic practice, he has a clinical

-2-

1   practice in Massachusetts where he treats severely ill inpatient and outpatient psychiatric

2   patients. Rothschild Decl., ¶4. All of Dr. Rothschild's patients reside in the State of

3   Massachusetts. Rothschild Decl., ¶4. As detailed in the concurrently filed Motion to Dismiss for

4   Lack of Personal Jurisdiction, Dr. Rothschild does not have any contacts with California, other

5   than the instant lawsuit.

6       **B.    Facts Giving Rise To This Action.**

7       Plaintiffs allege that a person or persons utilizing the internet screen names

8   "corceptisafraud" and "stanfordinsider" posted statements on a Yahoo internet message board

9   regarding the efficacy of Corcept's drug CORLUX, specifically that there is no scientific

10  evidence that it is effective for psychotic depression, that Corcept was aware that it was

11  ineffective, that Belanoff and Schatzberg and other insiders were selling their Corcept stock, and

12  that there were four cardiac related deaths during clinical trials of the drug. FAC, ¶¶16&23.

13  Plaintiffs contend that these statements are false and defamatory. FAC, ¶¶17&24. While the

14  original complaint was filed almost two years ago, plaintiffs inexplicably now allege that Dr.

15  Rothschild is the person who utilized the internet screen names "corceptisafraud" and

16  "standfordinsider," and posted the allegedly defamatory statements. FAC, ¶¶16&23. The First

17  Amended Complaint alleges two causes of action for defamation based upon these alleged

18  postings.

19      In their Third Cause of Action for Intentional Infliction of Emotional Distress, plaintiffs

20  allege that Dr. Rothschild "pursued a calculated strategy to inflict emotional distress on Belanoff

21  and Schatzberg" by, essentially, making prank telephone calls to New York, Florida, Texas,

22  Washington D.C., and Massachusetts. FAC, ¶30. Again, the First Amended Complaint does not

23  contain any allegations indicating why plaintiffs attribute these alleged prank calls to Dr.

24  Rothschild, a well respected professor and doctor.

25      The First Amended Complaint also contains a Cause of Action for Interference with

26  Prospective Economic Relations wherein plaintiffs allege that Dr. Rothschild interfered with

27  Corcept's prospective relationships with potential shareholders, universities and professional

28  societies by engaging in the conduct alleged above. FAC, ¶¶37-39.

-3-

1    III.    <u>**CALIFORNIA IS NOT THE PROPER VENUE FOR THIS ACTION**</u>

2    Following a timely objection by the defendant, it is the plaintiff's burden to affirmatively

3    establish that venue is proper in this district. *Lomano v. Black* (E.D. Penn. 2003) 285 F. Supp.

4    2d 637, 641.  On July 24, 2007, Dr. Rothschild filed his Answer to the First Amended

5    Complaint, including improper venue as his Eighteenth Affirmative Defense.  FRCP 12(b)&(h);

6    *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment* (1st Cir. 1992) 967 F.2d

7    688, 691-692 (venue objection is preserved if asserted in first responsive pleading).  Thus,

8    plaintiffs bear the burden of establishing that venue is proper in this forum. *Lomano, supra,* 285

9    F. Supp. 2d at 641; *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.* (D.S.C. 1992) 784 F.

10   Supp. 306, 316 ("When venue is challenged, it is the plaintiff's burden to prove that venue is

11   proper in the forum state . . .").

12   In a diversity case, venue is proper <u>only</u> in a judicial district where: (1) any defendant

13   resides, if all defendants reside in the same state, (2) where a substantial part of the events giving

14   rise to the claim occurred, or (3) where any defendant is subject to personal jurisdiction if there is

15   no district in which the action may otherwise be brought. *28 U.S.C.* §1391(a).

16   When a plaintiff commences an action in a district in which there are no grounds to

17   support venue:

18   The district court . . . ***shall*** dismiss, or if it be in the interest of

19   justice, transfer such case to any district or division in which it

20   could have been brought.

21   28 U.S.C. §1406(a)(emphasis added); Schwarzer, Tashima & Wagstaffe, *Federal Civil*

22   *Procedure Before Trial,* § 4:576 [Rutter Group] ("Assuming timely and sufficient objection to

23   proper venue, transfer or dismissal is mandatory").

