STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiffs
CORCEPT THERAPEUTICS, INC., JOSEPH
K. BELANOFF, and ALAN F. SCHATZBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC., JOSEPH K. BELANOFF, and ALAN F. SCHATZBERG,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY ROTHSCHILD,<br><br>Defendant. | CASE NO. C07-03795 JW (RS)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ANTHONY ROTHSCHILD'S MOTION TO DISMISS BASED ON ALLEGED IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER FOR ALLEGED IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**<br><br>Date: November 19, 2007<br>Time: 9.00 a.m.<br>Court: Courtroom 8<br>Judge: Hon James Ware |

## I.     INTRODUCTION

Defendant Anthony Rothschild's ("Rothschild") motion to dismiss based on alleged improper venue, or to transfer on grounds of convenience, must be denied as to the motion to dismiss because 28 USC § 1406(a) is not applicable in a case removed to federal court, such as this one. Alternatively, the motion to dismiss must be denied because venue is otherwise proper in this division and this Court. And the motion to change venue must also be denied because Rothschild has not shown that the circumstances favor – let alone *strongly favor* – a transfer to Massachusetts as the venue most convenient to the parties and witnesses.

## II. STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided are whether: (1) section 1406(a) is inapplicable as a matter of law because Rothschild removed this action to federal court from state court; (2) alternatively, whether this court is a proper venue for the action; and (3) whether the action should be transferred to Massachusetts in the interests of justice.

## III. FACTUAL AND PROCEDURAL HISTORY

The evidence of Rothschild's conduct in making the postings and engaging in the other misconduct of which he is accused is set out in detail in the opposition to Rothschild's personal jurisdiction motion,[1] which motion is set for hearing simultaneously with this motion. Rather than repeat, either verbatim or in summary, the facts set out in that opposition, plaintiffs respectfully request that the Court should treat those facts (the "Personal Jurisdiction Motion Facts") as being incorporated herein by this reference. Based on this incorporation by reference, the Personal Jurisdiction Motion Facts will generally not be repeated except where relevant to the arguments presented in Part IV, below.

## IV. ARGUMENT

The motion to dismiss based on alleged improper venue, or to transfer on grounds of convenience, must be denied as to the motion to dismiss because 28 USC § 1406(a) is not applicable in a case removed to federal court, such as this one. Alternatively, the motion to dismiss must be denied because venue is proper in this division and this Court. And the motion to change venue must be denied because the venue most convenient to the parties and witnesses is the San Jose Division of this Court.

### A. 28 USC § 1406(a) Is Inapplicable To This Action Because Rothschild Removed The Action From State Court

The general venue statute, 28 U.S.C. §1391, does not control the venue analysis in a case such as this that has been removed from state to federal court. *See* 28 U.S.C. §1441(a); *Hollis v. Florida State Univ.* 259 F.3d. 1295, 1300 (11th Cir. 2001); *PT United Can Co. Ltd. v. Crown Cork*

---

[1]. Part III of Plaintiffs' Opposition To Rothschild's Motion To Dismiss For Alleged Lack Of Personal Jurisdiction, filed on October 29, 2007.

*& Seal Co., Inc.* 138 F.3d 65, 72 (2nd Cir. 1998). Rather, venue in a removed case must be determined under section 1441.

Pursuant to 28 U.S. C. §1441(a), the Northern District of California is the proper venue for this action. Under §1441(a), venue is proper if the state court action is removed to "the district court of the United States for the district and division embracing the place where such action is pending." The court in *Hollis* held that:

> In removed actions the general venue provision, 28 U.S.C. §1391, does not apply. Instead, §1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on §1391 venue grounds.

In this case, Defendant Rothschild chose to remove this case from the Santa Clara Superior Court to the Northern District of California, San Jose Division. Undoubtedly, both the Northern District of California and the San Jose Division embrace the place where the state court action was pending. Thus, under section 1441(a) Rothschild's removal automatically satisfies venue requirements because removal is the defendant's privilege and Rothschild chose to remove the case from state court to the local district court. *Polizzi v. Cowles Magazines, Inc.* (1953) 345 U.S. 663, 665-666 (holding that an action removed pursuant to §1441(a) could not be dismissed by the district court on the grounds that venue under §1391 would have been improper if the action had originally been brought in federal court). The Court in *Polizzi* stated, "[E]ven on the question of venue, §1391 has no application to this case because this is a removed action. The venue of removed actions is governed by … §1441(a)." *Id*.

