1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone:  (650) 812-3400
5  Facsimile:  (650) 812-3444

6  Attorneys for Plaintiffs
   CORCEPT THERAPEUTICS, INC., JOSEPH
7  K. BELANOFF, and ALAN F. SCHATZBERG

8  ROBERT A. BLEICHER (SBN 111334)
   HOLLAND & KNIGHT LLP
9  50 California Street, 28th Floor
   San Francisco, California  94111
10 Telephone:  (415) 743-6900
   Facsimile:   (415) 743-6910
11 robert.bleicher@hklaw.com

12 SHELLEY G. HURWITZ (SBN 217566)
   HOLLAND & KNIGHT LLP
13 633 W. Fifth Street, 21st Floor
   Los Angeles, California  90071
14 Telephone:  (213) 896-2400
   Facsimile:   (213) 896-2450
15 shelly.hurwitz@hklaw.com

16 Attorneys for Defendant
   ANTHONY ROTHSCHILD

17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                          SAN JOSE DIVISION
20

21 CORCEPT THERAPEUTICS, INC.,           CASE NO. C07-03795 JW (RS)
   JOSEPH K. BELANOFF, and
22 ALAN F. SCHATZBERG,
                                         JOINT CASE MANAGEMENT
23              Plaintiffs,              CONFERENCE STATEMENT AND
                                         [PROPOSED] ORDER
24       v.

25 ANTHONY ROTHSCHILD,                   Date:       November 19, 2007
                                         Time:       9:00 AM
26              Defendant.               Courtroom:  8
                                         Judge:      Hon. James Ware
27

28

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order, and respectfully request that the Court adopt it as the Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. **A Brief Description Of The Events Underlying The Action:**

Plaintiffs Corcept Therapeutics, Inc. ("Corcept"), Joseph K. Belanoff ("Belanoff") and Alan F. Schatzberg's ("Schatzberg") (collectively "plaintiffs") amended complaint sets forth four causes of action. The first two causes of action are based on the allegation that defendant Dr. Anthony Rothschild ("Rothschild") made multiple false and defamatory statements intended to damage plaintiffs. The final two causes of action are based on the allegation that Rothschild engaged in an unlawful course of conduct designed to harass and annoy plaintiffs and to interfere with plaintiffs' prospective business advantage. Specifically, the amended complaint asserts causes of action for (1) defamation based on electronic message postings to a Yahoo! Message Board under the Yahoo! ID "corceptisafraud"; (2) defamation based on electronic message postings to a Yahoo! Message Board under the Yahoo! ID "stanfordinsider"; (3) intentional infliction of emotional distress; and (4) interference with prospective economic relations. Plaintiffs seek damages, including punitive damages, caused by Rothschild's allegedly wrongful conduct.

Plaintiffs allege that on at least six occasions in March, July, August and October 2005, Rothschild posted false and defamatory statements regarding Belanoff's and Schatzberg's alleged insider fraud, alleged conflicts of interest, the efficacy of Corcept's drug CORLUX® and the clinical trials involving CORLUX®. Plaintiffs allege that none of the statements at issue are true, that Rothschild knew that the statements were false, and that Rothschild acted willfully, maliciously, oppressively, despicably, and in callous disregard of the rights, interests and reputations of plaintiffs. Plaintiffs also allege that Rothschild engaged in a pattern of harassment by making a series of prank or hoax telephone calls to various individuals and entities canceling Belanoff's and Schatzberg's professional presentations and lectures and hotel reservations, impersonating other individuals in the medical community and the press in order to generate the impression that investigations were ongoing with respect to alleged conflicts of interest in

Corcept's business and pretending to inform Belanoff of a medical emergency suffered by a family member in order to cause Belanoff severe emotional distress.

Rothschild denies the above claims and allegations. Specifically, Rothschild denies that he posted the statements at issue on the Yahoo! Message Board under either the "corceptisafraud" or "stanfordinsider" Yahoo! IDs and denies having engaged in any of the unlawful or wrongful conduct alleged in the amended complaint.

In addition, Rothschild filed a Special Motion to Strike on the grounds that the amended complaint is a Strategic Lawsuit Against Public Participation (SLAPP), claiming that the statements at issue do not meet the legal definition of defamation because the statements themselves are constitutionally protected activity and because plaintiffs are limited purpose public figures and the statements were made in relation to an issue of public interest. Rothschild also filed motions to dismiss for lack of personal jurisdiction and for improper venue. Plaintiffs oppose each of Rothschild's motions and seek their denial. All three of Rothschild's motions will be heard on the date of the Initial Case Management Conference, November 19, 2007.

2.     **The Principal Factual Issues Which The Parties Dispute:**

The central factual disputes in this case are:

(i)     whether Rothschild made the postings on Yahoo!'s Message Board under the names "corceptisafraud" and/or "stanfordinsider";

(ii)    whether the postings are defamatory;

(iii)   whether the postings are actionable;

(iv)    whether Rothschild engaged in harassment of plaintiffs; and

(v)     what, if any, damages plaintiffs have sustained.

3.     **The Principal Legal Issues Which The Parties Dispute:**

Other than the issues presented by Rothschild's motions, discussed above, there are no legal issues in dispute.

4.  **The Other Factual Issues [*e.g., service of process, personal jurisdiction, subject matter jurisdiction or venue*] Which Remain Unresolved For The Reason Stated Below And How The Parties Propose To Resolve Those Issues:**

Defendant Rothschild filed a motion to dismiss based on lack of personal jurisdiction and a motion to dismiss based on improper venue, or in the alternative to transfer for improper venue or in the alternative to transfer for convenience. Plaintiffs oppose each of Rothschild's motions and a hearing on the motions is scheduled to take place on the date of the Initial Case Management Conference, November 19, 2007. Rothschild's Anti-SLAPP Motion, which Plaintiffs oppose, will also be heard on November 19, 2007.

