Robert A. Bleicher (SBN 111334)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910

Shelley G. Hurwitz (SBN 217566)
HOLLAND & KNIGHT LLP
633 W. Fifth Street, 21st Floor
Los Angeles, California 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450

Attorneys for Defendant
Anthony Rothschild

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY ROTHSCHILD, DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive,<br><br>Defendants. | Case No.: C 07-03795 JW<br><br>**DEFENDANT DR. ANTHONY ROTHSCHILD'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. §1406(a)); OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a))**<br><br>Date: November 19, 2007<br>Time: 9:00 am<br>Courtroom: 8<br>Judge: Hon. James Ware |

## I. INTRODUCTION

Plaintiffs contend that Dr. Rothschild should have a choice: either surrender his right to adjudication before a federal court, or be forced to litigate this matter in an inappropriate venue. The law does not compel him to so choose. Indeed, it would be entirely inequitable for a plaintiff to be permitted to file a matter in an inappropriate venue in state court, well aware that the defendant will remove the action, in order to divest the defendant of his right to challenge the plaintiff's selected venue. In support of their assertion that 28 U.S.C. § 1406(a) does not apply to a removed case, plaintiffs cite a case that specifically acknowledges that transfer under § 1406(a)[1] is in fact applicable to a removed case. *Hollis v. Florida State Univ.*, 259 F.3d 1295 (11th Cir. 2001) ("There may even be a basis for requesting a transfer pursuant to § 1406(a)"); *See also Aguacate Consolidated Mines, Inc. Deeprock, Inc.*, 566 F.2d 523, 524-35 (5th Cir. 1978) ("Because the federal rules permit transfer, we hold that removed cases meeting the federal standards of [§§] 1406(a) or 1404(a) may also be transferred."); *Jackson v. Shepard*, 609 F. Supp. 205, 207 (D. Ariz. 1985) (same).

In any event, whatever specific section of the statute ultimately applies, the parties agree that this Court has the power and the duty to transfer this matter to the district of Massachusetts in the interests of convenience and justice. Dr. Rothschild demonstrated in his moving papers that the hardships this case would impose on him, his students and patients, as well as the factors to be considered under federal venue law, favor dismissing or transferring this case to the district of Massachusetts because this District is an improper and/or inconvenient venue.

## II. THIS COURT NEED NOT DISREGARD 28 U.S.C. § 1391(a) IN DETERMINING WHERE VENUE SHOULD LIE IN THIS CASE.

Plaintiffs argue that this Court must completely disregard 28 U.S.C. § 1391(a) in removal cases because a removing defendant somehow waives his right to be in the proper venue, and that even if § 1391(a) did apply, the analysis would direct venue in this district because "a substantial part of the events or omissions giving rise to plaintiffs' claims occurred" in this district. Plaintiffs are wrong on both counts.

---

[1] All references to section numbers refer to sections in Title 28 of the United State Code.

-1-

REPLY BRIEF ISO MOTION TO DISMISS
FOR IMPROPER VENUE

Case No. C 07-03795 JW

To completely disregard the underlying principles of original federal venue in removal actions would unfairly give the plaintiff the ability to bring a state action anywhere and force the defendant to either give up his right to remove to federal court, or remain in that district upon removal of the case to federal court under § 1441(a), even though federal venue would never have been proper in that district had the case been originally filed in federal court. This problem is illustrated in *Tanzman v. Midwest Express Airlines, Inc.*, 916 F. Supp. 1013, 1017-18 (S.D. Cal. 1996), where the court admonished defense counsel for attempting to transfer venue in the state system before removing the case. The *Tanzman* court instructed: "If counsel had wished to preserve his ability to remove this case, he could have removed this case to the U.S. District Court for the Northern District of California and then brought before that court a motion to change venue to the U.S. District Court for the Southern District of California." *Id.* at 1017. According to *Tanzman*, the proper course of action for defense counsel is to remove the case first and then transfer the case to the proper venue. That is exactly what Dr. Rothschild did here.

