Robert A. Bleicher (Bar No. 111334)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910

Shelley G. Hurwitz (SBN 217566)
HOLLAND & KNIGHT LLP
633 W. Fifth Street, 21st Floor
Los Angeles, California 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450

Attorneys for Defendant
Anthony Rothschild

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC., Corporation, JOSEPH K. BELANOFF, an individual, ALAN F. SCHATZBERG, an individual<br><br>    Plaintiffs,<br><br>    vs.<br><br>ANTHONY ROTHSCHILD, DOE 1, an individual, DOE 2, an individual, and DOES 3 through 20, inclusive,<br><br>    Defendants. | Case No.: C 07-03795 JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING THE DISPOSITION OF DEFENDANT DR. ANTHONY ROTHSCHILD'S APPEAL TO THE NINTH CIRCUIT**<br><br>**Date:** June 9, 2008<br>**Time:** 9:00 am<br>**Courtroom:** 8<br>**Judge:** Hon. James Ware<br><br>[Filed concurrently with Notice of Motion, Declaration of Robert A. Bleicher In Support Of, Non-Federal Authorities, [Proposed] Order] |

///

///

///

///

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

Defendant Dr. Anthony Rothschild ("Dr. Rothschild") respectfully requests a stay of this

4

Court's proceedings, including discovery, pending disposition of Dr. Rothschild's appeal of this

5

Court's denial of his Motion to Dismiss Pursuant to California's Anti-SLAPP Statute.

6

The protection of California's anti-SLAPP statute is a substantive immunity from suit.

7

*Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003).  Indeed, "[t]he point of the anti-SLAPP

8

statute is that you have a right not to be dragged through the courts because you exercised your

9

constitutional rights." *People ex rel. Lockyer v. Brar*, 115 Cal. App. 4th 1315, 1317 (2004).

10

Permitting proceedings to continue while the appeal is pending would incongruously and

11

irreparably result in rendering Dr. Rothschild's appeal moot – and defy the very purpose of the

12

anti-SLAPP statute -- by eliminating the need for immunity from suit.

13

Dr. Rothschild will be further irreparably injured if forced to incur the expense and

14

burden of discovery and trial court proceedings when there is a prospect that the Ninth Circuit

15

will dismiss this entire action.  If the Ninth Circuit rules that plaintiffs' claims should be stricken,

16

Dr. Rothschild will be entitled to recover his fees and costs incurred in filing the anti-SLAPP

17

motion, but may not be able to recover fees and costs incurred engaging in discovery and further

18

trial court proceedings.  Thus, absent a stay, Dr. Rothschild is exposed to significant

19

nonrecoverable out-of-pocket expenses.

20

This threatened harm to Dr. Rothschild is direct and immediate, and the balance of the

21

hardships tips markedly in favor of a stay.  In comparison to the irreparable harm that Dr.

22

Rothschild faces, plaintiffs – who have already conducted extensive discovery in this matter --

23

face only the inconvenience of delay until such time as the appeal is resolved.  As it has been six

24

years since the conduct that plaintiffs complain of began, and three years since it ceased, a delay

25

of a number of months in advancing this case to trial will not prejudice plaintiffs.  Indeed, any

26

contention by plaintiffs that this matter should proceed to trial because they have suffered

27

economic and reputational injury is wholly groundless as Dr. Schatzberg was recently elected to

28

the highly public position of the President of the American Psychiatric Association, and Corcept,

1

1    just last month, announced a $85 million capital infusion.  Not surprisingly, four anonymous

2    postings on a Yahoo message board have had no effect on plaintiffs economically or personally.

3    Thus, any alleged need to prevent continuing injury, and redress past injuries is entirely moot.  \

4        Because there is a strong likelihood that defendants will prevail on the merits of the

5    appeal (or, at a minimum, because the appeal raises a serious legal issue), an interim stay of the

6    district court's proceedings is appropriate under the equitable standards that govern this motion.

7    Moreover, it would promote economy of time and effort for this Court to delay its work on this

8    case when the prospect exists that the Ninth Circuit may dismiss this action, rendering such

9    effort by the trial court moot.  Before the parties and the court invest substantial time and

10   resources in this matter, Dr. Rothschild respectfully urges that this court issue an immediate stay

11   of any further district court proceedings, including discovery.