24   Here, a consideration of each of the three bases for venue indicate that venue is not

25   proper in a California judicial district.

26

27

28

-4-

1

    **A.**    <u>Dr. Rothschild Resides In Massachusetts.</u>

2

    Dr. Rothschild, the only named defendant, resides in the State of Massachusetts, and does

3

not reside in any judicial district in California. Rothschild Decl., ¶2. Therefore, venue cannot be

4

imposed pursuant to *28 U.S.C.* §1391(a)(1).

5

    **B.**    <u>The Events Giving Rise To This Action Did Not Occur In California.</u>

6

    The test for determining whether venue is proper under 28 *U.S.C.* §1391(a)(2) is not the

7

defendant's contacts with a particular district, but rather the locations of those events or

8

omissions giving rise to the claim. *Cottman Transmission Sys., Inc. v. Martino* (3d Cir. 1994) 36

9

F.3d 291, 294. Only those events that directly gave rise to the claim are relevant. *Jenkins Brick*

10

*Co. v. Bremer* (11th Cir. 2003) 321 F.3d 1366, 1372.

11

    Here, plaintiffs' defamation claims are based upon statements posted on a Yahoo message

12

board, accessible anywhere in the world. [1] Dr. Rothschild did not post the allegedly defamatory

13

statements, nor has he ever registered nor used the internet screen names "corceptisafraud" or

14

"standfordinsider." Rothschild Decl., ¶6. Despite years of investigation and discovery,

15

including searching Dr. Rothschild's work computer, searching his laptop computer, searching

16

his telephone records at work, hiring technology experts to examine his cell phone and pager,

17

subpoenaing documents from Yahoo and other internet providers, taking Dr. Rothschild's

18

deposition, and subpoenaing records from the American Psychiatric Association, plaintiffs still

19

do not have any reasonable basis to contend that Dr. Rothschild authored the allegedly

20

defamatory postings. Rothschild Decl., ¶8. Plaintiffs have simply sued the wrong person; there

21

is no basis to connect Dr. Rothschild to the internet postings.

22

    **1.**    <u>The Yahoo Postings Do Not Provide A Basis For Venue In This</u>

23

    <u>Forum.</u>

24

    Even assuming that Dr. Rothschild did post the allegedly defamatory remarks on a Yahoo

25

message board (which he did not), he would have necessarily posted the remarks while he was

26

physically located in states other than California because Dr. Rothschild was not in the State of

27

---

28

[1] Dr. Rothschild respectfully requests that the Court take judicial notice of the fact that the Yahoo internet message board is accessible anywhere in the world, pursuant to Rule 201 of the Federal Rules of Evidence.

MPA ISO MOTION TO DISMISS
FOR IMPROPER VENUE

Case No. C 07-03795 JW

1   California on the dates of the postings alleged in the First Amended Complaint. Rothschild

2   Decl., ¶5. Therefore, the events that gave rise to plaintiffs' claims, the acts of publishing the

3   allegedly defamatory comments, did not occur in California.

4       Moreover, posting messages on an internet message board does not render venue proper

5   in every district with internet access. *Equidyne Corp. v. Does* (D. Del. 2003) 279 F. Supp. 2d

6   481, 487 ("[I]f posting information on a message board on the Internet was sufficient to permit

7   venue in every district that the posting was read, then venue could be found in every jurisdiction

8   where an individual has access to a personal computer and the internet"); *Miller v. Asensio*

9   (D.S.C. 2000) 101 F. Supp. 2d 395, 405-408 (venue against individual defendants improper

10  where "[d]efendants merely posted information on a website in New York that could be read

11  anywhere in the word by anyone, so long as the person had access to the internet"). A contrary

12  rule would lead to inapposite results because it would render venue of internet defamation claims

13  proper in every judicial district in the United States. Clearly, that is not the case. *See e.g.,*

14  *Basisili v. Chu* (W.D.N.Y. 2002) 242 F. Supp. 2d 223; *See Miller v. Asensio* (D.S.C. 2000) 101

15  F. Supp. 2d 395, 405 ("To rule otherwise would be to remove venue and personal jurisdiction as

16  constraints on plaintiff's choice of forum in Internet-related cases.")