Even if the state court action suffered a defect in venue, the Northern District of California is still the appropriate venue for this action pursuant to §1441(f), which states that

> The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

A majority of courts uphold removal jurisdiction pursuant to §1441(a) under the theory that

federal removal jurisdiction is not derivative of state court jurisdiction[2]. *See Hollis v. Florida State Univ.*, 259 F.3d at 1299; Schwarzer, Tashima and Wagstaffe, *Federal Civil Procedure Before Trial* (TRG 2007), at §2:1049.2 and at §4:394 ("It is immaterial that venue would not have been proper if the action had been brought initially in that district.")

Under the circumstances, if a defendant wishes to challenge venue in a removal case, its only recourse consists of a transfer for convenience under §1404(a). *Hollis*, *supra,* 259 F.3d at 1300 (noting that a defendant who removes a cause of action does not necessarily waive its venue challenges and may seek transfer to another division or district under §1404(a) for reasons of convenience); *see PT United Can Co., Ltd.*, 138 F.3d, at 72-72. Since Rothschild has not met his burden to demonstrate that this Court is an inconvenient forum however (as we discuss further below), a transfer under §1404(a) is unavailable to Rothschild. In addition, this Court has personal jurisdiction over Rothschild (as demonstrated in plaintiff's concurrently filed Opposition to Rothschild's Motion to Dismiss for Alleged Lack of Personal Jurisdiction). Therefore, a transfer pursuant to §1406(a) is not available to Rothschild either.

**B.     Even Under A Venue Analysis Pursuant To 28 U.S.C. §1391, The Northern District Of California Is The Proper Venue For This Case**

Even if USC §1391(a) were applicable to this action, as asserted by Rothschild, venue would still be proper in this division because "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred" in this district. *See* 28 U.S.C. §1391(a)(2). It is not necessary that a majority of the events or omissions occur in this district or even that the events in this district predominate; rather the appropriate inquiry is whether a substantial part of the events took place in this district. *Jenkins Brick Co. v. Bremer* 321 F.3d 1366, 1371 (11th Cir. 2003). In tort actions, such as this one, which contains claims for defamation, interference with prospective business advantage and intentional infliction of emotional distress, the situs of injury is a relevant factor in the venue analysis. *Id.*, *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001).

---

[2]. The theory of derivative jurisdiction, which essentially states that if the state court lacks jurisdiction of the subject matter or of the parties then the federal court does not acquire jurisdiction on a removal of the case, was abrogated by the enactment of §1441(e) in 1986. *Hollis*, 259 F.3d at 1298.

In *Myers*, which involved consolidated appeals of unfair debt collection practices cases, the court reversed the district court's dismissal of the cases on personal jurisdiction and venue grounds, holding in part that the locus of the injury in a tort action is a relevant factor in the venue analysis and that since the harm suffered by the plaintiffs was akin to the tort of invasion of privacy and therefore necessarily was felt where plaintiffs resided, venue was proper in the state in which plaintiffs resided. *Id*. In its personal jurisdiction analysis, upon which the court relied in its venue analysis with respect to the issue of determining the locus of injury, the court rejected the district court's finding that the injury occurred wherever one would access the plaintiffs' credit reports. Rather, the court found that, similar to the injury that occurs in invasion of privacy cases, the damage suffered is

> the mental distress from having been exposed to public view…That mental distress can only be felt where Plaintiffs' 'sensibilities' reside- that is, Nevada….Accordingly, 'the brunt of the harm, in terms both of [Plaintiffs'] emotional distress and [sensitivities], was suffered in [Nevada]. In sum, [Nevada] is the focal point both of the [credit report inquiry] and of the harm suffered.'" *Id*., at 1074 (citing *Calder v. Jones* (1984) 465 U.S. 783, at 789) (citations omitted).