5.  **Issues That Can Be Narrowed by Agreement:**

The parties have met and conferred in an effort to narrow issues by agreement; however, there are no material issues that the parties can currently narrow by agreement.

6.  **Whether This Case Can Be Handled On An Expedited Basis:**

The parties are not aware of any streamlined procedures with which this case can be handled on an expedited basis.

7.  **The Parties Which Have Not Been Served And The Reasons:**

All parties to this action have been served and have appeared.

8.  **The Additional Parties Which The Below-Specified Parties Intend To Join And The Intended Time Frame For Such Joinder;**

Neither party intends to join additional parties at this time. The parties shall seek appropriate leave from this Court in the event that additional parties are identified.

## ALTERNATIVE DISPUTE RESOLUTION

9.  **The Following Parties Consent To Assignment Of This Case To A United States Magistrate Judge For [*court or jury*] Trial:**

Neither party consents to assignment of this case to a United States Magistrate Judge for a court or a jury trial.

10. **The Parties Have Already Been Assigned [*or the parties have agreed*] To The Following Court ADR Process [*e.g., Nonbinding Arbitration, Early Neutral Evaluation, Mediation, Early Settlement with a Magistrate Judge*] [*State the expected or scheduled date for the ADR session*]:**

Pursuant to the parties' Stipulation and the Court's Order dated October 18, 2007, the parties are assigned to Court Mediation, to occur by March 30, 2008.

11. **The ADR Process To Which The Parties Jointly Request [*or a party separately requests*] Referral:**

The parties have already been assigned to an ADR process as specified above.

## DISCLOSURES

12. **The Parties Certify That They Have Made The Following Disclosures [*list disclosures of persons, documents, damage computations and insurance agreements*]:**

The parties agree to serve their Initial Disclosures on or before November 12, 2007.[1]

The parties also have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Neither party has identified any persons, firms, partnerships, corporations (including parent corporations) or other entities known by either party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## DISCOVERY

13. **The Parties Agree To The Following Discovery Plan [*Describe the plan, e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery*]:**

| Nature of Discovery/Event | Agreed Deadlines |
|---|---|
| Rule 26 Initial Disclosures | November 12, 2007 |
| Court Mediation | March 30, 3008 |

---

[1] The Initial Case Management Conference and ADR Order set the date of Initial Disclosures for October 31, 2007, assuming a Case Management Conference would occur on November 7, 2007. As the Case Management Conference has been continued to November 19, 2007, the parties have agreed to correspondingly continue the date for the Initial Disclosures to November 12, 2007.

|  | Plaintiffs' Proposed Deadlines | Defendant's Proposed Deadlines |
|---|---|---|
| Non-Expert Discovery Cutoff | Sixty (60) days before trial | Sept. 4, 2008 |
| Designation of Experts | Six (6) weeks before Expert Disc. Cutoff | Aug. 22, 2008 |
| Designation of Rebuttal Experts | Four (4) weeks before Expert Disc. Cutoff | Sept. 5, 2008 |
| Expert Discovery Cutoff | Thirty (30) days before trial | Oct. 3, 2008 |
| Last Day for Hearing on Dispositive Motions | Thirty (30) days before trial | Oct. 3, 2008 |
| Pretrial Conference | To be assigned by the Court | TBA |
| Trial | September 2008 | Nov. 3, 2008 |

The parties have agreed that the case will be subjected to Court Mediation by March 30, 2008. If the case is not resolved, factual discovery will occur in the Spring of 2007. The parties expect to conduct routine factual discovery in this matter in accordance with the Federal Rules of Civil Procedure pertaining to discovery. Thereafter, expert discovery will be conducted in accordance with the timetable set forth in Fed.R.Civ.P. 26, based on the trial date assigned by the Court. Plaintiffs request a trial date in September 2008 and Defendant requests a trial date of November 3, 2008, which will be one year from the court's ruling on Rothschild's jurisdictional motions, and SLAPP motion.

14. **Steps Taken to Ensure Evidence Preservation:**

The parties have advised their respective clients to refrain from any document destruction and to cease any document-destruction program and any ongoing erasures of voicemails, e-mails and other electronically-recorded material.

## TRIAL SCHEDULE

15. **Whether The Case Will Be Tried To A Jury Or To The Court:**

Plaintiffs have requested a jury trial.

16. **The Parties Request A Trial Date As Follows:**

Plaintiffs request a trial date in September 2008 and Defendant requests a trial date of

November 3, 2008.

17. **The Parties Expect That The Trial Will Last For The Following Number Of Days:**

The parties expect the trial to last approximately 7-10 court days.

Dated: 10/31/07                              CARR & FERRELL LLP

By: _____
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Plaintiffs
CORCEPT THERAPEUTICS, INC., JOSEPH
K. BELANOFF, and ALAN F. SCHATZBERG

Dated: 10/31/07                              HOLLAND & KNIGHT LLP

By: _____
ROBERT A. BLEICHER
SHELLEY G. HURWITZ

Attorneys for Defendant
ANTHONY ROTHSCHILD

Case 5:07-cv-03795-JW    Document 75    Filed 10/31/2007    Page 8 of 8

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____                             _____
                                              HON. JAMES WARE
                                              UNITED STATES DISTRICT JUDGE