Notably, defense counsel in *Tanzman* made the same argument that plaintiffs are attempting here, *i.e.*, that under *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953) and *Schwarzer, Tashima and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial*, § 2:1048 (1955), defense counsel would have been deemed to have waived any objections to improper venue if they removed immediately to the Northern District of California. *Id.* at 1017-18. To this the *Tanzman* court responded:

> [A] close reading of *Polizzi* does not bear out counsel's contention. The case held simply that the venue of removed actions is governed by 28 U.S.C. § 1441(a), and stated that that section "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" 345 U.S. at 666, 73 S.Ct. at 902. The statements by the *Polizzi* Court do not mention waiver and the case does not hold that waiver of a venue objection based on other federal venue statutes is necessarily implied from the mere act of removal. <u>Without more, *Polizzi* and § 1441(a) simply stand for the proposition that the initial venue of a removed action lies in the district court where the action had been pending.</u>

*Id.* (emphasis added). There is no sense in plaintiffs' proffered mandate that this Court completely disregard the principles of federal venue law in exercising its discretion to transfer venue.

Plaintiffs further argue that if § 1391 were applicable, venue should be in California because that is where plaintiffs were allegedly injured, citing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075-76 (9th Cir. 2001). Pls.' Opp. at 4:24-25. However, the *Myers* court merely stated that the situs of the injury was "a relevant factor." *See Myers*, 238 F.3d at 1075; *compare Lomano v. Black*, 285 F. Supp. 2d 637, 643 (E.D. Penn. 2003) (explaining that "the fact that Lomanno suffered injury within Pennsylvania is not enough to establish venue pursuant to Section 1391(a)(2)"); *see also Basisili v. Chu*, 242 F. Supp. 2d 223, 231 (W.D.N.Y. 2002).

*Myers* additionally noted that at least one of the "harms" claimed by the plaintiffs in that case was "akin to the tort of invasion of privacy" (*i.e.*, the pulling of credit files illegally) that was "felt" in Nevada. *See Myers* at 1076. Here, however, there is no invasion of privacy in the interference claims alleged by Plaintiffs. Nor can plaintiffs argue that the prank calls allegedly made by Dr. Rothschild were "felt" in California – the calls were made to locations in other states, and the recipient of the call would have "felt" the effects of the prank at the location where the call was received, none of which were in California.

Even if the Court were to apply *Myers* to this case, there is no logical reason for Plaintiffs' argument that the "situs of the injury" should overwhelm the rest of the venue considerations because it is only a relevant factor. If the "situs of the injury" were enough to confer venue, then the plaintiff's residence would always be a proper venue in tort cases, or at least in cases of business torts. But this is conspicuously not what Congress has provided.

In any event, plaintiffs allege injury to their reputation nationwide and do not limit the alleged damage to their reputation to California residents. *Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1090 (S.D.N.Y. 1984) (claiming damage to "national and [] international reputations" was "hardly limited to that part of the injury to their reputations occurring in the Eastern District of Virginia").

-3-

REPLY BRIEF ISO MOTION TO DISMISS
FOR IMPROPER VENUE

Case No. C 07-03795 JW

As discussed in the moving papers, Dr. Rothschild is the only named defendant and resides in Massachusetts. The events giving rise to this action – the alleged prank calls and internet postings – did not occur in California. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (test for venue under § 1391(a)(2) is the location of events or omissions giving rise to claim); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) ("Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered."). Since no part of the alleged acts or omissions took place in California, the Court should dismiss or transfer this action to the district of Massachusetts for improper venue. 28 U.S.C. § 1391(a)(2); 28 U.S.C. § 1406(a).

### III. THIS MATTER SHOULD BE TRANSFERRED TO MASSACHUSETTS FOR CONVENIENCE AND IN THE INTEREST OF JUSTICE.

As discussed in the moving papers, this Court need only make two findings to determine whether to transfer this case to the district court in Massachusetts, *i.e.*, that the transferee court is one in which the action could have been commenced originally and that the convenience of the parties and the witnesses, and the interests of justice favor Massachusetts. *See* 28 U.S.C. §1404(a); *Norwood v. Kirpatrick*, 349 U.S. 29, 30 (1955); *Colt Studio, Inc. v. Badpuppy Enterprise*, 75 F. Supp. 2d 1104, 1112 (C.D. Cal. 1999).