12       Finally, because the immunity secured by the California anti-SLAPP statute is a

13   *substantive* immunity from suit, a federal court sitting in diversity should look to state law to

14   determine the extent of the immunity, and thus the appropriateness of a stay.  Under California

15   law, an appeal of a denial of an anti-SLAPP motion automatically stays all further trial court

16   proceedings on the merits upon the causes of action affected by the motion.  Therefore, this

17   Court sitting in diversity, should look to state law to determine the appropriateness of a stay, and

18   stay these proceedings until the disposition of the appeal by the Ninth Circuit.

19   **II.    PROCEDURAL HISTORY**

20       This matter was originally filed in the Superior Court on October 25, 2005, and timely

21   removed to this Court on July 24, 2007.  Bleicher Decl.,¶2.  Plaintiffs allege that someone

22   utilizing the internet screen names "corceptisafraud" and "stanfordinsider" posted statements on

23   a Yahoo internet message board regarding the efficacy of plaintiff Corcept Therapeutics, Inc.'s

24   ("Corcept's") drug, CORLUX, specifically that there is no scientific evidence that it is effective

25   for psychotic depression, that Corcept knew that it was ineffective, that insiders were selling

26   their Corcept stock, and that there were four cardiac related deaths during clinical trials of the

27   drug.  FAC, ¶¶16&23.  Plaintiffs contend that these statements were posted by Dr. Rothschild,

28   and that the statements are false and defamatory.  FAC, ¶¶17&24.  Plaintiffs further allege that

2

1    Dr. Rothschild "pursued a calculated strategy to inflict emotional distress on plaintiffs Joseph

2    Belanoff and Alan Schatzberg" by, essentially, making prank telephone calls. FAC, ¶30.

3        On August 8, 2007, Dr. Rothschild filed a Special Motion To Strike Pursuant To

4    California's Strategic Lawsuit Against Public Participation (Anti-Slapp) Statute (the "SLAPP

5    Motion"). Bleicher Decl., ¶3. On March 31, 2008, this Court issued an order denying the

6    SLAPP Motion. Exh. 1. As an order denying a motion under California's Anti-Slapp statute is

7    immediately appealable, Dr. Rothschild filed a timely Notice of Appeal on April 16, 2008. Exh.

8    2. *Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007)("[T]he denial of an anti-SLAPP motion is

9    immediately appealable pursuant to the collateral order doctrine."); *Batzel v. Smith*, 333 F.3d

10   1018 (9th Cir. 2003). No trial date has yet been set in this matter, and, other than the instant

11   motion, there are no pending motions. Bleicher Decl., ¶5. The parties will attend a Case

12   Management Conference on May 5, 2008. Bleicher Decl., ¶5.

13       The parties are assigned to Court Mediation, before Debra Mellinkoff, Esq., on June 11,

14   2008. Bleicher Decl., ¶6. All parties have agreed to continue with the mediation as scheduled.

15   Bleicher Decl., ¶6.

16   **III.    THE TRIAL COURT PROCEEDINGS SHOULD BE STAYED PENDING THE**

17   **NINTH CIRCUIT'S RESOLUTION OF DEFENDANT'S APPEAL.**

18       In ruling on a motion to stay district court proceedings, courts apply traditional equitable

19   criteria. *See Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). Basically, the court must employ a

20   balancing test, considering: (1) the moving party's probability of success on appeal, (2) the

21   relative hardships to the parties, and (3) the public interest. *Golden Gate Restaurant Ass'n v.*

22   *City and County of San Francisco,* 512 F.3d 1112 (9th Cir. 2008). In the Ninth Circuit, these

23   criteria are incorporated into "two interrelated legal tests" that are "not separate but rather

24   represent the outer reaches of a single continuum":

25           At one end of the continuum, the moving party is required to show
             both a probability of success on the merits and the possibility of
26           irreparable injury. At the other end of the continuum, the moving
             party must demonstrate that serious legal questions are raised and
27           that the balance of hardships tips sharply in its favor.

28

MPA ISO Motion to Stay Pending the Disposition                          Case No.: C 07-03795 JW
Of Def. Dr. Anthony Rothschild's Appeal to the Ninth Circuit

1    *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)(citations and internal quotation marks

2    omitted). These "two formulations represent two points on a sliding scale in which the required

3    degree of irreparable harm increases as the probability of success decreases." *United States v.*

4    *Odessa,* 833 F.2d 172, 174 (9th Cir. 1987). In this Circuit, "[t]he relative hardship to the parties

5    is the critical element in deciding at which point along the continuum a stay is justified." *Lopez,*

6    713 F.2d at 1435.