17      Although Dr. Rothschild does not conduct business over the internet nor maintain a

18  website, the court's consideration should be underscored by the personal jurisdiction sliding scale

19  Internet analysis set forth in *Zippo Manufacturing Co. v. Zippo Dot Com. Inc.* (W.D. Pa. 1997)

20  952 F. Supp. 1119 applicable to defendants who conduct business over the internet. *See Miller v.*

21  *Asensio* (D.S.C. 2000) 101 F. Supp. 2d 395, 405. The *Zippo* court grouped internet cases into

22  three categories, finding that "the likelihood that personal jurisdiction can be constitutionally

23  exercised is directly proportionate to the nature and quality of commercial activity that an entity

24  conducts over the Internet." *Zippo Manufacturing, supra,* 952 F. Supp at 1124. First, interactive

25  websites whereby defendants conduct business and elicit sales are enough to grant personal

26  jurisdiction. Second, passive websites that afford internet users no interactivity are not enough to

27  grant personal jurisdiction. Third, interactive websites, whereby a user can exchange

28  information with the host computer, may be sufficient to grant personal jurisdiction. *Id.*

-6-

1      Here, Dr. Rothschild does not conduct commercial activities over the internet, and,

2   indeed, does not maintain any type of internet website. Rothschild Decl., ¶12. Moreover, the

3   alleged postings do not constitute commercial activities of the anonymous author as the postings

4   neither advertise any services nor offer any products for sale. If anything, Dr. Rothschild's

5   interaction with the Yahoo message board was passive in that he is alleged to have merely posted

6   information on the site. *Miller v. Asensio* (D.S.C. 2000) 101 F. Supp. 2d 395, 406 ("Unlike the

7   interactive website in *IA, Inc.*, Defendants' website is passive in that Defendants merely posted

8   information on the site; no information may be exchanged with the host computer, nor may the

9   reader enter into contracts with the Defendants via the website or download, transmit or

10   exchange file"); *See also Competitive Technologies, Inc. v. Pross* (2007) 836 N.Y.S. 2d 492

11   (posting allegedly libelous statements on a Yahoo internet message board did not confer

12   jurisdiction in New York under New York's long arm statute: "[I]n order to exercise personal

13   jurisdiction over a non-resident defendant, something more than the mere posting of information

14   on a passive web site [such as a Yahoo message board]  is required to indicate that the defendant

15   purposefully directed his activities at the forum state."). As such, the alleged internet postings do

16   not provide a basis for venue.

17          2.     **The Prank Telephone Calls Do Not Provide A Basis For Venue In**

18                 **This Forum.**

19          The alleged prank telephone calls do not provide a basis for venue in this district; indeed

20   they have no connection to California. Dr. Rothschild did not make the prank telephone calls.

21   But, even if he did, he would have (hypothetically) made the telephone calls from Massachusetts,

22   or states other than California, because he was not in California on any of the dates of the alleged

23   calls. Rothschild Decl., ¶7. Moreover, the telephone calls were made to persons in New York,

24   Florida, Texas, Washington DC, and Massachusetts -- and not in California. *Id.;* FAC, ¶30.

25          3.     **Plaintiffs' Residence In California Does Not Provide A Basis For**

26                 **Venue In This Forum.**

27          It appears that the only basis upon which this action was filed in California is that the

28   plaintiffs are located here. However, this fact does not suffice for venue considerations.

-7-

MPA ISO MOTION TO DISMISS                                    Case No. C 07-03795 JW
FOR IMPROPER VENUE

1    *Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co.* (S.D.N.Y. 1995) 874 F. Supp. 601 (Venue is no

2    longer determined by residence of plaintiff); *Iannello v. Busch Entertainment Corp.* (E.D.Va.

3    2004) 300 F. Supp. 2d 400 (Plaintiff's residence in the forum judicial district was not a proper

4    basis for venue).  In addition, the fact that a plaintiff felt injury in a judicial district does not

5    indicate that a "substantial part of the events giving rise to" his claim occurred in that district.