In this case, each of Plaintiffs' claims are based on injury occurring in California. First, with respect to plaintiffs' defamation claims (causes of action one and two), plaintiffs must allege injury resulting from a published defamatory statement. A substantial part of the events giving rise to Plaintiffs' claims for defamation involve injury to the reputation of a California business, and to business and professional and personal reputations of two individual California residents. Those injuries were sustained primarily in California, and probably not at all in Massachusetts. Second, severe emotional distress is one of the elements forming the basis for plaintiffs' claim for intentional infliction of emotional distress. Again, a substantial part of the events giving rise to plaintiff's claim in this instance is severe emotional distress suffered by two California residents – by injury to their "sensibilities – as a result of Rothschild's outrageous conduct expressly aimed at Belanoff and Schatzberg, whom Rothschild knew to be California residents. And finally, plaintiffs' claim for interference with prospective business advantage is based on intentional acts by the defendant directed at a California company designed to disrupt the California company's

relationship with primarily California and Silicon Valley based investors.[3]

There is no question, therefore, that Rothschild's defamatory statements and harassing activities clearly were aimed at injuring Corcept, Belanoff and Schatzberg *where they resided,* namely in California. Corcept is a Menlo Park-based company and a licensee of Stanford University and Belanoff and Schatzberg are Silicon Valley residents with, respectively full-time and part-time faculty positions at Stanford University. Rothschild's objectionable and unlawful conduct was knowingly directed towards and caused injury to the individual plaintiffs' reputations within the Silicon Valley medical, business and academic communities in which both Schatzberg and Belanoff are respected and deeply involved.

Rothschild is simply wrong in contending that since the publication of the defamatory statements, hoax calls and other harassing activity did not all originate in California, California is not the situs of a substantial part of the events giving rise to the claims. This focus of the inquiry is where the injury was caused, and that is California. Thus, California in general and Silicon Valley in particular is the place where "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred," in this district is the proper venue for the action.

Rothschild's reliance on *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.* 952 F.Supp. 1119 (W.D. Pa. 1997), and *Equidyne Corp. v. Does* 279 F.Supp.2d 481 (D. Del. 2003), is misplaced. Plaintiffs do not contend that venue in this district is based on the fact that some readers of the postings are located in California. First, as set forth in Section IV(A), above, venue is automatically proper in the Northern District of California. Second, as set forth in Section IV(B), above, even ignoring §1441(a) venue is proper under §1391(a)(2) because a substantial part of the events giving rise to all four of plaintiffs' claims occurred in California. It is not part of the analysis under §1391(a)(2) that the postings were read by California residents. Rather it is the injury to Corcept's business reputation, the injury to Belanoff and Schatzberg's personal and professional reputations, the emotional distress suffered by Belanoff and Schatzberg in connection with both Rothschild's defamatory statements *and* Rothschild's hoax calls and other harassment

---

[3]. Declaration of Joseph Belanoff, ¶ 12.

1  and the interference with Corcept's business occurred in California. These injuries all form a
2  considerable part of plaintiffs' claims and establish the bases for venue in this district. Thus, the
3  personal jurisdiction "sliding scale" analysis in *Zippo Manufacturing Co. v. Zippo Dot Com. Inc.*,
4  952 F.Supp 1119 (W.D. Penn 1997), is not applicable to the venue analysis here, because whether
5  or not Rothschild engaged in "passive" Internet activity by posting to the Yahoo! Message Board is
6  not relevant to the determination of whether venue is proper in the Northern District of California.
7  Specifically, *Zippo* addresses what degree of web site interactivity is required to invoke personal
8  jurisdiction over a defendant, rather than addressing whether venue is appropriate where a
9  defendant engages in tortious conduct through Internet activity which is aimed at a particular
10 jurisdiction.