Plaintiffs' opposition relies solely on one case in which the court applied a "co-conspirator theory of venue" under the Securities and Exchange Act of 1934. Pls.' Opp. at 7:20-9:6 (citing *Sec. Inv. Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)). This case involves neither securities violations nor co-conspirators. *Compare Vigman*, 764 F.2d at 1317 (liberal policy behind securities laws requires balance of factors to strongly favor defendants before plaintiff's choice of forum is disturbed). Thus, no such theory applies here.

Plaintiffs additionally name a number of potential witnesses located in California, some of whom are plaintiffs or agents of plaintiffs, and argue that convenience is established on this basis. Pls.' Opp. at 8:1-9:3. However, plaintiffs fail to rebut defendant's authority and showing that, under the convenience and interests of justice analysis, there are <u>six</u> factors to be

-4-

considered. Moreover, the convenience of the witnesses is not to be afforded any greater weight than the other factors. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1105 (N.D. Cal. 2001); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986); *see also Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co.*, 874 F. Supp. 601 (S.D.N.Y. 1995) (venue not to be determined by plaintiff's residence).

Rather, these six factors –plaintiff's choice of forum; the convenience of the parties; the convenience of the witnesses; the availability of compulsory process and the cost to obtain attendance of unwilling third-party witnesses; ease of access to the evidence; and the avoidance of unnecessary problems in conflict of laws – are part of an individualized, totality of the circumstances analysis. *See Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Without authority, plaintiffs dismiss the factors of judicial economy, ease of access to proof, availability of compulsory process, and relative means as without significant weight. Pls.' Opp. at 9:4-5. But as demonstrated in the moving papers, Dr. Rothschild would be greatly burdened if he were forced to litigate this claim three thousand miles away from his home, students and patients; that Dr. Rothschild's financial means are nowhere near that of the plaintiff pharmaceutical company and its principals; and that at least *three*[2] other witnesses are located in Massachusetts.

Plaintiffs argue that because Dr. Rothschild travels in order to attend conferences, his absence can be presumed not to prejudice the health of his patients. Pls.' Opp. at 8:15-17. In so arguing, plaintiffs ignore the fact that deciding whether to attend a conference is a very different decision than that of defending litigation. For one thing, Dr. Rothschild has the ability to work around the needs of his severely ill patients when he considers whether to attend a conference. Moreover, Dr. Rothschild has only been to California three times in the last ten years, for a brief period of no more than three days per occasion. *See* Declaration of Dr. Anthony Rothschild ("Rothschild Decl."), ¶ 5. The sheer distance – about 3000 miles – between Massachusetts and

---

[2] Plaintiffs have identified three Massachusetts residents as potential witnesses: Dr. Rothschild, Jay Patel, and Maurizio Fava.

-5-

REPLY BRIEF ISO MOTION TO DISMISS
FOR IMPROPER VENUE

Case No. C 07-03795 JW

California undermines plaintiffs' argument that Dr. Rothschild's absence from Massachusetts will have the same effect whether the case is litigated in California and Massachusetts.

The heavy burden that litigating this matter in California will place on Dr. Rothschild, his students, and his severely ill patients favor the transfer of this matter to the District of Massachusetts in the interests of justice.

## IV. CONCLUSION

For the reasons stated above, defendant Dr. Rothschild respectfully requests that the Court dismiss this action, or in the alternative, transfer it to the District of Massachusetts.

Dated: November 5, 2007

HOLLAND & KNIGHT LLP

/s/ Robert A. Bleicher

Robert A. Bleicher
Shelley G. Hurwitz
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910

Attorneys for Defendant
ANTHONY ROTHSCHILD

# 4895250_v3