7          A.    **Dr. Rothschild Will Suffer Irreparable Injury Absent A Stay.**

8               1.    **Absent a Stay, Dr. Rothschild Will Be "Dragged Through The**

9                      **Courts," a Circumstance That The Anti-SLAPP Statute Was Enacted**

10                     **To Prevent.**

11         The protection of California's anti-SLAPP statute is a substantive immunity from suit.

12   *Batzel v. Smith,* 333 F.3d 1018, 1025 (9th Cir. 2003). "The purpose of the anti-SLAPP statute is

13   to allow early dismissal of meritless first amendment cases aimed at chilling expression through

14   costly, time-consuming litigation." *Verizon Delaware, Inc. v. Covad Communications Co.,* 377

15   F.3d 1081, 1090 (9th Cir. 2004)(internal citations omitted). Because these meritless lawsuits

16   seek to deplete "the defendant's energy" and drain "his or her resources" (*Simmons v. Allstate*

17   *Ins. Co.,* 92 Cal. App. 4th 1068, 1074 (2001)), the Legislature sought "to prevent SLAPPs by

18   ending them early and without great cost to the SLAPP target." *Equilon Enterprises v.*

19   *Consumer Cause, Inc.*, 29 Cal.4th 53, 65 (2002).

20         The anti-SLAPP statute therefore establishes a procedure where the trial court evaluates

21   the merits of the lawsuit at an early stage of the litigation. California Code Civil Procedure

22   §425.16. In doing so, section 425.16 seeks to limit the costs of defending against such a lawsuit.

23   *See Equilon Enterprises*, 29 Cal.4th 53 (noting that the "short time frame for anti-SLAPP filings

24   and hearings" and the "stay of discovery" pending resolution of the motion evidences the

25   Legislature's intent to minimize the litigation costs of SLAPP targets). Indeed, "[t]he point of the

26   anti-SLAPP statute is that you have a right not to be dragged through the courts because you

27   exercised your constitutional rights." *People ex rel. Lockyer v. Brar,* 115 Cal. App. 4th 1315,

28   1317 (2004).

> The protections afforded by the anti-SLAPP statute against the harassment and burdens of litigation are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process.

*Varian Medical Systems, Inc. v. Delfino,* 35 Cal. 4th 180 (2005) quoting *Fabre v. Walton,* 781 N.E.2d 780, 784 (Mass. 2002).

It is for this reason that the denial of a motion under the anti-SLAPP statute is immediately appealable in both state and federal courts. *See Batzel v. Smith,* 333 F.3d 1018, 1025 (9th Cir. 2003); C.C.P. §425.16(i). If Dr. Rothschild is required to conduct discovery, engage in motion practice, prepare for trial, and otherwise "be dragged through the courts" pending the appeal, he will be deprived of the immunity from suit expressly intended by the anti-SLAPP statute prior to a decision from the Ninth Circuit. In other words, absent a stay, Dr. Rothschild will have endured the very evils that the statute was enacted to prevent, harms that cannot be remedied if the Ninth Circuit later concludes that this matter should have been dismissed prior to the conduct of discovery, etc.

As such, permitting discovery and the trial court proceedings to continue while the appeal is pending would effectively eviscerate one of the essential goals of California's Anti-SLAPP Statute.

### 2.  **Dr. Rothschild Will Be Unnecessarily Forced To Incur Costs That May Not Be Recoverable.**

In addition, Dr. Rothschild will be irreparably injured if forced to incur the expense and burden of discovery and further trial court proceedings when there is a prospect that the Ninth Circuit will dismiss this entire action. If the Ninth Circuit rules that plaintiffs' claims should be stricken, Dr. Rothschild will be entitled to recover his fees and costs incurred in filing the anti-SLAPP motion, but may not be able to recover fees and costs incurred engaging in discovery and further trial court proceedings. *See* C.C.P. §425.16(c)("[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs"). Thus, absent a stay, Dr. Rothschild is exposed to significant nonrecoverable out-of-pocket expenses.