6    *Lomano v. Black* (E.D. Penn. 2003) 285 F. Supp. 2d 637, 643 (". . . the fact that Lomanno

7    suffered injury within Pennsylvania is not enough to establish venue pursuant to Section

8    1391(a)(2)"); *Davis v. Costa-Gavras* (S.D.N.Y. 1984) 580 F. Supp. 1082, 1090 ("in cases

9    involving activity by diverse defendants which may have caused injury in a multitude of

10    districts, the place of injury is not the sole test of where the claims arises . . ..")(internal quotation

11    omitted).  In any event, plaintiffs allege injury to their reputation nationwide, and do not limit the

12    alleged damage to their reputation to California residents. *Id.* ("In reality, plaintiffs seek

13    recovery for damage to their national and indeed international reputations, and their 'claim' of

14    $150 million is hardly limited to that part of the injury to their reputations occurring in the

15    Eastern District of Virginia.")

16        In *Basisili v. Chu* (W.D.N.Y. 2002) 242 F. Supp. 2d 223, plaintiff, a tennis equipment

17    manufacturer with its principal place of business in New York, filed a trade libel action against a

18    California competitor who posted allegedly defamatory statements about the plaintiff on its

19    website.  In finding that venue was not proper in New York, the Court reasoned that "the fact

20    that the plaintiff's products might be found in a warehousing or distribution facility located

21    within the district, and that the dissemination of false information over the Internet may cause a

22    diminution in value of the inventory, is simply too tenuous a connection with the forum to

23    require a California resident to defend a product disparagement action here." *Id.* at 231.

24        Likewise, the fact that plaintiffs are located in California, and that they allege that the

25    Yahoo postings, accessible anywhere in the world, caused harm to them in this district "is simply

26    too tenuous a connection with [this] forum." *Id.*

27

28

-8-

1    Therefore, because a "substantial part of the events or omissions giving rise to the claim"

2    did not occur in the State of California, venue is not proper in this District pursuant to *28 U.S.C.*

3    §1391(a)(2). *Jenkins Brick Co. v. Bremer* (11th Cir. 2003) 321 F.3d 1366, 1372.

4    **C.    This Action Could Have Been Brought In The District Of Massachusetts.**

5    Finally, *28 U.S.C.* §1391(a)(3), which affords venue "where any defendant is subject to

6    personal jurisdiction if there is no district in which the action may otherwise be brought," does

7    not provide a basis for venue in California. Dr. Rothschild resides in and is subject to personal

8    jurisdiction in Massachusetts. Therefore, this action could have (and should have) been brought

9    in the District of Massachusetts.

10    Therefore, Dr. Rothschild respectfully submits that the Court should dismiss this action

11    for improper venue. In the event that the Court is not inclined to dismiss this action, Dr.

12    Rothschild respectfully submits that it must be transferred to the District of Massachusetts

13    pursuant to 28 *U.S.C.* §1406(a).

14    **IV.    THE COURT SHOULD TRANSFER THIS ACTION TO THE DISTRICT OF**

15    **MASSACHUSETTS FOR CONVENIENCE.**

16    Even in instances where venue is proper, "[f]or the convenience of parties and witnesses,

17    in the interest of justice, a district court may transfer any civil action to any other district or

18    division where it might have been brought." 28 *U.S.C.* §1404(a). A district court has broad

19    discretion to transfer an action to a more convenient forum. See *Norwood v. Kirpatrick* (1955)

20    349 U.S. 29, 30 (noting that a district court's discretion to transfer a motion pursuant to section

21    1404(a) is broader than the court's discretion in applying the doctrine of forum non conveniens).

22    In order to transfer an action to a more convenient venue, a court need only make two findings:

23    •    First, it must be shown that the transferee court is one in which the action could

24    have been commenced originally. 28 U.S.C. §1404(a); *Colt Studio, Inc. v. Badpuppy Enterprise*

25    (C.D. Cal. 1999) 75 F. Supp. 2d 1104, 1112.