11 The decision in *Equidyne* actually supports plaintiffs' opposition, in that the court
12 recognized that "if there were evidence that [the defendant] had specifically targeted residents of
13 Delaware, then venue in this district might well be proper." *Equidyne*, 279 F.Supp.2d at 488.
14 Here, there is ample evidence that Rothschild did specifically target Corcept, Belanoff and
15 Schatzberg and made them the victims of his improper and unlawful conduct. Rothschild's
16 postings in addition to the other activities in which he engaged in order to harass and injure
17 plaintiffs, such as the hoax phone calls, constitute a sufficient basis for venue in this district.

**C.  A Venue Change Under 28 U.S.C. §1404 Would Be Improper Because This Court Is The Proper Venue For This Case**

20 Under 28 U.S.C. §1404(a) a district court may transfer an action to another district "[f]or
21 the convenience of the parties and witnesses, [or] in the interest of justice." In proceedings under
22 §1404(a), a plaintiff's choice of forum is accorded considerable weight and entitled to great
23 deference. *Securities Investor Protection Corp. v. Vigman* 764 F.2d 1309, 1317 (9th Cir.
24 1985)(Transfer will not be ordered unless the convenience and justice factors strongly favor venue
25 elsewhere.) As we now proceed to show, the circumstances certainly do not "strongly favor" venue
26 elsewhere, but instead point to this district as the proper venue.
27 Rothschild has not borne his burden of demonstrating that the circumstances "strongly
28 favor" a transfer to the District of Massachusetts, and the Northern District of California

unquestionably is the appropriate forum for the determination of the action. With regard to the convenience of witnesses, California resident parties and/or witnesses Schatzberg and Belanoff will be required to testify in support of their claims, as will California-based non-parties Charles DeBattista, Steve Atkins, and Linda Isley. And Northern California-based members of the Department of Psychiatry of Stanford's Medical School may have to testify with regard to the falsity of Rothschild's October 17, 2005 posting.[4] Moreover, both Drs. Carroll and Rubin are California residents,[5] and they may have to testify too. Obviously, a California venue is more convenient that any other to all of those witnesses.

Massachusetts as a venue is convenient to Rothschild, and Rothschild alone. But the inconvenience to him of litigating in California is minimal. Rothschild's argument that his patients will be harmed if he has to litigate in California is unfounded. His absence from his practice for a deposition – whether it occurs in California or Massachusetts – will have exactly the same effect on his patients and responsibilities, and is not indicative of any additional burden *on his patients* of his having to litigate in California. The same applies to his attendance at trial. Only some travel time will be implicated. In addition, the evidence establishes that Rothschild is frequently away from his office attending conferences and traveling around the country for other reasons – and it presumably not his position that these absences from his office prejudice the health of his patients. Further, Rothschild has competent counsel in California whom he can readily communicate with, and his personal attendance in California will be infrequent and limited. Thus, he is not being subjected to any greater burden that any other litigant whose conduct targeting another jurisdiction permits him to be sued in other than his home jurisdiction. And, in the final analysis it must be borne in mind that it is Rothschild's indisputable misconduct targeted at California residents that led to his being sued – and that misconduct unquestionably was and is sufficient for him to reasonably anticipate being haled into court in California.

Other witnesses who are neither resident in California nor Massachusetts are likely to testify by deposition and be deposed at their places of residence, whether the case is heard in California or

---

[4]. Belanoff Dec., Exhibit "D".
[5]. Declaration of Alan Schatzberg dated October 26, 2007, ¶ 14.

Massachusetts. Thus, their convenience is not a significant factor. Rather, the issue is whether Rothschild should be convenienced, and all the California-based witnesses inconvenienced, by a change of venue to Massachusetts.

The factors of judicial economy, ease of access to proof, availability of compulsory process, relative means, and docket congestion are not factors that have significant weight in the analysis. If anything, the first two factors favor this Court retaining venue.

## II.    CONCLUSION

For all of the foregoing reasons, venue is proper in this district, and the motion to dismiss for alleged improper venue should be denied. Moreover, a change of venue would not serve the interests of justice, and the motion for transfer should similarly be denied.

Dated:  October 26, 2007                    CARR & FERRELL *LLP*

By: /s/ Stuart Clark
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Plaintiffs
CORCEPT THERAPEUTICS, INC., JOSEPH K. BELANOFF, and ALAN F. SCHATZBER