5
MPA ISO Motion to Stay Pending the Disposition
Of Def. Dr. Anthony Rothschild's Appeal to the Ninth Circuit
Case No.: C 07-03795 JW

1    **B.    Plaintiffs Will Not Be Prejudiced If This Matter Is Stayed Pending Appeal.**

2        Conversely, plaintiffs will not be prejudiced by the grant of a stay.  If the Ninth Circuit

3    affirms this Court's decision, the only consequence to plaintiffs is that this matter will be delayed

4    a number of months.  However, the Yahoo postings that are the subject of the Complaint

5    occurred in 2005, and the prank telephone calls occurred in 2002 and 2003.  FAC¶¶16, 23, 30.

6    The original Complaint in this matter was filed on October 25, 2005.  As it has been six years

7    since the conduct that plaintiffs complain of began, and three years since it ceased; a delay of a

8    number of months in advancing this case to trial will not prejudice plaintiffs.

9        Indeed, any contention by plaintiffs that this matter should proceed to trial because they

10   have suffered economic and reputational injury (FAC, ¶¶19, 26) is wholly groundless as Dr.

11   Schatzberg was recently elected to the highly public position of the President of the American

12   Psychiatric Association (Bleicher Decl.,¶8), and Corcept, just last month, announced a $85

13   million capital infusion. Exh. 3.  Not surprisingly, four anonymous postings on a Yahoo message

14   board have had no effect on plaintiffs economically or personally.  Thus, any alleged need to

15   prevent continuing injury and redress past injuries is entirely moot.

16       Moreover, plaintiffs have already conducted extensive discovery in this matter: plaintiffs

17   searched Dr. Rothschild's work computer, his laptop computer, his telephone records at work;

18   they hired technology experts to examine his cell phone and pager, subpoenaed documents from

19   Yahoo and other internet providers, subpoenaed documents from hotels, subpoenaed records

20   from the American Psychiatric Association; they took his deposition for a full day.  Declaration

21   of Dr. Rothschild filed in support of SLAPP Motion, ¶5.  Indeed, although Dr. Rothschild has

22   not yet conducted *any* discovery, one is hard pressed to envision what additional discovery

23   plaintiffs could conduct.

24       Thus, the balance of hardships tips sharply in favor of the issuance of a stay pending Dr.

25   Rothschild's appeal.

26

27

28

MPA ISO Motion to Stay Pending the Disposition                          Case No.: C 07-03795 JW
Of Def. Dr. Anthony Rothschild's Appeal to the Ninth Circuit

C.    **Dr. Rothschild's Appeal, At A Minimum, Raises Serious Legal Questions Regarding The Applicability Of The Anti-SLAPP Statute.**

The Court denied Dr. Rothschild's anti-SLAPP motion without prejudice on the basis that "since the case is at the pleading stage, the Court does not have sufficient information to determine" whether the efficacy of mifepristone is a matter of public interest.  Order, p. 12:3-10, Exh. 1.  Dr. Rothschild's appeal will raise the serious legal question of whether a trial court can delay ruling on an anti-SLAPP motion until discovery and investigation are conducted, or if the issue of whether a matter is of the public interest must be determined at the outset, based upon information available to the parties and to the court at the time that a SLAPP motion is filed. The Ninth Circuit's assessment of this issue will have serious consequences for defendants seeking the protection of the anti-SLAPP statute, protection that the Legislature has declared is very much needed.  *See* C.C.P. §425.16(a)("The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.")

In addition, Dr. Rothschild respectfully submits that he is likely to prevail on appeal.  The Ninth Circuit reviews a district court's denial of an anti-SLAPP motion de novo.  *Zamani v. Carnes,* 491 F.3d 990 (9th Cir. 2007).  If the Ninth Circuit determines that sufficient evidence did exist to determine that the efficacy of mifepristone is an issue of public interest, it will then examine plaintiffs' probability of success on the merits, an exercise that this Court did not undertake.  Dr. Rothschild respectfully submits that if this Court had done so, it would have concluded that he did not make the alleged postings, and that whoever posted the messages, the "gist" and "sting" of the postings are either substantially true or constitute nonactionable opinion absolutely protected by law.  Therefore, and because plaintiffs cannot establish the predicate "actual malice," plaintiffs cannot demonstrate a probability of success on the merits of their claims and the Ninth Circuit will likely rule that the anti-SLAPP motion to dismiss should have been granted.