26    •    Second, the Court must consider the convenience of the parties and the witnesses,

27    and the interests of justice. *Id.*

28

-9-

**A.    This Action Could Have Originally Been Brought In The District Of Massachusetts.**

An action could have been brought in the transferee court for purposes of section 1404(a) if: (1) the transferee court would have subject matter jurisdiction, (2) defendant is subject to personal jurisdiction in the transferee state, and (3) venue is proper in the transferee court. *See Williams v. Bowman* (N.D. Cal 2001) 157 F. Supp. 2d 1103, 1105.

It is clear that this action could have (and should have) been commenced originally in the District of Massachusetts. First, the district court in Massachusetts has the same diversity jurisdiction as this Court. 28 *U.S.C.* §1441(b). Second, a Massachusetts court has personal jurisdiction over Dr. Rothschild, a Massachusetts resident. Rothschild Decl., ¶2. Likewise, as Dr. Rothschild resides in Massachusetts, venue is proper in the District of Massachusetts. 28 *U.S.C.* § 1391(a)(1)(venue proper in the district where the defendant resides).

**B.    Convenience And The Interests Of Justice Dictate That This Case Should Be Transferred To The District Of Massachusetts.**

The decision to transfer venue involves an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising Inc.* (9th Cir. 2000) 211 F.3d 495, 498 (quoting *Stewart Org. v. Richo Corp.,* 487 U.S. 22, 29 (1988)). A court must weigh multiple factors in determining whether transfer is appropriate in a particular case. *Id.* The factors most relevant to the Court's decision are:

(1)    Plaintiff's choice of forum.

(2)    Convenience of the parties.

(3)    Convenience of the witnesses.

(4)    Availability of compulsory process for attendance of unwilling third-party witnesses, and the cost of obtaining attendance of willing witnesses.

(5)    Ease of access to the evidence.

(6)    The avoidance of unnecessary problems in conflict of laws

*Williams v. Bowman* (N.D. Cal 2001) 157 F. Supp. 2d 1103, 1105; *Decker Coal Co. v. Commonwealth Edison Co.* (9th Cir. 1986) 805 F. 2d 834, 843.

-10-

1    The totality of these factors leads to the conclusion that this case should be transferred to

2    the District of Massachusetts.

3    ### 1.    Plaintiff's Forum Choice Is Not Determinative.

4    While the plaintiff's choice of forum is given some weight in determining whether an

5    action should be transferred for convenience, it is merely one of several factors and is not

6    determinative. *Jacobson v. Hughes Aircraft Co.* (9th Cir. 1997) 105 F.3d 1288, 1302 (overruled

7    on other grounds by *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432 (1999)); *see also Williams v.*

8    *Bowman* (N.D. Cal. 2001) 157 F. Supp. 2d 1103, 1107-08. In *Jacobson,* the court recognized

9    that a plaintiff's choice of forum is accorded great deference in ERISA cases, on which the claim

10   was based. *Jacobson,* 105 F. 3d at 1302. However, the Ninth Circuit still upheld the District

11   Court's transfer of the case pursuant to section 1404(a) based on the relative convenience of the

12   forums, and the interests of justice. *Id.; See also Lomano v. Black* (E.D. Penn. 2003) 285 F.

13   Supp. 2d 637, 644 ("[P]laintiff's choice of forum merits less deference when none of the conduct

14   complained of occurred in plaintiff's selected forum.")(internal quotation omitted).

15   Moreover, a plaintiff's choice of forum is entitled to somewhat less weight when, like

16   here, the case is removed to federal court because the plaintiff is no longer in his or her chosen

17   forum, which was state court. *Sky Technology Partners, LLC, v. Midwest Research Institute*

18   (S.D. Ohio 2000) 125 F.Supp.2d 286, 292 ("Technically, plaintiff did not choose this Court,

19   since the action was originally filed in [state court]; therefore, the plaintiff's choice of forum,

20   while relevant to the issue of transfer, is not entitled to the substantial weight that it otherwise

21   might receive").

22   Because the mere fact that plaintiffs chose to file suit in California is not by itself

23   determinative, the court must consider other factors.