1    **D.    A Stay Will Promote Economy Of Time And Efficiency For The Court.**

2    The Court has "inherent power to control the disposition of the causes on its docket in a

3    manner which will promote economy of time and effort for itself, for counsel, and for litigants."

4    *Filtrol Corp. v. Kelleher,* 467 F.2d 242 (9th Cir. 1972)(citation omitted).  It would promote

5    economy of time and effort for this Court to delay its work on this case when the prospect exists

6    that the Ninth Circuit may dismiss this action, rendering such effort by the trial court moot.

7    Indeed, the likelihood that this court will need to address discovery motions is high in this case

8    because it is not unusual for such issues to arise when, as Dr. Rothschild intends to do, a

9    defendant seeks the production of testing and trial documents from a pharmaceutical company.

10    Therefore, Dr. Rothschild respectfully submits that the issuance of a stay pending appeal will

11    promote judicial efficiency.

12    **IV.    THE SUBSTANTIVE STATE LAW – WHICH THIS COURT SITTING IN**

13    **DIVERSITY MUST APPLY -- DICTATES THAT ALL PROCEEDINGS BE**

14    **STAYED PENDING THE APPEAL.**

15    The immunity secured by the California anti-SLAPP statute is a *substantive* immunity

16    from suit.  *Batzel v. Smith,* 333 F.3d 1018, 1025 (9th Cir. 2003).  As such, under the doctrine of

17    *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938), a federal court sitting in diversity should look to

18    state law to determine the extent of the immunity, and thus the appropriateness of a stay.  *See*

19    *Kohlrautz v. Oilmen Participation Corp.,*441 F.3d 827 (9th Cir. 2006)(State as opposed to

20    federal substantive law of official immunity for court-appointed receivers applied to state law

21    cause of action in diversity suit for alleged tortious abuse of process); *Herb Hallman Chevrolet,*

22    *Inc. v. Nash-Holmes,* 169 F.3d 636 (9th Cir. 1999)(For purposes of determining whether county

23    prosecutors were protected from liability by absolute prosecutorial immunity for their conduct in

24    impaneling grand jury, the degree of strength required to establish probable cause was

25    determined by state law); *Pierce v. Multnomah County, Or.,* 76 F.3d 1032 (9th Cir. 1996)(For

26    purposes of determining availability of qualified immunity to law enforcement officer, federal

27    courts must determine reasonableness of arrest in reference to state law governing the arrest).

28

MPA ISO Motion to Stay Pending the Disposition                                    Case No.: C 07-03795 JW
Of Def. Dr. Anthony Rothschild's Appeal to the Ninth Circuit

1    Under California law, an appeal of a denial of an anti-SLAPP motion "automatically

2    stays all further trial court proceedings on the merits upon the causes of action affected by the

3    motion." *Varian Medical v. Delfino,* 35 Cal.4th 180, 186 (2005); *Mattel, Inc. v. Luce, Forward,*

4    *Hamilton & Scripps,* 99 Cal. App. 4th 1179, 1189-90 (2002)(anti-SLAPP appeal divested trial

5    court of jurisdiction to set trial date).[1] Therefore, this Court sitting in diversity, should apply

6    state law to determine the appropriateness of a stay.

7    In other words, when a Federal Court sitting in diversity examines a substantive

8    immunity, it must apply state law. Here, state law dictates that the immunity afforded by the

9    anti-SLAPP statute includes immunity from suit during the pendency of an appeal. Therefore,

10   this Court should stay these proceedings until the disposition of the appeal by the Ninth Circuit.

11   **V.    CONCLUSION**

12   For the reasons stated above, Dr. Rothschild respectfully requests that the Court grant the

13   instant motion, and stay this action, including discovery, pending the Ninth Circuit Resolution of

14   Dr. Rothschild's appeal.

15   Dated:  April 28, 2008                    HOLLAND & KNIGHT LLP

16

17                                            Robert A. Bleicher
                                              Shelley G. Hurwitz
18                                            Attorneys for Defendant
                                              ANTHONY ROTHSCHILD

19

20

21

22

23

24

25

26

27   [1] Indeed, so strong is the Legislature's intent that a SLAPP defendant not be subject to the drain
     and cost of litigation, that the anti-SLAPP statute expressly requires an automatic stay on
28   discovery upon a filing of such a motion. C.C.P. §425.16(g)("All discovery proceedings in the
     action shall be stayed upon the filing of a notice of motion made pursuant to this section.")

9