24   ### 2.    Dr. Rothschild Will Be Significantly Inconvenienced If Required To
25   ### Litigate This Claim In California.

26   Dr. Rothschild would be significantly inconvenienced, and indeed greatly burdened, if he

27   were forced to litigate this claim three thousand miles away from his home, students and

28   patients. As a professor at the University of Massachusetts Medical School, he would be taken

-11-

1   away from his classes, and forced to leave his students to travel across country to attend

2   depositions, trial, and otherwise participate in this matter. In addition, Dr. Rothschild treats

3   severely ill inpatient and outpatient psychiatric patients in Massachusetts. Rothschild Decl., ¶10.

4   He is also the Principal Investigator on a number of research studies at the medical school

5   involving severely ill psychiatric patients for whom he is responsible. Rothschild Decl., ¶10. It

6   would therefore be a extreme burden on his patients and students if he were forced to travel to

7   California to participate in this litigation. Rothschild Decl., ¶10.

8        Conversely, plaintiffs are a pharmaceutical company and its principals. Litigating this

9   matter in Massachusetts would not impose the same burdens on plaintiffs, as litigating this

10   matter in California imposes upon Dr. Rothschild, his students, and his ill patients.

11        A court may also consider the relative means of the parties in deciding a transfer motion.

12   *Dwyer v. General Motors Corp.* (S.D.N.Y. 1994) 853 F. Supp. 690, 693-694 ("Plaintiffs are

13   individuals who are suing a large corporation which possesses considerably greater financial

14   assets. To force plaintiffs to travel to Maryland in order to go forward with their claim would

15   merely increase the financial burdens they already face"). As an individual, being forced to

16   travel to California to participate in this matter would operate as a financial hardship to Dr.

17   Rothschild. Conversely, plaintiffs, a pharmaceutical company and its principals, clearly have

18   greater financial means than Dr. Rothschild. As such, the convenience of the parties favors

19   transferring this action to the District of Massachusetts.

20        **3.    The Convenience Of Witnesses and Lack of Compulsory Process.**

21        As Dr. Rothschild did not post the allegedly defamatory statements, nor make the alleged

22   prank telephone calls, it is unclear at this early stage of the litigation what witnesses will be

23   relevant to this matter besides Belanoff, Schatzberg, and Dr. Rothschild. Plaintiffs allege that the

24   recipients of the prank telephone calls were located in New York, Florida, Texas, Washington

25   DC, and Massachusetts. FAC, ¶30. Dr. Rothschild will need to depose each of the call

26   recipients in order to defend against plaintiffs' claims. Therefore, since one of the potential

27   witnesses, other than the parties themselves, is located in Massachusetts, and no witnesses are

28

-12-

1  located in California, the convenience of witnesses and lack of compulsory process factors

2  slightly favor transferring this matter to Massachusetts.

3          **4.    Ease of Access to the Evidence and Conflict of Laws.**

4          All of Dr. Rothschild's records are located in Massachusetts, while presumably all of

5  plaintiffs' records are located in California.  Whatever law is ultimately applied, both a California

6  court and Massachusetts court will undoubtedly be able to apply the laws of these elementary

7  torts.  Therefore, these factors do not favor jurisdiction in either district.

8          Given the heavy burden that litigating this matter in California will place on Dr.

9  Rothschild, his students, and his severely ill patients, the totality of the circumstances indicate

10  that his matter should be transferred to the District of Massachusetts in the interests of justice.

11  **V.    CONCLUSION**

12          For the reasons stated above, defendant Dr. Rothschild respectfully requests that the

13  Court dismiss this action, or in the alternative, transfer it to the District of Massachusetts.

14  Dated: August 8, 2007                    HOLLAND & KNIGHT LLP

16

17                                          Robert A. Bleicher
18                                          Shelley G. Hurwitz
                                            HOLLAND & KNIGHT LLP
19                                          50 California Street, 28th Floor
                                            San Francisco, California  94111
20                                          Telephone: (415) 743-6900
                                            Facsimile: (415) 743-6910
21
                                            Attorneys for Defendant
22                                          ANTHONY ROTHSCHILD

23  # 4714930_v1

24

25

26

27

28

-13-