# EXHIBIT 4

Westlaw.

92 Cal.App.4th 1068 Page 1
92 Cal.App.4th 1068, 112 Cal.Rptr.2d 397, 01 Cal. Daily Op. Serv. 8845, 2001 Daily Journal D.A.R. 10,965
**(Cite as: 92 Cal.App.4th 1068)**

LESTER A. SIMMONS et al., Cross-complainants and Appellants, v. ALLSTATE INSURANCE COMPANY, Cross-defendant and Respondent.
Cal.App.3.Dist.

LESTER A. SIMMONS et al., Cross-complainants and Appellants,
v.
ALLSTATE INSURANCE COMPANY, Cross-defendant and Respondent.
**No. C034619.**

Court of Appeal, Third District, California.
Sept. 14, 2001.

**[Opinion certified for partial publication.** FN* ]

FN* It is ordered that the opinion be published with the exception of parts I, II, III, V, and VI, pursuant to California Rules of Court, rules 976(b) and 976.1.

SUMMARY

The trial court, after striking defendants' cross-complaint under the provisions of the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16), denied defendants' request to amend the cross-complaint to remove any allegations that might be objectionable under the anti-SLAPP statute. (Superior Court of Sacramento County, No. 99AS03379, John R. Lewis, Judge.)

The Court of Appeal affirmed. The court held that the trial court properly denied defendants' request to amend. The anti-SLAPP statute makes no provision for amending the complaint once the trial court finds the requisite connection to protected speech, and none should be implied. Allowing a SLAPP plaintiff leave to amend the complaint once the trial court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from § 425.16's quick dismissal remedy. This would totally frustrate the Legislature's objective of providing a quick and inexpensive method of unmasking and dismissing such suits. (Opinion by Callahan, J., with Nicholson, Acting P. J., and Raye, J., concurring.)

HEADNOTES

Classified to California Digest of Official Reports

**(1a, 1b)** Pleading § 93--Motions and Objections--Motion to Strike Pleadings as a Whole--Anti-SLAPP Motion--Right to Amend Complaint.
The trial court, after striking defendants' cross-complaint under the provisions of the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16), properly denied defendants' request to amend the cross-complaint to remove any allegations that might be objectionable under the anti-SLAPP statute. The anti-SLAPP statute makes no provision for amending the complaint once the court finds the requisite connection to protected speech, and none should be implied. Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from § 425.16's quick dismissal remedy. This would totally frustrate the Legislature's objective of providing a quick and inexpensive method of unmasking and dismissing such suits.
[See 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 962; West's Key Number Digest, Pleading k. 360.]
**(2)** Pleading § 93--Motions and Objections--Motion to Strike Pleadings as a Whole--Anti-SLAPP Motion--Nature and Purpose.
Unlike demurrers or motions to strike, which are designed to eliminate sham or facially meritless allegations at the pleading stage, a motion to dismiss brought under the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16), like a summary judgment motion, pierces the pleadings and requires an evidentiary

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

showing. The test applied to a SLAPP motion is similar to that of a motion for summary judgment, nonsuit, or directed verdict. Evidence is considered, but not weighed. If the initial evidentiary burden is met by the moving party, the burden shifts to the party opposing the motion to avoid dismissal of the action.

COUNSEL
Law Offices of Wanland & Bernstein, Donald M. Wanland, Jr., Richard P. Bernstein and Daniel Boone for Cross-complainants and Appellants.
Manning & Marder, Kass, Ellrod, Ramirez, Dennis B. Kass, David J. Wilson and Julie Fleming for Cross-defendant and Respondent.

**CALLAHAN, J.**

California's anti-SLAPP statute (Code Civ. Proc., § 425.16; all further unspecified statutory references are to this code) allows dismissal, at an early stage, of a lawsuit designed primarily to chill the ***1070** exercise of First Amendment rights.[FN1] It permits a special motion to strike any cause of action designed to deter acts in furtherance of a person's right of petition or free speech. (§ 425.16, subd. (b).)

FN1 "SLAPP is an acronym for Strategic Lawsuit Against Public Participation. SLAPP litigation, generally, is litigation without merit filed to dissuade or punish the exercise of First Amendment rights of defendants." (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 858 [44 Cal.Rptr.2d 46](*Lafayette Morehouse*).)

In this case, Lester A. Simmons, Ute Simmons, and related business entities appeal from an order striking, as a SLAPP suit, a defamation-based cross-complaint they filed against Allstate Insurance Company (Allstate) in response to an unfair business practice suit by Allstate charging the Simmons defendants with bilking insurance companies and overtreating patients.

Seeking reversal, the Simmons defendants contend that Allstate never carried its burden of showing that the cross-complaint fell within the statutory definition; alternatively, if some of the allegations did fall into the SLAPP category, they claim the trial court erred in refusing to grant leave to amend the pleading to eliminate the offending verbiage.

We conclude the trial court correctly struck the cross-complaint and did not err in refusing leave to amend. We shall affirm and award Allstate attorney fees in connection with defending the appeal.

Procedural Overview

*Allstate's Complaint*

In June 1999, Allstate filed a complaint against Lester A. Simmons, individually and doing business as Lester A. Simmons, D.C., various other Simmons-related business entities, and Robert A. McAuley, M.D.[FN2] The opening paragraph aptly conveys the tenor of the complaint: "This action arises out of an illegal scheme to defraud Allstate, its insureds, as well as other insurers and their insureds, through the creation, submission and prosecution of fraudulent, inflated, and exaggerated medical bills and medical records, the performance of unnecessary medical tests and treatments, illegal ownership of chiropractic and medical corporations, the utilization of unlicensed physical therapists to treat patients, and related claims for insurance benefits."

FN2 Dr. McAuley, a physiatrist, is a principal shareholder along with Simmons in an entity known as RX Spinal Care, an entity which operates clinics under a variety of different names at a number of locations throughout the Sacramento area.

Allstate averred that defendants engaged in three main forms of illegal conduct: (1) intentional and consistent abuse of the American Medical ***1071** Association physicians' current procedural termino-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

92 Cal.App.4th 1068 Page 3
92 Cal.App.4th 1068, 112 Cal.Rptr.2d 397, 01 Cal. Daily Op. Serv. 8845, 2001 Daily Journal D.A.R. 10,965
**(Cite as: 92 Cal.App.4th 1068)**

logy codes by fraudulently increasing the amounts billed to Allstate and exaggerating the claims of patients; (2) operating chiropractic and medical clinics without valid licenses; and (3) employing unlicensed physical therapists.

Pursuant to the Unfair Practices Act (Bus. & Prof. Code, § 17200 et seq.), Allstate sought injunctive relief against defendants' allegedly deceptive and fraudulent practices, disgorgement of unlawful profits obtained by reason of their conduct, and payment of attorney fees and costs pursuant to section 1021.5.

*Simmons's Cross-complaint*

Lester A. Simmons, Ute Simmons, and their various business entities, including Owlstone Asset Management, Inc., which operates seven clinics in the Sacramento area (collectively Simmons), responded with a cross-complaint against Allstate and "Roes 1 through 500," who were alleged to be partners and other joint venturers of Allstate.

Contending that new laws have driven up Allstate's costs, the cross-complaint charges Allstate and other insurance companies with conspiring to force chiropractors such as Simmons out of business in retaliation for their refusal to accept managed care treatment and billing practices. Allstate has done this through maliciously filing frivolous lawsuits, waging a "media war ... through the use of slanderous, defamatory and libelous statements," making defamatory statements outside litigation, and wrongfully refusing to pay for authorized care and legitimate claims.

Based on this allegedly wrongful conduct, the cross-complaint posits nine tort causes of action, cast under a variety of legal theories. Notable among them is the slander cause of action, which alleges Allstate levied false charges that Simmons overtreats patients, uses a sham medical director, engages in tax and mail fraud, and is fleeing the country to avoid prosecution.

*The Motion to Strike*

Allstate brought a motion to strike the cross-complaint under section 425.16, on the ground that all of Simmons's causes of action arose out of statements in connection with issues under consideration by a judicial or executive body, as well as issues of public interest.

In support of the motion, Allstate asked the court to take judicial notice of certain documents, two of which reflect formal disciplinary proceedings ***1072** before the state Board of Chiropractic Examiners (the Board): a Board order denying Simmons's motion to dismiss an accusation filed by the state Department of Justice and a "Proposed Decision" which included factual findings, rendered by Administrative Law Judge Jaime Rene Roman.

The Board order denying the motion to dismiss found that Simmons, while holding an inactive license, improperly engaged in business activities requiring an active license, improperly advertised the rendering of physical therapy services, which is expressly prohibited by his license, inappropriately advertised his services and improperly solicited patients under the guise of cost-free participation in a scientific research study about pain. The proposed decision found that Simmons had engaged in numerous violations of the Chiropractic Act, including (1) performing examinations with no regard for medical necessity; (2) referring patients, regardless of their medical condition, to Dr. McAuley, who found justification for chiropractic care that was not medically necessary or justified; (3) "inappropriately and fraudulently" billing for levels of service or services not rendered to patients; (4) routinely and fraudulently billing for unperformed X-rays and submitting X-ray reports that were either medically unjustified or not rendered; and (5) tying the rendering of services to employee bonuses, thereby impairing the application of unfettered, conflict-free chiropractic judgment. Characterizing Simmons as "a businessman, not a professional, focused primarily on profit, statistics, productivity, formal legalities, and the receipt of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

account receivables," Judge Roman's decision orders revocation of Simmons's license to practice chiropractic and reimbursement to the Board of $88,000 in prosecution and enforcement costs.

Allstate also asked the court to take judicial notice of other actions filed by various insurance companies against Simmons for unfair business practices. Simmons opposed the motion to strike and objected to the request for judicial notice.

At the hearing on the motion Simmons's counsel, faced with an adverse tentative ruling, asked the court to grant Simmons leave to amend the cross-complaint. The court issued an order striking Simmons's cross-complaint and denied leave to amend.

Appeal

I-III FN*

FN* See footnote, *ante*, page 1068.

. . . . . . . . . . .***1073**

IV. *Leave to Amend*

(1a) Simmons's other major argument is that the court should have granted his oral request for leave to amend the cross-complaint so as to remove any allegations that might be "objectionable" under the anti-SLAPP statute. He reasons that SLAPP motions are analogous to demurrers and motions to strike, in which it is recognized that leave to amend should be liberally granted.

Simmons's premise is faulty. (2) Unlike demurrers or motions to strike, which are designed to eliminate sham or facially meritless allegations, at the *pleading* stage a SLAPP motion, like a summary judgment motion, *pierces* the pleadings and requires an evidentiary showing. As we observed in *Kyle v. Carmon* (1999) 71 Cal.App.4th 901 [84 Cal.Rptr.2d 303], the test applied to a SLAPP motion is similar to that of a motion for summary judgment, nonsuit, or directed verdict. (71 Cal.App.4th at pp. 907-908.)Evidence is considered, but not weighed. If the initial evidentiary burden is met by the moving party, the burden shifts to the party opposing the motion to avoid dismissal of the action. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 646 [49 Cal.Rptr.2d 620](*Scientology*).)

(1b) As Simmons concedes, the anti-SLAPP statute makes no provision for amending the complaint once the court finds the requisite connection to First Amendment speech. And, for the following reasons, we reject the notion that such a right should be implied.

In enacting the anti-SLAPP statute, the Legislature set up a mechanism through which complaints that arise from the exercise of free speech rights "can be evaluated at an early stage of the litigation process" and resolved expeditiously. (*Lafayette Morehouse, supra*,37 Cal.App.4th at p. 865.)Section 425.16 is just one of several California statutes that provide "a procedure for exposing and dismissing certain causes of action lacking merit." (*Lafayette Morehouse, supra,* at p. 866.)

Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy. Instead of having to show a probability of success on the merits, the SLAPP plaintiff would be able to go back to the drawing board with a second opportunity to disguise the vexatious nature of the suit through more artful pleading. This would trigger a second round of pleadings, a fresh motion to strike, and inevitably another request for leave to amend. ***1074**

By the time the moving party would be able to dig out of this procedural quagmire, the SLAPP plaintiff will have succeeded in his goal of delay

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

92 Cal.App.4th 1068 Page 5
92 Cal.App.4th 1068, 112 Cal.Rptr.2d 397, 01 Cal. Daily Op. Serv. 8845, 2001 Daily Journal D.A.R. 10,965
**(Cite as: 92 Cal.App.4th 1068)**

and distraction and running up the costs of his opponent. (See *Dixon v. Superior Court* (1994) 30 Cal.App.4th 733, 741 [36 Cal.Rptr.2d 687].) Such a plaintiff would accomplish indirectly what could not be accomplished directly, i.e., depleting the defendant's energy and draining his or her resources.(*Scientology*, *supra*,42 Cal.App.4th at p. 645.)This would totally frustrate the Legislature's objective of providing a quick and inexpensive method of unmasking and dismissing such suits. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 823 [33 Cal.Rptr.2d 446].)

We conclude the omission of any provision in section 425.16 for leave to amend a SLAPP complaint was not the product of inadvertence or oversight. Accordingly, we refuse Simmons's invitation to read into section 425.16 an implied right of leave to amend. On the contrary, we believe that granting leave to amend the complaint after the court finds the defendant had established its prima facie case would be jamming a procedural square peg into a statutory round hole.

V, VI [FN*]

FN* See footnote, *ante*, page 1068.

. . . . . . . . . . .

Disposition

The order appealed from is affirmed. The cause is remanded to the trial court to award reasonable attorney fees to Allstate for this appeal. Allstate shall recover costs.

Nicholson, Acting P. J., and Raye, J., concurred.
***1075**
Cal.App.3.Dist.
Simmons v. Allstate Ins. Co.
92 Cal.App.4th 1068, 112 Cal.Rptr.2d 397, 01 Cal. Daily Op. Serv. 8845, 2001 Daily Journal D.A.R. 10,965

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 5

Westlaw.

106 P.3d 958 Page 1

35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531

**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

Varian Medical Systems, Inc. v. Delfino
Cal.,2005.

Supreme Court of California
VARIAN MEDICAL SYSTEMS, INC., et al., Plaintiffs and Respondents,
v.
Michelangelo DELFINO et al., Defendants and Appellants.
**No. S121400.**

March 3, 2005.

**Background:** Former corporate employer and individual executives brought action alleging defamation, invasion of privacy, and conspiracy against former employees who were posting thousands of disparaging messages on Internet bulletin boards. The Superior Court, Santa Clara County, No. CV780187,Jack Komar and Ronald Kline, JJ., denied defendants' motions to strike complaint as strategic lawsuit against public participation (anti-SLAPP motions). Defendants appealed, and filed petition for writ of supersedeas seeking to stay further trial court proceedings pending appeal. The Court of Appeal summarily denied petition, the trial court proceeded to trial and entered judgment for plaintiffs in accordance with jury verdict, and the Court of Appeal dismissed as moot defendants' appeal from order denying their anti-SLAPP motions. Defendants appealed the judgment. The Court of Appeal affirmed as modified. The Supreme Court granted review, superseding the opinion of the Court of Appeal.

**Holdings:** The Supreme Court, Brown, J., held that:
(1) appeal from denial of anti-SLAPP motion automatically stays all further trial court proceedings on causes of action affected by motion, and
(2) trial court lacked subject matter jurisdiction during pendency of appeal, and thus judgment for plaintiffs was void.

Reversed and remanded.

George, C.J., filed concurring and dissenting opinion.

Opinion, 6 Cal.Rptr.3d 325, superseded.

West Headnotes

**[1] Appeal and Error 30 ⚷458(1)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k458 Right to Supersedeas or Stay in General
30k458(1) k. In General. Most Cited Cases

Purpose of statute providing that perfecting of appeal stays trial court proceedings on judgment or order appealed from or matters embraced or affected by appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided; the automatic stay prevents the trial court from rendering an appeal futile by altering the appealed judgment or order or by conducting other proceedings that may affect it. West's Ann.Cal.C.C.P. § 916(a).

**[2] Appeal and Error 30 ⚷460(2)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k460 Operation of Appeal or Writ of Error and Necessity for Security or Allowance
30k460(2) k. Nature of Judgment or Decree. Most Cited Cases

Whether a matter is "embraced" or "affected" by a judgment or order, within the meaning of the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, depends on whether postjudgment or post-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 2
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)

order proceedings on the matter would affect the "effectiveness" of the appeal; if so, the proceedings are stayed and, if not, the proceedings are permitted. West's Ann.Cal.C.C.P. § 916(a).

**[3] Appeal and Error 30 ⚿460(2)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k460 Operation of Appeal or Writ of Error and Necessity for Security or Allowance
30k460(2) k. Nature of Judgment or Decree. Most Cited Cases

The fact that a postjudgment or postorder proceeding may render the appeal from such judgment or order moot is not, by itself, enough to establish that the proceeding affects the effectiveness of the appeal and should be stayed under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal; the trial court proceeding must directly or indirectly seek to enforce, vacate, or modify the appealed judgment or order, or the proceeding must substantially interfere with the appellate court's ability to conduct the appeal. West's Ann.Cal.C.C.P. § 916(a).

**[4] Appeal and Error 30 ⚿460(1)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k460 Operation of Appeal or Writ of Error and Necessity for Security or Allowance
30k460(1) k. In General. Most Cited Cases

A trial court proceeding affects the effectiveness of an appeal, and thus is subject to a stay under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, if the possible outcomes on appeal and the actual or possible results of the proceeding are irreconcilable. West's Ann.Cal.C.C.P. § 916(a).

**[5] Divorce 134 ⚿284**

134 Divorce
134V Alimony, Allowances, and Disposition of Property
134k278 Appeal
134k284 k. Effect of Appeal. Most Cited Cases

An appeal from the denial of a motion to vacate a spousal support order precludes the trial court from terminating its jurisdiction over spousal support, under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, because the termination of jurisdiction is irreconcilable with possible outcomes on appeal. West's Ann.Cal.C.C.P. § 916(a).

**[6] Mortgages 266 ⚿575**

266 Mortgages
266X Foreclosure by Action
266X(P) Review
266k575 k. Effect of Appeal or Other Proceeding. Most Cited Cases

An appeal from an order declaring that the plaintiffs take nothing by way of deficiency after a judicial foreclosure precludes the trial court from setting aside the foreclosure, under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, because it would permit the plaintiffs to recover a deficiency judgment notwithstanding the appeal. West's Ann.Cal.C.C.P. § 916(a).

**[7] Appeal and Error 30 ⚿485(1)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k484 Scope and Effect as Stay
30k485 Proceeding in Cause in General
30k485(1) k. In General. Most Cited Cases

An appeal from a judgment on the pleadings precludes a trial court from granting leave to amend the complaint, under the statute providing that the perfecting of an appeal stays trial court proceedings

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 3
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)

on the judgment or order appealed from or matters embraced or affected by the appeal, because affirmance of the judgment is irreconcilable with an order granting leave to amend. West's Ann.Cal.C.C.P. § 916(a).

**[8] Appeal and Error 30 ⚷485(1)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k484 Scope and Effect as Stay
30k485 Proceeding in Cause in General
30k485(1) k. In General. Most Cited Cases

A trial court proceeding affects the effectiveness of an appeal in the case, and thus must be stayed under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, if the very purpose of the appeal is to avoid the need for that proceeding, in which case the proceeding itself is inherently inconsistent with a possible outcome on appeal. West's Ann.Cal.C.C.P. § 916(a).

**[9] Alternative Dispute Resolution 25T ⚷213(1)**

25T Alternative Dispute Resolution
25TII Arbitration
25TII(D) Performance, Breach, Enforcement, and Contest
25Tk204 Remedies and Proceedings for Enforcement in General
25Tk213 Review
25Tk213(1) k. In General. Most Cited Cases
(Formerly 33k23.30 Arbitration)

An appeal from the denial of a motion to compel arbitration automatically stays all further trial court proceedings on the merits under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal. West's Ann.Cal.C.C.P. § 916(a).

**[10] Appeal and Error 30 ⚷485(1)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k484 Scope and Effect as Stay
30k485 Proceeding in Cause in General
30k485(1) k. In General. Most Cited Cases

An appeal does not stay proceedings on ancillary or collateral matters in the trial court which do not affect the judgment or order on appeal, even though the proceedings may render the appeal moot. West's Ann.Cal.C.C.P. § 916(a).

**[11] Appeal and Error 30 ⚷438**

30 Appeal and Error
30VIII Effect of Transfer of Cause or Proceedings Therefor
30VIII(A) Powers and Proceedings of Lower Court
30k438 k. New Trial or Rehearing. Most Cited Cases

A motion for a new trial is collateral to the judgment and may proceed despite an appeal from the judgment.

**[12] Appeal and Error 30 ⚷442**

30 Appeal and Error
30VIII Effect of Transfer of Cause or Proceedings Therefor
30VIII(A) Powers and Proceedings of Lower Court
30k442 k. Collateral Actions or Proceedings. Most Cited Cases

The language and history of the lis pendens statute establish that a proceeding to expunge a lis pendens is collateral to an appeal from the judgment in the underlying action, and thus such proceeding is not subject to an automatic stay under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal. West's Ann.Cal.C.C.P. § 916(a); § 409.1 (Repealed).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 4
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)

**[13] Appeal and Error 30 485(1)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k484 Scope and Effect as Stay
30k485 Proceeding in Cause in General
30k485(1) k. In General. Most Cited Cases

A postjudgment or postorder proceeding is ancillary or collateral to the appeal, and thus is not subject to an automatic stay under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal despite its potential effect on the appeal, if the proceeding could or would have occurred regardless of the outcome of the appeal. West's Ann.Cal.C.C.P. § 916(a).

**[14] Appeal and Error 30 460(2)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k460 Operation of Appeal or Writ of Error and Necessity for Security or Allowance
30k460(2) k. Nature of Judgment or Decree. Most Cited Cases

An appeal from the denial of a preliminary injunction does not stay further trial court proceedings on the merits under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal; because the injunction amounts to a mere preliminary or interlocutory order to keep the subject of litigation in status quo pending the determination of the action on its merits, the affirmance or reversal of its denial does not and cannot eliminate the need for additional proceedings on the merits. West's Ann.Cal.C.C.P. § 916(a).

**[15] Appeal and Error 30 460(2)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k460 Operation of Appeal or Writ of Error and Necessity for Security or Allowance
30k460(2) k. Nature of Judgment or Decree. Most Cited Cases

An appeal from an order denying a motion to disqualify counsel does not automatically stay further trial court proceedings on the merits, under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, because such proceedings would occur regardless of whether the reviewing court affirms or reverses the order. West's Ann.Cal.C.C.P. § 916(a).

**[16] Appeal and Error 30 460(2)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k460 Operation of Appeal or Writ of Error and Necessity for Security or Allowance
30k460(2) k. Nature of Judgment or Decree. Most Cited Cases

Appeal from denial of motion to strike complaint as strategic lawsuit against public participation (anti-SLAPP motion) automatically stays all further trial court proceedings on causes of action affected by motion, under statute providing that perfecting of appeal stays trial court proceedings on matters embraced or affected by the appeal; appellate reversal of order denying such motion could result in dismissal of action, which outcome would be irreconcilable with judgment for plaintiff, and proceeding to merits of affected causes of action would be inherently inconsistent with appeal, which would seek to avoid that very result. West's Ann.Cal.C.C.P. §§ 425.16(j), 916(a).

*See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2003) ¶ 7:91:10 (CACIVAPP CH. 7-B).*

**[17] Pleading 302 358**

302 Pleading
302XVI Motions
302k351 Striking Out Pleading or Defense
302k358 k. Frivolous Pleading. Most Cited Cases

In determining whether an action should be stricken

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 5
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)

as a strategic lawsuit against public participation under the anti-SLAPP statute, the court must determine whether the defendant has made a threshold showing that the challenged cause of action arises from an act in furtherance of the right of petition or free speech in connection with a public issue, and then determine whether the plaintiff has demonstrated a probability of prevailing on the claim. West's Ann.Cal.C.C.P. § 425.16(b)(1).

**[18] Pleading 302 ⚷358**

302 Pleading
302XVI Motions
302k351 Striking Out Pleading or Defense
302k358 k. Frivolous Pleading. Most Cited Cases

**Pleading 302 ⚷360**

302 Pleading
302XVI Motions
302k351 Striking Out Pleading or Defense
302k360 k. Application and Proceedings Thereon. Most Cited Cases

Because meritless strategic lawsuits against public participation (SLAPP suits) seek to deplete defendant's energy and drain his or her resources, the Legislature sought to prevent SLAPP suits by ending them early and without great cost to the SLAPP target, and so enacted the anti-SLAPP statute, which establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary judgment-like procedure at an early stage of the litigation, in order to limit the costs of defending against such a lawsuit. West's Ann.Cal.C.C.P. § 425.16.

**[19] Appeal and Error 30 ⚷460(1)**

30 Appeal and Error
30IX Supersedeas or Stay of Proceedings
30k460 Operation of Appeal or Writ of Error and Necessity for Security or Allowance
30k460(1) k. In General. Most Cited Cases

The effect of an appeal from the judgment is purely a matter of statutory regulation, to be determined by a construction of the statute under which the appeal is taken, and thus courts have consistently looked to such statutes and their history for guidance in determining whether an appeal effects an automatic stay of a trial court proceeding under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal. West's Ann.Cal.C.C.P. § 916(a).

**[20] Appeal and Error 30 ⚷103**

30 Appeal and Error
30III Decisions Reviewable
30III(E) Nature, Scope, and Effect of Decision
30k103 k. On Motion Relating to Pleadings. Most Cited Cases

The Legislature enacted a provision making an order granting or denying a motion to strike a complaint as a strategic lawsuit against public participation (anti-SLAPP motion) appealable because, without the ability to appeal, a SLAPP defendant would have to incur the cost of a lawsuit before having his or her right to free speech vindicated. West's Ann.Cal.C.C.P. § 425.16(j).

**[21] Appeal and Error 30 ⚷449**

30 Appeal and Error
30VIII Effect of Transfer of Cause or Proceedings Therefor
30VIII(A) Powers and Proceedings of Lower Court
30k449 k. Interlocutory Appeals. Most Cited Cases

Trial court lacked subject matter jurisdiction over trial of suit by former corporate employer and individual executives against former employees who were posting thousands of disparaging messages on Internet bulletin boards, alleging defamation, invasion of privacy, and conspiracy, while appeal of trial court's denial of defendants' motions to strike complaint as strategic lawsuit against public parti-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 6
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

cipation (anti-SLAPP motions) was pending, and thus judgment for plaintiffs on jury verdict during pendency of appeal was void. West's Ann.Cal.C.C.P. §§ 425.16, 916(a).
*See 2 Witkin, Cal. Procedure (4th ed. 1997) Jurisdiction, § 319; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 228.*

**[22] Courts 106 ⚿4**

106 Courts
106I Nature, Extent, and Exercise of Jurisdiction in General
106k3 Jurisdiction of Cause of Action
106k4 k. In General. Most Cited Cases
The principle of matter jurisdiction relates to the inherent authority of the court involved to deal with the case or matter before it and thus, in the absence of subject matter jurisdiction, a trial court has no power to hear or determine the case.

**[23] Judgment 228 ⚿16**

228 Judgment
228I Nature and Essentials in General
228k16 k. Jurisdiction of the Person and Subject-Matter. Most Cited Cases
Any judgment or order rendered by a court lacking subject matter jurisdiction is void on its face.

**[24] Appeal and Error 30 ⚿436**

30 Appeal and Error
30VIII Effect of Transfer of Cause or Proceedings Therefor
30VIII(A) Powers and Proceedings of Lower Court
30k436 k. Transfer of Jurisdiction in General. Most Cited Cases
Under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, the trial court is divested of subject matter jurisdiction over any matter embraced in or affected by the appeal during the pendency of that appeal. West's Ann.Cal.C.C.P. § 916(a).

**[25] Appeal and Error 30 ⚿440**

30 Appeal and Error
30VIII Effect of Transfer of Cause or Proceedings Therefor
30VIII(A) Powers and Proceedings of Lower Court
30k440 k. Amendment of Proceedings. Most Cited Cases
Under statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal, any proceedings taken after the notice of appeal was filed, even subsequent proceedings curing any purported defect in the judgment or order appealed from, are a nullity. West's Ann.Cal.C.C.P. § 916(a).

**[26] Appeal and Error 30 ⚿436**

30 Appeal and Error
30VIII Effect of Transfer of Cause or Proceedings Therefor
30VIII(A) Powers and Proceedings of Lower Court
30k436 k. Transfer of Jurisdiction in General. Most Cited Cases
The portion of the state constitution providing that a cause shall not be reversed except for errors resulting in a miscarriage of justice has no bearing on the divestment of a trial court's subject matter jurisdiction when proceedings in the trial court are subject to an automatic stay under the statute providing that the perfecting of an appeal stays trial court proceedings on the judgment or order appealed from or matters embraced or affected by the appeal; the statute as a matter of logic, policy, and overwhelming precedent, divests a trial court of jurisdiction of the subject matter on appeal, and the constitutional provision cannot reconfer such jurisdiction. West's Ann.Cal. Const. Art. 6, § 13; West's Ann.Cal.C.C.P. § 916(a).

**[27] Courts 106 ⚿89**

106 Courts

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 7
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

106II Establishment, Organization, and Procedure
106II(G) Rules of Decision
106k88 Previous Decisions as Controlling or as Precedents
106k89 k. In General. Most Cited Cases

Where numerous precedents applying authoritative, settled statutory construction, which has been central to the analysis and holdings of these decisions, exist and the Legislature has done nothing, the principles underlying the doctrine of stare decisis apply with special force and it would be inappropriate to overrule or disapprove these precedents.

**[28] Appeal and Error 30 ⚷1166**

30 Appeal and Error
30XVII Determination and Disposition of Cause
30XVII(D) Reversal
30k1166 k. Jurisdictional Defects. Most Cited Cases

When there is an appeal from a void judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts.

**[29] Mandamus 250 ⚷187.9(1)**

250 Mandamus
250III Jurisdiction, Proceedings, and Relief
250k187 Appeal and Error
250k187.9 Review
250k187.9(1) k. Scope and Extent in General. Most Cited Cases

An appellate court must judge a writ petition on its procedural and substantive merits if the petition was the only authorized mode of appellate review, but the appellate court need not do so if the ruling could also be reviewed on appeal from the judgment ultimately entered in the action.

***__302__** Horvitz & Levy, Jon B. Eisenberg, Jeremy B. Rosen, Encino; Law Offices of Randall M. Widmann, Randall M. Widmann, Palo Alto; and Glynn P. Falcon, for Defendants and Appellants.

Cyrus Sanai, Los Angeles, as Amicus Curiae on behalf of Defendants and Appellants.

Levy, Ram & Olson, Karl Olson, San Francisco; Karlene W. Goller, Los Angeles; Thomas W. Newton; Harold W. Fuson, Jr., La Jolla; Stephen J. Burns, Sacramento; Jonathan Donnellan; Davis Wright Tremaine, Duffy Carolan, San Francisco; Levine Sullivan Koch & Schulz, James E. Grossberg, Palm Springs; Riegels Campos & Kenyon and Charity Kenyon, Sacramento, for California Newspaper Publishers Association, Los Angeles Times, Hearst Communications, Inc., The Copley Press, Inc., Ang Newspapers, Inc., McClatchy Newspapers, Inc., Press-Enterprise,*****303** Inc., Freedom Communications, Inc., and McNaughton Newspapers as Amici Curiae on behalf of Defendants and Appellants.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Tom Greene, Chief Assistant Attorney General, Theodora Berger, Assistant Attorney General, Edward G. Weil and Susan S. Fiering, Deputy Attorneys General, for Bill Lockyer, Attorney General of the State of California as Amicus Curiae on behalf of Defendants and Appellants.

Mark Goldowitz, Berkeley; Margaret C. Crosby, Los Angeles; Peter Eliasberg, Los Angeles; and Jordan Budd, for California Anti-SLAPP Project, American Civil Liberties Union Foundation of Northern California, ACLU Foundation of Southern California and American Civil Liberties Union Foundation of San Diego and Imperial Counties as Amici Curiae on behalf of Defendants and Appellants.

Orrick, Herrington & Sutcliffe, Lynne C. Hermle, Matthew H. Poppe, Menlo Park; Law Offices of Gerald Z. Marer, Gerald Z. Marer; Farella, Braun & Martel, Douglas R. Young, San Francisco; Pillsbury Winthrop, Thomas V. Loran III, Craig E. Stewart and Renée A. Jansen, San Francisco, for Plaintiffs and Respondents.

BROWN, J.

***186 **962** Under Code of Civil Procedure section 425.16, subdivision (b)(1),[FN1] a defendant may move to strike any cause of action " arising from any act ... in furtherance of the person's right of pe-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 8
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

tition or free speech under the United States or California Constitution in connection with a public issue...." If the plaintiff cannot demonstrate a "probability" of prevailing on that cause of action (§ 425.16, subd. (b)(1)), then the trial court must strike the cause of action and award the defendant attorney's fees and costs (§ 425.16, subd. (c)). In 1999, the Legislature made the denial of a special motion to strike under section 425.16 appealable. We now determine whether the perfecting of an appeal from the denial of a special motion to strike automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion. We conclude that it does.

FN1. All further undesignated statutory references are to the Code of Civil Procedure unless otherwise indicated.

**I.**

Plaintiffs and respondents Varian Medical Systems, Inc. (Varian Medical) and Varian Semiconductor Equipment Associates, Inc. (Varian Semiconductor) are publicly traded companies. Varian Medical manufactures a variety of medical products, and Varian Semiconductor manufactures equipment for use in the semiconductor chip manufacturing process. For purposes of this action, Varian Medical and Varian Semiconductor are the successors in interest to the ***187** original plaintiff, Varian Associates, Inc. (Varian Associates).[FN2] At the time of trial, plaintiff and respondent George Zdasiuk was a vice-president of Varian Medical, and plaintiff and respondent Susan ****963** Felch was a director at a Varian Semiconductor research center.

FN2. In 1999, Varian Associates reorganized into three independent public companies: Varian Medical, Varian Semiconductor, and Varian, Inc.

Defendants and appellants Michelangelo Delfino and Mary Day are former employees of Varian Associates. Zdasiuk fired Delfino in October 1998 for harassing Felch and other coworkers. Two months later, Day resigned in sympathy.

*****304** After leaving Varian Associates, Delfino and Day began posting numerous derogatory messages about plaintiffs on the Internet. In response, plaintiffs filed the instant action against Delfino in February 1999, alleging numerous federal and state causes of action [FN3] and seeking injunctive and monetary relief. Delfino then removed the action to federal court. In federal court, plaintiffs added Day as a defendant in July 1999. In April 2000, the federal court granted defendants partial summary judgment on plaintiffs' federal claim and remanded the action back to the superior court.

FN3. The original complaint alleged the following causes of action: (1) unfair competition (Bus. & Prof.Code, § 17200 et seq.); (2) false advertising (Bus. & Prof.Code, § 17500 et seq.); (3) libel; (4) slander per se; (5) violation of the Lanham Act (15 U.S.C. § 1125a); (6) violation of Penal Code section 637.1; (7) invasion of privacy-false light; (8) invasion of privacy-appropriation of name; and (9) conspiracy.

On remand, plaintiffs filed a third amended complaint in August 2000, alleging seven causes of action predicated on defendants' Internet postings about plaintiffs.[FN4] Each defendant then filed, for the first time, a special motion to strike plaintiffs' complaint as a strategic lawsuit against public participation (SLAPP) under section 425.16 (the anti-SLAPP motions). The trial court denied the motions, finding that: (1) the motions were untimely; (2) plaintiffs' causes of action did "not arise from 'any act ... in furtherance of [the] right of petition or free speech under the United States or California Constitution in connection with a public issue' "; and (3) plaintiffs demonstrated a "probability they will prevail on their claims."

FN4. These causes of action included: (1) unfair competition (Bus. & Prof.Code, § 17200 et seq.); (2) false advertising (Bus. & Prof.Code, § 17500 et seq.); (3) libel;

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 9
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

> (4) invasion of privacy-false light; (5) invasion of privacy-appropriation of name; (6) conspiracy; and (7) breach of contract.

Defendants appealed. Delfino also filed an ex parte application with the trial court and a petition for writ of supersedeas with the Court of Appeal, seeking to stay further trial court proceedings pending resolution of the ***188** appeal pursuant to section 916. The trial court denied the application, and the Court of Appeal summarily denied the petition. We also denied Delfino's petition for review.

After a trial, the jury found defendants liable for libel, invasion of privacy (appropriation of name), breach of contract, and conspiracy, and awarded plaintiffs a total of $425,000 in compensatory damages. The jury further found that defendants acted with malice, fraud, or oppression, and awarded Zdasiuk and Felch $350,000 in punitive damages. The trial court also issued a permanent injunction against defendants.

Following the entry of judgment, the Court of Appeal dismissed as moot defendants' appeal from the order denying their anti-SLAPP motions. Soon after, defendants appealed the judgment. The Court of Appeal modified the injunction but affirmed in all other respects. In doing so, the court disagreed with *Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 121 Cal.Rptr.2d 794(*Mattel* ), and held "that Code of Civil Procedure section 916 did not automatically stay trial of the lawsuit ... and that therefore the trial court did not lack jurisdiction to conduct the trial." According to the court, the denial of an anti-SLAPP motion ****964** is a matter separate from the merits of the lawsuit itself, and the subsequent trial had " no direct impact on the appeal from the order" denying the *****305** motion. Thus, the courts in this case had the *discretion* to grant a stay but did not have to do so. Acknowledging that courts may erroneously refuse to grant a stay despite a meritorious appeal, the court nonetheless concluded "that the benefit of preventing such rare mistakes by automatically staying all trials pending an appeal from an order denying an anti-SLAPP motion is outweighed by the danger of encouraging meritless anti-SLAPP motions and appeals as trial strategy to simply delay the trial of meritorious cases."

We granted review solely on the issue of whether "an appeal from the denial of a special motion to strike under the anti-SLAPP statute (§ 425.16) effects an automatic stay of the trial court proceedings."

**II.**

Defendants contend an appeal from the denial of an anti-SLAPP motion automatically stays all further trial court proceedings on the merits. Plaintiffs counter that such an appeal does not effect an automatic stay of any trial court proceedings on the merits because those proceedings would have no effect on the appeal. According to plaintiffs, courts have the discretion to stay further proceedings but are not compelled to do so. As explained below, we agree with defendants.

[1] ***189** Subject to certain exceptions not relevant here, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." [FN5] (§ 916, subd. (a).) The purpose of the automatic stay provision of section 916, subdivision (a)"is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it." (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 629, 5 Cal.Rptr.2d 742(*Elsea* ).)

> FN5. Section 916, subdivision (a) states in full: "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 10
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

[2] To accomplish this purpose, section 916, subdivision (a) stays all further trial court proceedings "upon the matters embraced" in or "affected" by the appeal. In determining whether a proceeding is embraced in or affected by the appeal, we must consider the appeal and its possible outcomes in relation to the proceeding and its possible results. "[W]hether a matter is 'embraced' in or 'affected' by a judgment [or order] within the meaning of [section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the 'effectiveness' of the appeal." (*In re Marriage of Horowitz* (1984) 159 Cal.App.3d 377, 381, 205 Cal.Rptr. 880(*Horowitz* ).) "If so, the proceedings are stayed; if not, the proceedings are permitted." (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938, 20 Cal.Rptr.2d 841(*Betz* ).)

[3] The fact that the postjudgment or postorder proceeding may render the appeal moot is not, by itself, enough to establish that the proceeding affects the effectiveness of the appeal and should be *****306** stayed under section 916. Rather, something more is needed. For example, the trial court proceeding must directly or indirectly seek to "enforce, vacate or modify [the] appealed judgment or order." FN6 ****965**(*Elsea, supra,* 4 Cal.App.4th at p. 629, 5 Cal.Rptr.2d 742 ["The trial court's power to enforce, vacate or modify an appealed judgment or order is ***190** suspended while the appeal is pending"].) Or the proceeding must substantially interfere with the appellate court's ability to conduct the appeal. (See, e.g., *Hollaway v. Scripps Memorial Hosp.* (1980) 111 Cal.App.3d 719, 723-724, 168 Cal.Rptr. 782 [holding that a pending appeal precludes the trial court from issuing an order relieving the parents as plaintiff's guardians and appointing new counsel for plaintiff because the order interferes with the conduct of the appeal].)

FN6. (See, e.g., *Lerner v. Superior Court* (1952) 38 Cal.2d 676, 684, 242 P.2d 321 [holding that an appeal from a custody order precludes the trial court from, as a practical matter, enforcing the appealed order by permitting the father to send the child to school in New Jersey]; *Sacks v. Superior Court* (1948) 31 Cal.2d 537, 540, 190 P.2d 602 [holding that an appeal precludes the trial court from retrying the issues on appeal]; *Williams v. Wells Fargo Bank & Union Trust Co.* (1941) 17 Cal.2d 104, 107, 109 P.2d 649 [holding that an appeal precludes the trial court from executing the appealed order]; *Statler v. Superior Court* (1895) 107 Cal. 536, 539, 40 P. 949(*Statler* ) [same]; *Betz, supra,* 16 Cal.App.4th at pp. 938-940, 20 Cal.Rptr.2d 841 [holding that an appeal precludes the trial court from vacating the appealed judgment or order]; *Elsea, supra,* 4 Cal.App.4th at p. 629, 5 Cal.Rptr.2d 742 [same]; *Socialist Workers etc. Committee v. Brown* (1975) 53 Cal.App.3d 879, 890-891, 125 Cal.Rptr. 915 [holding that an appeal precludes the trial court from issuing a subsequent order that effectively enforces the appealed order]; *Environmental Coalition of Orange County, Inc. v. Avco Community Developers, Inc.* (1974) 40 Cal.App.3d 513, 525, 115 Cal.Rptr. 59 [holding that an appeal from a preliminary injunction precludes the trial court from modifying or dissolving the injunction]; *Dallman v. Dallman* (1958) 164 Cal.App.2d 815, 817-818, 331 P.2d 245 [holding that an appeal precludes the trial court from modifying the appealed order]; *Agnew v. Superior Court* (1953) 118 Cal.App.2d 230, 234, 257 P.2d 661(*Agnew* ) [holding that an appeal precludes the trial

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 11
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

court from enforcing the appealed order].)

[4][5][6][7] A trial court proceeding also affects the effectiveness of an appeal if the possible outcomes on appeal and the actual or possible results of the proceeding are irreconcilable. Thus, an appeal from the denial of a motion to vacate a spousal support order precludes the trial court from terminating its jurisdiction over spousal support because the termination of jurisdiction is irreconcilable with possible outcomes on appeal. (See *In re Marriage of Varner* (1998) 68 Cal.App.4th 932, 937, 80 Cal.Rptr.2d 628.) Similarly, an appeal from an order declaring that the plaintiffs take nothing by way of deficiency after a judicial foreclosure precludes the trial court from setting aside the foreclosure, because it would permit the plaintiffs to recover a deficiency judgment notwithstanding the appeal. (See *Nelson v. Orosco* (1981) 117 Cal.App.3d 73, 80, 172 Cal.Rptr. 457.) And an appeal from a judgment on the pleadings precludes a trial court from granting leave to amend the complaint because affirmance of the judgment is irreconcilable with an order granting leave to amend. (*Olson v. Superior Court* (1969) 274 Cal.App.2d 311, 314, 79 Cal.Rptr. 136.)

[8][9] Finally, a proceeding affects the effectiveness of the appeal if the very purpose of the appeal is to avoid the need for that proceeding. In that situation, the proceeding itself is inherently inconsistent with a possible outcome on appeal and must therefore be stayed under section 916, subdivision (a). Thus, an appeal from the denial of a motion to compel arbitration*****307** automatically stays all further trial court proceedings on the merits. (See *Prudential-Bache Securities, Inc. v. Superior Court* (1988) 201 Cal.App.3d 924, 925, 247 Cal.Rptr. 477(*Prudential-Bache* ).)

[10][11][12] ***191** By contrast, an appeal does not stay proceedings on "ancillary or collateral matters which do not affect the judgment [or order] on appeal" even though the proceedings may render the appeal moot. (*Betz, supra,* 16 Cal.App.4th at p. 938, 20 Cal.Rptr.2d 841.) For example, the Legislature has established that certain proceedings, by law, are collateral to the merits of an appeal despite their potential effect on the appeal. Thus, the Legislature, through its enactments, has established that a motion for a new trial is collateral to the judgment and may proceed despite an appeal from the judgment. (See *In re Estate of Waters* (1919) 181 Cal. 584, 587, 185 P. 951(*Waters* ); see also *Neff v. Ernst* (1957) 48 Cal.2d 628, 634, 311 P.2d 849.) And the language and history of the lis pendens statute establish that a proceeding to expunge a lis pendens is collateral to an appeal from the judgment in the underlying action. (See *United Professional Planning, Inc. v. Superior Court* (1970) 9 Cal.App.3d 377, 383-386, 88 Cal.Rptr. 551(*United Professional* ).)

[13][14][15] A postjudgment or postorder proceeding is also ancillary or collateral to the appeal despite its potential effect on the appeal, if the proceeding could or would have occurred regardless of the outcome of the appeal. (See *Horowitz, supra,* 159 Cal.App.3d at pp. 382-383, 205 Cal.Rptr. 880 [finding no automatic stay because the result of the proceeding could have been achieved through other procedures regardless of the outcome of the appeal].) Thus, an appeal from the denial of a preliminary injunction does not stay further trial court proceedings on the merits. Because the injunction "amounts to a mere preliminary or interlocutory order to keep the subject of litigation *in status quo* pending the determination of the ****966** action on its merits"(*Gray v. Bybee* (1943) 60 Cal.App.2d 564, 571, 141 P.2d 32(*Gray* )), the affirmance or reversal of its denial does not and cannot eliminate the need for additional proceedings on the merits. Section 916 therefore does not automatically stay such proceedings. (See *MaJor v. Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618, 623, 9 Cal.Rptr.2d 237; *Gray,* at p. 571, 141 P.2d 32.) Likewise, an appeal from an order denying a motion to disqualify counsel does not automatically stay further trial court proceedings on the merits because such proceedings would occur regardless of whether the reviewing court affirms or reverses the order. (See *Reed v. Superior Court* (2001) 92 Cal.App.4th 448, 453-455, 111 Cal.Rptr.2d

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 12
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

*Reed* ).)

[16] With these principles in mind, we now consider whether trial court proceedings on the merits following an appeal from the denial of an anti-SLAPP motion are embraced in or affected by that appeal. We conclude they are, and such proceedings are therefore stayed under section 916, subdivision (a).

***192** We begin with the appealed order-the denial of an anti-SLAPP motion under section 425.16. Section 425.16, subdivision (b)(1) provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

[17] Section 425.16, subdivision (b)(1) establishes "a two-step process for determining"*****308** whether an action should be stricken as a SLAPP. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88, 124 Cal.Rptr.2d 530, 52 P.3d 703.) First, the court must determine "whether the defendant has made a threshold showing that the challenged cause of action" arises from an act in furtherance of the right of petition or free speech in connection with a public issue. (*Ibid.*) Second, the court must "determine whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Ibid.*) If the defendant makes a threshold showing that the cause of action arises from an act in furtherance of the right of petition or free speech in connection with a public issue and the plaintiff fails to demonstrate a probability of prevailing, then the court must strike the cause of action (§ 425.16, subd. (b)(1)) and award the defendant "attorney's fees and costs" (§ 425.16, subd. (c)). Section 425.16, subdivision (j) then provides that "[a]n order granting or denying a special motion to strike shall be appealable under Section 904.1."

[18] The Legislature enacted section 425.16 to prevent and deter "lawsuits [referred to as SLAPP's] brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."(§ 425.16, subd. (a).) Because these meritless lawsuits seek to deplete "the defendant's energy" and drain "his or her resources" (*Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1074, 112 Cal.Rptr.2d 397), the Legislature sought " 'to prevent SLAPPs by ending them early and without great cost to the SLAPP target' "(*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 65, 124 Cal.Rptr.2d 507, 52 P.3d 685). Section 425.16 therefore establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary judgment-like procedure at an early stage of the litigation. (See *Simmons,* at p. 1073, 112 Cal.Rptr.2d 397.) In doing so, section 425.16 seeks to limit the costs of defending against such a lawsuit. (See *Equilon Enterprises,* at p. 65, 124 Cal.Rptr.2d 507, 52 P.3d 685 [noting that the "short time frame for anti-SLAPP filings and hearings" and the "stay of discovery" pending resolution of the motion evidences the Legislature's intent to minimize the litigation costs of SLAPP targets].)

***193** Because granting a motion to strike under section 425.16 results in the dismissal of a cause of action on the merits (see *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821, 123 Cal.Rptr.2d 19, 50 P.3d 733 [holding that the court should grant an anti-SLAPP motion "if, as a matter of law, the defendant's evidence supporting the motion ****967** defeats the plaintiff's attempt to establish evidentiary support for the claim"] ), an appellate reversal of an order denying such a motion may similarly result in a dismissal. Such an appellate outcome is irreconcilable with a judgment for the plaintiff on that cause of action following a proceeding on the merits. Moreover, such a proceeding is inherently inconsistent with the appeal because the appeal seeks to avoid that very proceeding. Indeed, "[t]he point of the anti-SLAPP statute is that you have a right *not* to be dragged through the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 13
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

courts because you exercised your constitutional rights." (*People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1317, 9 Cal.Rptr.3d 844(*Brar* ); see also *Fabre v. Walton* (2002) 436 Mass. 517, 781 N.E.2d 780, 784 ["The protections afforded by the anti-SLAPP statute against the harassment and burdens of litigation are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process"].) In this respect, an appeal from the denial of an anti-SLAPP motion is no *****309** different than an appeal from the denial of a motion to compel arbitration. (See *Prudential-Bache, supra,* 201 Cal.App.3d at p. 925, 247 Cal.Rptr. 477.)

In reaching this conclusion, we reject plaintiffs' analogy of an appeal from the denial of an anti-SLAPP motion to an appeal from the denial of a preliminary injunction (see *Gray, supra,* 60 Cal.App.2d at p. 571, 141 P.2d 32) or a motion to disqualify counsel (see *Reed, supra,* 92 Cal.App.4th at pp. 453-455, 111 Cal.Rptr.2d 842). Neither a motion for preliminary injunction nor a motion to disqualify counsel resolves the merits of a cause of action. Thus, the granting or denying of these motions is reconcilable with any subsequent judgment on the merits. By contrast, an anti-SLAPP motion goes "to the merits of the issues involved in the main action"(*Union Oil Co. v. Reconstruction Oil Co.* (1935) 4 Cal.2d 541, 542-545, 51 P.2d 81) to the extent it addresses the "probability ... the plaintiff will prevail on the claim" (§ 425.16, subd. (b)(1)). The granting of an anti-SLAPP motion is therefore irreconcilable with a judgment in favor of the plaintiff. Moreover, unlike a motion to strike under section 425.16, both a motion for a preliminary injunction and a motion to disqualify counsel contemplate further proceedings on the merits regardless of how the trial court resolves these motions. Thus, for purposes of section 916, an appeal from the denial of an anti-SLAPP motion is not analogous to an appeal from the denial of a preliminary injunction or an appeal from the denial of a motion to disqualify counsel.

[19] The legislative history of the anti-SLAPP statutes makes this clear. Contrary to plaintiffs' assertions, this history is undoubtedly relevant to our determination of the effect of an appeal from the denial of an anti-SLAPP ***194** motion on further trial court proceedings on the merits. " ' "The effect of an appeal from the judgment ... is purely a matter of statutory regulation, to be determined by a construction of the statute under which the appeal is taken, and by the terms of which, when clear and ambiguous, we are concluded."' " (*In re Lukasik* (1951) 108 Cal.App.2d 438, 444, 239 P.2d 492(*Lukasik* ), quoting *Vosburg v. Vosburg* (1902) 137 Cal. 493, 497, 70 P. 473.) Thus, our courts have consistently looked to such statutes and their history for guidance in determining whether an appeal effects an automatic stay of a trial court proceeding.[FN7]

FN7. (See, e.g., *Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1091, 86 Cal.Rptr.2d 602, 979 P.2d 963 [Code Civ. Proc., § 206]; *Waters, supra,* 181 Cal. at p. 587, 185 P. 951 [Code Civ. Proc., former § 963]; *People v. Schulz* (1992) 5 Cal.App.4th 563, 571, 7 Cal.Rptr.2d 269 [Pen.Code, § 1160]; *United Professional, supra,* 9 Cal.App.3d at pp. 384-385, 88 Cal.Rptr. 551 [Code Civ. Proc., former § 409.1].)

[20] The history of the anti-SLAPP statutes confirms our conclusion that section 916 stays all further proceedings on the merits during the pendency of an appeal from the denial of an anti-SLAPP motion. In 1999, the Legislature enacted section 425.16, subdivision (j)-which makes "[a]n order granting or denying a special motion to strike ... appealable under Section 904.1"-as part of Assembly Bill No. 1675 (1999-2000 Reg. Sess.). The Legislature found it necessary to enact subdivision (j) because, without the ability to appeal, a SLAPP "defendant will ****968** have to incur the cost of a lawsuit before having his or her right to free speech vindicated." (Assem. Com. on Judiciary, conc. in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 14
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

Sen. amends. on Assem. Bill. No. 1675 (1999-2000 Reg. Sess.) as amended July 12, 1999, p. 2.)

As originally introduced, Assembly Bill No. 1675 provided that "[a]n order denying *****310** a special motion to strike shall be appealable under Section 904.1. *Upon the filing of such an appeal, all proceedings on any cause of action which is the subject of the appeal shall be stayed unless the plaintiff demonstrates to the appellate court probable success on the appeal and that the plaintiff will otherwise sustain irreparable injury.*" (Assem. Bill No. 1675 (1999-2000 Reg. Sess.) as introduced Mar. 16, 1999, p. 2, italics added.) The Legislature later deleted the conditional stay language italicized above. (See Assem. Bill No. 1675 (1999-2000 Reg. Sess.) as amended July 6, 1999, p. 2.) In analyzing the proposed deletion, the Senate Committee on the Judiciary reported that "the perfecting of an appeal [from an order granting or denying a special motion to strike] stays proceedings in the trial court." (Sen. Com. on Judiciary, analysis of Assem. Bill No. 1675 (1999-2000 Reg. Sess.) as amended May 28, 1999, p. 3.) Following the deletion, the Senate Rules Committee echoed this understanding in a subsequent analysis of Assembly ***195** Bill No. 1675. (See Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1675 (1999-2000 Reg. Sess.) as amended July 12, 1999, p. 3 ["This bill would provide that an order granting or denying a special motion to strike shall be immediately appealable, and therefore, the perfecting of the appeal would stay proceedings in the trial court"].) Thus, the Legislature, in enacting section 425.16, subdivision (j), clearly intended that the perfecting of an appeal from the denial of an anti-SLAPP motion stay further trial court proceedings on the merits.

The Legislature reiterated this intent in 2003 when it enacted section 425.17-which exempted certain types of actions from the special motion to strike procedure established in section 425.16. (See *Eu v. Chacon* (1976) 16 Cal.3d 465, 470, 128 Cal.Rptr. 1, 546 P.2d 289 ["Although a legislative expression of the intent of an earlier act is not binding upon the courts in their construction of the prior act, that expression may properly be considered together with other factors in arriving at the true legislative intent existing when the prior act was passed"].) In creating this exemption, the Legislature expressly made the denial of an anti-SLAPP motion based on the section 425.17 exemption not appealable. (§ 425.17, subd. (e).) The Legislature did so because "[e]xisting law provides that an order denying a special motion to strike is appealable to the court of appeal" and "that the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby." (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 515 (2003-2004 Reg. Sess.) as amended July 8, 2003, p. 4.) Thus, the Legislature found it necessary to render the "*stay* and appeals provisions inapplicable when a trial court denies a special motion to strike on the grounds that a cause of action is exempt" under section 425.17. (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 515 (2003-2004 Reg. Sess.) as amended July 8, 2003, p. 4, italics added.) In doing so, the Legislature confirmed its intent that an appeal from the denial of an anti-SLAPP motion on non-section-425.17 grounds automatically stays further trial court proceedings on the merits. Because we must follow the Legislature's intent, we agree with *Mattel, supra,* 99 Cal.App.4th 1179, 121 Cal.Rptr.2d 794, and hold that an appeal from the denial of an anti-SLAPP motion automatically stays further trial court proceedings on the merits.[FN8]

FN8. Such an appeal does not, however, stay proceedings relating to causes of action not affected by the motion.

*****311** In light of our holding today, some anti-SLAPP appeals will undoubtedly delay litigation even though the appeal is frivolous or insubstantial. As the Court of Appeal observed and plaintiffs contend, such a result may encourage defendants to "misuse the [anti-SLAPP] motions to delay merit-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 15
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

orious litigation or for other purely strategic purposes." ****969** And " the benefit of preventing" ***196** the rare situation where a trial court erroneously denies an anti-SLAPP motion and refuses to automatically stay "all trials pending an appeal ... is [arguably] outweighed by the danger of encouraging meritless anti-SLAPP motions and appeals as a trial strategy to simply delay the trial of meritorious cases."

Such an assessment is, however, a question for the Legislature, and the Legislature has already answered it. Thus, we can only minimize this danger by encouraging our courts to resolve these motions and appeals as expeditiously as possible. To this end, reviewing courts should dismiss frivolous appeals as soon as practicable and do everything in their power to " 'prevent ... frustration of the relief granted.' (Cal. Rules of Court, rule 24(b)(3).)" (*Brar, supra,* 115 Cal.App.4th at p. 1320, 9 Cal.Rptr.3d 844.) And trial courts should not hesitate to award attorney's fees and costs to prevailing plaintiffs if the "special motion to strike is frivolous or is solely intended to cause unnecessary delay."(§ 425.16, subd. (c).) Hopefully, these measures will somewhat reduce the risk of abuse.

### III.

[21] We now turn to the judgment in this case. Despite defendants' appeal from the denial of their anti-SLAPP motions, the trial court held a trial and entered a judgment for plaintiffs. The trial, however, should have been automatically stayed under section 916, subdivision (a). (See *ante,* 25 Cal.Rptr.3d at pp. 307-311, 106 P.3d at pp. 966-969.) Consequently, we find that the trial court lacked subject matter jurisdiction over the matters on trial and that the resulting judgment is therefore void.

[22][23] "The principle of 'subject matter jurisdiction' relates to the inherent authority of the court involved to deal with the case or matter before it." (*Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1087, 56 Cal.Rptr.2d 386.) Thus, in the absence of subject matter jurisdiction, a trial court has no power "to hear or determine [the] case." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288, 109 P.2d 942(*Abelleira* ).) And any judgment or order rendered by a court lacking subject matter jurisdiction is "void on its face...." (*Rochin v. Pat Johnson Manufacturing* (1998) 67 Cal.App.4th 1228, 1239, 79 Cal.Rptr.2d 719(*Rochin* ).)

[24][25] Under section 916, "the trial court is divested of" subject matter jurisdiction over any matter embraced in or affected by the appeal during the ***197** pendency of that appeal. (*Betz, supra,* 16 Cal.App.4th at p. 938, 20 Cal.Rptr.2d 841.) "The effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court...."(*Statler, supra,* 107 Cal. at p. 539, 40 P. 949.) FN9 Thus, "that court is without ****970** power *****312** to proceed further as to any matter embraced therein until the appeal is determined." (*Ibid.;* see also 2 Witkin, Cal. Procedure (4th ed. 1997) Jurisdiction, § 319, p. 893 ["when the cause is taken over by a reviewing court on appeal or other proceeding in review, the trial court is divested of jurisdiction of the subject matter during the period of review, and has no power to vacate or modify the judgment or otherwise to deal with the cause"].) And any "proceedings taken after the notice of appeal was filed are a nullity." (*Davis v. Thayer, supra,* 113 Cal.App.3d at p. 912, 170 Cal.Rptr. 328; see also *Kinard v. Jordan* (1917) 175 Cal. 13, 16, 164 P. 894 [finding that the lower court order "must be deemed a nullity"].) This is true even if the subsequent proceedings cure any purported defect in the judgment or order appealed from. (See *Sacks v. Superior Court, supra,* 31 Cal.2d at p. 541, 190 P.2d 602 [" 'after the appeal was perfected, the lower court lost jurisdiction of the cause and could take no step to defeat appellants of the right to prosecute ***198** their appeal with effect.... A recognition of any other rule would lead to uncertainty and confusion in litigation, and in effect would enable the lower court to review its own proceedings' "];

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 16
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

*People v. Sonoqui* (1934) 1 Cal.2d 364, 367, 35 P.2d 123 [reversing a judgment of conviction because the trial occurred before the remittitur issued].)

FN9. (See also, e.g., *People v. Cunningham* (2001) 25 Cal.4th 926, 1044, 108 Cal.Rptr.2d 291, 25 P.3d 519 [" 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court' "]; *Gantner v. Gantner* (1952) 38 Cal.2d 691, 692, 242 P.2d 329 ["The effect of an appeal is to remove the subject matter of the appeal from the jurisdiction of the trial court"]; *Lerner v. Superior Court, supra,* 38 Cal.2d at p. 680, 242 P.2d 321 ["The loss of jurisdiction is so complete that even the consent of the parties is ineffective to reinvest the trial court with jurisdiction over the subject matter of appeal"]; *People v. Mayne* (1897) 118 Cal. 516, 522, 50 P. 654 ["By the appeal from the order denying a new trial the subject matter of that order was removed from the superior court, and while the appeal was pending that court had no jurisdiction to change the order"]; *Ruggles v. Superior Court* (1894) 103 Cal. 125, 128, 37 P. 211 ["By the appeal the order or decree is set at large, and the subject matter removed from the jurisdiction of the lower court, until the appeal has been determined, and the matter remitted back from the appellate court"]; *Ehret v. Congoleum Corp.* (1999) 73 Cal.App.4th 1308, 1317, 87 Cal.Rptr.2d 363 ["When an appeal was filed, the effect was to ' "remove[ ] from the jurisdiction of the superior court the subject matter of the judgment" ' "]; *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 912, 170 Cal.Rptr. 328 [" 'An appeal removes from the jurisdiction of the trial court the subject matter of the judgment or order appealed from, including all issues going to the validity or correctness of such judgment or order' "]; *Beresh v. Sovereign Life Ins. Co.* (1979) 92 Cal.App.3d 547, 552, 155 Cal.Rptr. 74 ["It is clear that '[i]n effect the appeal removed from the jurisdiction of the superior court the subject matter of the judgment' "]; *People v. Mason* (1960) 184 Cal.App.2d 182, 192, 7 Cal.Rptr. 525 [" 'The effect of an appeal is to remove from the jurisdiction of the trial court the subject matter of the judgment or order appealed from' "]; *People v. Blume* (1960) 183 Cal.App.2d 474, 477, 7 Cal.Rptr. 16 ["An appeal removes the subject matter thereof from the jurisdiction of the trial court"]; *Agnew, supra,* 118 Cal.App.2d at p. 234, 257 P.2d 661 ["The effect of an appeal is to remove from the jurisdiction of the trial court the subject matter of the judgment or order appealed from"]; *Lukasik, supra,* 108 Cal.App.2d at p. 444, 239 P.2d 492 [same]; *Danley v. Superior Court* (1923) 64 Cal.App. 594, 598, 222 P. 362 [" 'When the appeal was perfected the effect thereof was to remove the subject matter of the order from the jurisdiction of the lower court' "]; *Colusa etc. R.R. Co. v. Superior Court* (1916) 31 Cal.App. 746, 761, 161 P. 1011 ["The effect of the appeal being to remove the subject matter of the order from the jurisdiction of the lower court"].)

Indeed, section 916, as a matter of logic and policy, divests the trial court of jurisdiction over the subject matter on appeal-i.e., jurisdiction in its fundamental sense. (See *Abelleira, supra,* 17 Cal.2d at p. 288, 109 P.2d 942.) The purpose of the automatic stay under section 916 is to preserve "the status quo until the appeal is decided"(*Elsea, supra,* 4 Cal.App.4th at p. 629, 5 Cal.Rptr.2d 742), by maintaining "the rights of the parties in the same *****313** condition they were before the order was made"(*Wolcott v. Hudner* (1924) 67 Cal.App. 704, 707, 228 P. 46). Otherwise, the trial court could render the "appeal futile by altering the appealed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 17
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

judgment or order by conducting other proceedings that may affect it." (*Elsea,* at p. 629, 5 Cal.Rptr.2d 742.)

[26][27] In order to preserve the status quo and return the parties to "the same condition they were before the order was made"(*Wolcott v. Hudner, supra,* 67 Cal.App. at p. 707, 228 P. 46),section 916 necessarily renders any subsequent trial court proceedings on matters "embraced" in or "affected" by the appeal void-and not merely voidable (§ 916). A contrary conclusion would allow the trial court to render an appeal futile. If trial court proceedings during the pendency of the appeal are consistent with the reviewing court's resolution of the appeal, then the appeal is, in effect, futile because the trial court has already granted the relief that would have been granted on appeal. And if trial court proceedings during the pendency of the appeal conflict with the reviewing court's resolution of the appeal, then the appeal will likely be futile because the prevailing party, in most instances, will have no adequate remedy left. Because "the remedy by appeal *cannot be denied* to an aggrieved party dissatisfied with the judgment or the order appealed from by an act of the trial court in the action, at the behest or on the motion of the respondent, after an appeal has been taken and is pending"(*Durbrow v. Chesley* (1913) 23 Cal.App. 627, 629, 138 P. 917, italics added), the automatic stay under section 916*must* divest the trial court of fundamental jurisdiction over the matters embraced in or affected by the appeal (see *Mulvey v. Superior Court* (1913) 22 Cal.App. 514, 516, 135 P. 53 [" 'Common fairness and a sense of justice readily suggests that while plaintiffs were in good faith prosecuting their appeals, they should be in some manner ***199** protected in having the subject matter of the litigation preserved intact until the appellate ****971** court could settle the controversy' "] ). Indeed, the only way to ensure that the appealing party has a remedy on appeal is to deprive the trial court of jurisdiction in its fundamental sense.[FN10]

FN10. Citing article VI, section 13 of the California Constitution and *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 165 Cal.Rptr. 851, 612 P.2d 941, the concurring and dissenting opinion contends we should disregard the purpose behind Code of Civil Procedure section 916 and over a century of unequivocal case law and apply an harmless error analysis. Neither citation, however, supports this contention.

First, article VI, section 13 has no bearing on the question of whether Code of Civil Procedure section 916 divests the trial court of fundamental jurisdiction over matters on appeal. Indeed, jurisdiction " 'over the subject matter is given by law' " and " 'nothing but an additional grant from the legislative authority can extend that power over a class of cases formerly excepted.' " (*Grannis v. Superior Court* (1905) 146 Cal. 245, 255, 79 P. 891.) Here, Code of Civil Procedure section 916, as a matter of logic, policy, and overwhelming precedent, divests the trial court of jurisdiction over the subject matter on appeal, and article VI, section 13 does not and cannot reconfer such jurisdiction. (See *Johnson v. Superior Court* (1926) 77 Cal.App. 599, 604, 247 P. 249 [holding that lack of subject matter jurisdiction cannot be cured under the miscarriage of justice provision of the California Constitution].)

Second, *People v. Pompa-Ortiz, supra,* 27 Cal.3d 519, 165 Cal.Rptr. 851, 612 P.2d 941-which did not address the scope of the automatic stay-is inapposite. Unlike the error at issue in *Pompa-Ortiz*-an irregularity in the preliminary hearing procedure-which may be forfeited (see Pen.Code, § 996), the parties cannot invest a trial court with jurisdiction during the pendency of an appeal. (See, e.g., *In*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 18
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

*re Johannes* (1931) 213 Cal. 125, 131, 1 P.2d 984 ["But when we are dealing with the question of the jurisdiction of the subject matter of an offense, agreement of the parties or estoppel cannot confer it"].) Moreover, the situation in *Pompa-Ortiz* is hardly analogous. In *Pompa-Ortiz,* the defendant could have avoided the error by seeking writ review. If the defendant had done so, the matter could have been "expeditiously returned to the magistrate for proceedings free of the charged defects." (*Pompa-Ortiz,* at p. 529, 165 Cal.Rptr. 851, 612 P.2d 941.) And even if the defendant had prevailed by writ, he could still have been tried and convicted. (See Pen.Code, § 999 ["An order to set aside an indictment or information ... is no bar to a future prosecution for the same offense"].) By contrast, in this case, defendants, by promptly appealing, did everything they could to avoid the subsequent trial. And defendants, unlike the defendant in *Pompa-Ortiz,* would have avoided the trial that subsequently occurred if they had prevailed on appeal.

In any event, the precedent overruled in *Pompa-Ortiz* is far different than the precedents at issue here. In *Pompa-Ortiz,* we overruled a 20-year-old decision that had erroneously construed the word "jurisdiction" to mean jurisdiction in its fundamental sense. (See *People v. Elliot* (1960) 54 Cal.2d 498, 6 Cal.Rptr. 753, 354 P.2d 225.) By contrast, the concurring and dissenting opinion proposes to overrule several decisions, including a 70-year-old decision from this court. And, unlike the lone precedent at issue in *Pompa-Ortiz,* the many California decisions construing the scope of the automatic stay have consistently and unequivocally referred to the trial court's lack of *subject matter jurisdiction*-and not just its lack of jurisdiction. Where, as here, numerous "precedent[s] applying authoritative, settled statutory construction that ha[ve] been central to the analysis and holdings of these decisions" exist and the Legislature has done nothing, "[t]he principles underlying the doctrine of stare decisis apply with special force" and it would be inappropriate "to overrule or disapprove" these precedents. (*Barner v. Leeds* (2000) 24 Cal.4th 676, 685, fn. 2, 102 Cal.Rptr.2d 97, 13 P.3d 704.)

*****314** [28] ***200** In this case, defendants' anti-SLAPP motions encompassed all of plaintiffs' causes of action. As such, all of the matters on trial were embraced in and affected by defendants' appeal from the denial of that motion (see *ante,* 25 Cal.Rptr.3d at pp. 307-311, 106 P.3d at pp. 966-969), and the trial court lacked subject matter jurisdiction over these matters (see *Betz, supra,* 16 Cal.App.4th at p. 938, 20 Cal.Rptr.2d 841). Because the court lacked subject matter jurisdiction over the matters on trial, the judgment in this case is "void on its face...." (*Rochin, supra,* 67 Cal.App.4th at p. 1239, 79 Cal.Rptr.2d 719.) "When, as here, there is an appeal from a void judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701, 107 Cal.Rptr.2d 149, 23 P.3d 43(*Griset* ).) We therefore reverse the judgment in its entirety.

Plaintiffs do not dispute that the trial court lacked subject matter jurisdiction over the matters on trial if the trial should have been automatically stayed under section 916, subdivision (a). Plaintiffs also do not dispute that the judgment is void if the trial court lacked subject matter jurisdiction over the matters on trial. Instead, plaintiffs contend the court may affirm on other grounds. We do not, however, find these alternative grounds persuasive.

****972** First, plaintiffs contend an untimely anti-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 19
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

SLAPP motion is not appealable despite section 425.16, subdivision (j), and therefore does not invoke the automatic stay provision of section 916, subdivision (a). (See *Central Savings Bank of Oakland v. Lake* (1927) 201 Cal. 438, 442, 257 P. 521.) But we have long held that even a void judgment or order is appealable if that judgment or order is otherwise appealable. (*Ewing v. Richvale Land Co.* (1917) 176 Cal. 152, 154, 167 P. 876; see also *Griset, supra,* 25 Cal.4th at p. 701, 107 Cal.Rptr.2d 149, 23 P.3d 43 [implicitly recognizing that a void judgment is appealable].) We see no reason to deviate from this principle where, as here, the order is unquestionably appealable with no apparent exceptions. (See § 425.16, subd. (j).)

***315 [29] Second, plaintiffs contend the Court of Appeal's summary denial of defendants' earlier petition for writ of supersedeas seeking a stay pending appeal is law of the case and requires affirmance. Recognizing that we previously held that "a summary denial of a writ petition" should "not be given law of the case effect"(*Kowis v. Howard* (1992) 3 Cal.4th 888, 897, 12 Cal.Rptr.2d 728, 838 P.2d 250), plaintiffs propose an exception to this rule in cases where, as here, the defendant argued that the court had no discretion to deny relief. We have, however, rejected such an exception in the past because it would hamper judicial economy (*id.* at p. 898, 12 Cal.Rptr.2d 728, 838 P.2d 250), and see no reason to reconsider it here. *Leone v. Medical Board* (2000) 22 Cal.4th 660, 94 Cal.Rptr.2d 61, 995 P.2d 191, does not compel a different conclusion. In *Leone,* we held that "an appellate court must judge [a writ] petition on its ***201** procedural and substantive merits" if the "petition was the only authorized mode of appellate review." (*Id.* at p. 670, 94 Cal.Rptr.2d 61, 995 P.2d 191.) An appellate court need not do so, however, if the ruling "could also be reviewed on appeal from the judgment ultimately entered in the action." (*Ibid.*) As evidenced by this appeal, the trial court's and Court of Appeal's refusals to stay proceedings pending appeal could be reviewed on an appeal from the judgment. *Leone* is therefore inapposite. Accordingly, we find the judgment void and reverse the judgment of the Court of Appeal.[FN11]

FN11. The Court of Appeal dismissed defendants' appeal from the denial of their anti-SLAPP motions following the trial. In this appeal, defendants do not challenge this dismissal or the trial court's order denying the motions.

## DISPOSITION

We reverse the judgment of the Court of Appeal with instructions to remand the case for a new trial in accordance with our opinion.[FN12]

FN12. Following our grant of review, defendants filed a petition for writ of supersedeas, seeking to stay enforcement of the judgment. Because we reverse the judgment of the Court of Appeal, we now dismiss the petition as moot.

WE CONCUR: KENNARD, BAXTER, WERDEGAR, CHIN, and MORENO, JJ.GEORGE, C.J., CONCURRING AND DISSENTING:

I agree with the majority's conclusion that the trial court erred in proceeding with the trial in this matter while an appeal from the denial of defendant's anti-SLAPP (strategic lawsuit against public participation) motion (Code of Civ. Proc., § 425.16) still was pending in the Court of Appeal, but I believe the error should be found harmless and thus, unlike the majority, I would affirm the judgment.

There can be little question but that, under the circumstances of this case, a reversal of the trial court's judgment and a remand for a new trial would serve no legitimate purpose. The trial court's error-going forward with the trial while its pretrial ruling on defendants' anti-SLAPP motion still was on appeal-did not affect the actual trial of the case, the jury's verdict, or the content of the judgment in any respect whatsoever. All that will be accomplished by a reversal is the wasting of considerable time, effort, and resources.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 20
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

The California Constitution provides that "[n]o judgment shall be set aside ... in any cause ... for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the ****973** court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) By statute, trial court error*****316** provides a ground for reversal only if it affects "the substantial rights of the ***202** parties." (Code Civ. Proc., § 475.) No judgment may be reversed on the basis of an error or defect in the proceedings unless "a different result would have been probable if such error ... or defect had not occurred or existed." (*Ibid.*) In the present case, it is undisputed that the error complained of-the failure of both the trial court and the Court of Appeal to stay proceedings pending appeal of the denial of defendant's anti-SLAPP motion-did not result in a miscarriage of justice.

Cases cited in the majority opinion contain language indicating that a trial court lacks subject matter jurisdiction pending an appeal, but most of these cases were decided in the procedural context of a petition that sought an extraordinary writ to prohibit the trial court from conducting further proceedings pending an appeal. (See maj. opn., *ante,* 25 Cal.Rptr.3d at pp. 311-312 & fn. 9, 106 P.3d at pp. 969-970 & fn. 9.) But, as this court has observed, the term "jurisdiction," which is used in a variety of situations, "has so many different meanings that no single statement can be entirely satisfactory as a definition." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 287, 109 P.2d 942.)Most of the cases relied upon by the majority employ the language of fundamental jurisdiction but were decided in a context that did not require reference to jurisdiction *in the fundamental sense,* as opposed to jurisdiction in the broader sense used in the context of writ proceedings.

There have been a few cases, procedurally analogous to the present one, in which a judgment after trial was reversed because a prior appeal was pending at the time of trial, based on the theory that the trial court lacked fundamental jurisdiction pending the appeal. (See, e.g., *People v. Sonoqui* (1934) 1 Cal.2d 364, 35 P.2d 123 [after the defendants' motion for a new trial was granted, the defendants were retried and convicted while the People's appeal of the decision on the new trial motion was still pending; convictions reversed]; *People v. Owens* (1945) 71 Cal.App.2d 831, 164 P.2d 28 [pending the People's appeal from the trial court's postconviction order granting the defendant's motion for an arrested judgment, the defendant was tried on new information; convictions reversed]; *Rosenberg v. Bullard* (1934) 2 Cal.App.2d 118, 37 P.2d 521 [pending the plaintiff's appeal from order granting the defendant's motion to set aside default judgment, case was tried and judgment was entered for the plaintiff; judgment reversed].) These cases applied the principle that the trial court lacked jurisdiction pending the appeal, but did not address the question of whether reversal of such a judgment after trial in this context was in fact consistent with the California Constitution's provision prohibiting reversal absent a miscarriage of justice. In each of these cases, a criminal conviction or civil judgment was reversed even though there clearly was no miscarriage of justice-the trial in each case was not affected in any way by the trial court's error in going forward during the pendency of the appeal. Indeed, in these cases, it was not the party who took the pretrial appeal who benefited from the characterization of the trial court proceedings ***203** as lacking in subject matter jurisdiction. Under these authorities, if defendants rather than plaintiffs had prevailed after trial in the present case, *plaintiffs* would be entitled to reversal of the judgment on the theory that the trial court lacked subject matter jurisdiction to enter it, even though it would be obvious that plaintiffs had suffered no harm. In short, I see no justification for the anomalous results reached in these few cases and would overrule or disapprove them.

*****317** In other contexts, this court has not hesitated to overrule or disapprove earlier California decisions that applied a rule of automatic reversal

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 21
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

without giving due consideration to the California Constitution's requirement that no judgment be set aside absent a miscarriage of justice. (See, e.g., *People v. Braxton* (2004) 34 Cal.4th 798, 22 Cal.Rptr.3d 46, 101 P.3d 994 [trial court's failure to rule on a motion for new trial is subject to harmless error analysis], overruling*People v. Sarazzawski* (1945) 27 Cal.2d 7, 161 P.2d 934; ****974***Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 34 Cal.Rptr.2d 607, 882 P.2d 298 [no category of instructional error in civil cases requires automatic reversal], overruling and disapproving contrary implications in prior decisions; *People v. Cahill* (1993) 5 Cal.4th 478, 509-510, fn. 17, 20 Cal.Rptr.2d 582, 853 P.2d 1037 [holding that the erroneous admission of an involuntary confession is subject to harmless error analysis under the California Constitution], overruling a line of inconsistent cases.)

We faced an issue analogous to the one presented here, in the context of the previously well-settled rule that denial of a substantial right at the preliminary hearing in a criminal case rendered the ensuing commitment illegal and entitled the defendant to have the information set aside on timely motion. (See, e.g., *People v. Napthaly* (1895) 105 Cal. 641, 644-645, 39 P. 29.) The defendant may seek writ relief to compel the setting aside of an information before trial on the ground that, because of substantial error at the preliminary hearing, his or her commitment for trial was illegal. (See, e.g., *Jennings v. Superior Court* (1967) 66 Cal.2d 867, 880-881, 59 Cal.Rptr. 440, 428 P.2d 304.) Applying reasoning very similar to that embraced in the majority opinion in the present case, we held in *People v. Elliot* (1960) 54 Cal.2d 498, 6 Cal.Rptr. 753, 354 P.2d 225, that the denial of a substantial right at the preliminary hearing required reversal of a subsequent conviction without a showing of prejudice. The theory behind this automatic reversal rule was that "where the accused is not legally committed within the meaning of section 995 of the Penal Code, the commitment is voidable. Upon proper objection, the superior court has *no jurisdiction* to proceed." *Greenberg v. Superior Court* (1942) 19 Cal.2d 319, 121 P.2d 713.)

***204** Subsequently, however, this court reconsidered and rejected the per se reversal rule that had been adopted in *People v. Elliot.* (*People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 528-530, 165 Cal.Rptr. 851, 612 P.2d 941.) We explained in *Pompa-Ortiz* that the "source of the difficulty in *Elliot* is the uncritical use of the term 'jurisdiction' when assessing the effect of an illegal commitment on the trial in superior court." (*Id.* at p. 528, 6 Cal.Rptr. 753, 354 P.2d 225.) "The presence of a jurisdictional defect which would entitle a defendant to a writ of prohibition prior to trial does not necessarily deprive a trial court of the legal power to try the case if prohibition is not sought." (*Id.* at p. 529, 6 Cal.Rptr. 753, 354 P.2d 225.) We concluded that irregularities in preliminary hearing procedures that are not jurisdictional in the fundamental sense must be reviewed, after trial, under the appropriate standard of prejudicial error. Although the holding in *Pompa-Ortiz* is not directly applicable here, that decision demonstrates that we should not uncritically apply jurisdictional language from writ cases when considering whether an error requires reversal on appeal from a final judgment.

We have acknowledged that an exception may be made to the general rule that an error does not require reversal absent a showing of prejudice when the error involves a structural defect in the conduct of the proceedings that results in an unfair *****318** trial or "defies evaluation for harmlessness." (*Soule v. General Motors Corp., supra,* 8 Cal.4th at p. 579, 34 Cal.Rptr.2d 607, 882 P.2d 298; *People v. Cahill, supra,* 5 Cal.4th at p. 501, 20 Cal.Rptr.2d 582, 853 P.2d 1037.) Although an actual absence of jurisdiction in the fundamental sense would be the type of fundamental defect that constitutes a miscarriage of justice and requires reversal, the trial court's lack of jurisdiction pending an appeal of a pretrial order is not comparable to the type of jurisdictional problem that is properly characterized as an absence of jurisdiction in its fundamental sense. In *Abelleira v.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 22
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

*District Court of Appeal, supra,* 17 Cal.2d at page 289, 109 P.2d 942, we described lack of jurisdiction "in its most fundamental sense" as "an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." As examples of lack of jurisdiction "in its most fundamental or strict sense," we noted that a state court has no jurisdiction to (1) determine title to land outside its borders; (2) adjudicate the marital status of persons when neither is domiciled within the state; (3) render a personal judgment against one not personally served with process within its ****975** borders; or (4) determine a case where the type of proceeding or amount in controversy is beyond the jurisdiction defined for that particular court by statute or constitutional provision. (*Ibid.*)

In these examples, the absence of jurisdiction is complete. In such circumstances, it is impossible for a reviewing court to conclude that "a different result would have been probable if such error ... or defect had not occurred or existed." (Code Civ. Proc., § 475.) If a trial court proceeds to issue a judgment even though it lacks fundamental jurisdiction over a party or the subject matter (such as a piece of property or a marriage that exists outside ***205** the state), a different result would be inevitable if the error had not occurred, because in the absence of error the case would have been dismissed.

The temporary absence of jurisdiction in a trial court while an appeal is pending is not comparable to these examples of the absence of fundamental jurisdiction. Rather, it is more consistent with the description in *Abelleira* of the broader meaning of lack of jurisdiction that justifies writ review, in which the trial court lacks only the power "to act without the occurrence of certain procedural prerequisites." (*Abelleira v. District Court of Appeal, supra,* 17 Cal.2d at pp. 289-290, 109 P.2d 942.) The procedural prerequisite that was lacking in the case before us was a resolution of the pending appeal, which would permit the trial court properly to go forward with the trial. Unlike the situation in which fundamental jurisdiction is lacking, the absence of jurisdiction in this case was only temporary and only partial. Once the appeal on the motion is resolved, the trial court regains jurisdiction to try the case. Under Code of Civil Procedure section 916, the trial court was not completely divested of jurisdiction over the case, and still could conduct proceedings in collateral matters that did not affect the appeal. The trial court (and the Court of Appeal as well) simply made an error in determining whether or not trial of the case was a proceeding that was affected by or embraced in the pending appeal, within the meaning of section 916.[FN1]

FN1. As the majority notes, plaintiffs do not rely on the theory that the trial court did not lack fundamental jurisdiction in the sense described in *Abelleira.* The parties' failure to advance this position, however, does not preclude us from upholding the judgment. This court is not bound by the parties' concessions on issues of law. (*Desny v. Wilder* (1956) 46 Cal.2d 715, 729, 299 P.2d 257.)

*****319** Although it may be conceivable that, under some circumstances, the conduct of proceedings in the trial court pending an appeal might constitute such a fundamental defect in the proceedings that automatic reversal is required, that is not the case where, as here, the case is tried pending the appeal of a pretrial order and the pretrial order is ultimately upheld. In this situation, the reviewing court readily can ascertain that the error had no effect on the outcome of the case and that the result would have been the same even if the error had not occurred and the trial had been stayed until after the resolution of the appeal.

Contrary to the majority's conclusion, I do not believe that requiring automatic reversal is necessary or effective to ensure a party's right to preserve the status quo pending an appeal, any more than automatic reversal is necessary to preserve other legal rights, including constitutional rights, that are subject to harmless error analysis. (See, e.g., *People v.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 P.3d 958 Page 23
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531
**(Cite as: 35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298)**

*Cahill, supra,* 5 Cal.4th at pp. 506-507, 20 Cal.Rptr.2d 582, 853 P.2d 1037 [rejecting the argument that the erroneous admission of an involuntary confession requires automatic reversal in order to deter ***206** improper law enforcement conduct].) To recognize the possibility that an error may be deemed *harmless* does not transform a trial court's erroneous action into a *correct* one, nor does it encourage trial courts to act unlawfully. If the trial court correctly interprets and follows the mandate of Code of Civil Procedure section 916, the status quo will be maintained until the appeal is resolved. If the trial court does not understand or follow the law, the appellate court has the authority to protect the appealing party's interests, as well as its own power to act pending an appeal, by issuing a writ to require the trial court to comply with section 916.

In the presumably rare instance in which both the trial court and the appellate court ****976** misunderstand or fail to enforce the law, and proceedings continue to judgment despite a pending appeal, the appellate court must examine all the circumstances to determine whether the failure to stay the trial was prejudicial. If the judgment is tainted by the trial court's erroneous actions, reversal of the judgment would be appropriate and consistent with California Constitution, article VI, section 13.[FN2] Reversing a judgment that ultimately was not affected by the pending appeal, however, does not further the interests of justice in any way and is not necessary to enforce the requirements of Code of Civil Procedure section 916.

FN2. It is true that if it is ultimately determined that the defendant should not have been required to go to trial, a reversal of the judgment will not totally cure the harm because the defendant already will have been required to bear the anxiety and expense of a trial. But the inadequacy of reversal as a complete remedy exists whether reversal is mandated on a per se basis (based on the theory that the trial court's error resulted in an absence of jurisdiction in the fundamental sense) or is mandated only upon a finding that the error actually was prejudicial. The vice of the unwarranted invocation of lack of fundamental jurisdiction is that it compels a reversal of the judgment even when it is clear that the error did not in the least affect the validity of the judgment.

Accordingly, I would overrule or disapprove prior California decisions to the extent they purport to hold that a trial court's action in erroneously going forward with a trial while an appeal is pending constitutes an action taken in the absence of fundamental subject matter jurisdiction that necessarily requires automatic reversal of the judgment. I conclude that under article VI, section 13 of the California Constitution and the applicable statutory provisions set forth above, a trial court's *****320** error of this nature may not properly be treated as reversible per se, but rather justifies a reversal of a judgment rendered after trial only when there is an appropriate basis for finding the error to constitute a miscarriage of justice. In the present case, the error clearly was not prejudicial, and I believe it defies both common sense and the logic and policy of our state constitutional harmless error provision to reverse the judgment and require a new trial in these circumstances.

***207** The counterintuitive result arrived at by the majority is not the creature of constitutional or statutory compulsion; it emanates entirely from earlier decisions rendered by this court and the Courts of Appeal. I believe it is time to disavow these self-imposed formalistic constraints and arrive at a fairer and more logical outcome in this case and in future proceedings.

Cal.,2005.
Varian Medical Systems, Inc. v. Delfino
35 Cal.4th 180, 106 P.3d 958, 25 Cal.Rptr.3d 298, 33 Media L. Rep. 1396, 05 Cal. Daily Op. Serv. 1871, 2005 Daily Journal D.A.R. 2531

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 6

es if the motion for such an
ıfter the complaint or initial
› months before the date the
is earlier.

ion, "health care provider"
fied pursuant to Division 2
he Business and Professions
'steopathic Initiative Act, or
censed pursuant to Chapter
of Division 2 of the Health
ealth dispensary, or health
sion 2 (commencing with
afety Code. "Health care
sentatives of a health care
. 1498, § 7. Amended by
1205, § 1.)

ences

ition 6.00.1, Duty of Physician
& Writs Ch. 8-C, C. Standards

& Writs Ch. 13-A, A. General

ɔre Trial Ch. 1-C, C. Prelawsuit

efore Trial Ch. 1-G, G. Prior
adings.
efore Trial Ch. 6-B, B. Com-

ɔre Trial Ch. 6-E, E. Amended

re Trial Ch. 7-B, B. Motions to

efore Trial Ch. 8C-5, Privacy

ore Trial Ch. 12(I)-B, B. Case

Injury Ch. 3-E, E. Punitive

ry Ch. 3-F, F. Micra Provisions

y Ch. 5-E, E. Selected Pleading

njury Ch. 6-A, A. Scope of

ry Ch. 8-A, A. Case Manage-

Statute in Second Action Not

, (S 281) Procedural Error or

(S 888) Necessity of Pleading

63) Burden of Proof.
aration of Conference Order.
Statutory Priority: in General.
rty's Survival in Doubt.
§ 936, (S 936) Health Care

§ 1600, (S 1600) in General.
1601, (S 1601) Arising Out of

§ 1602, (S 1602) Substantial

§ 1603, (S 1603) Time Limits.
1604, (S 1604) Action Based

§ 1605, Action Against Reli-

§ 1686, Statutory Remedies.

**corporations or religious**
**nitive or exemplary dam-**
**ery**

ılary damages against a
orporation sole shall be





included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive or exemplary damages to be filed. The court may allow the filing of an amended pleading claiming punitive or exemplary damages on a motion by the party seeking the amended pleading and upon a finding, on the basis of the supporting and opposing affidavits presented, that the plaintiff has established evidence which substantiates that plaintiff will meet the clear and convincing standard of proof under Section 3294 of the Civil Code.

Nothing in this section is intended to affect the plaintiff's right to discover evidence on the issue of punitive or exemplary damages. *(Added by Stats.1988, c. 1410, § 1.)*

**Research References**

Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 1-G, G. Prior Court Order Required for Certain Pleadings.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 6-B, B. Complaints.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 7-B, B. Motions to Strike.
Rutter, Cal. Practice Guide: Personal Injury Ch. 3-E, E. Punitive Damages.
Rutter, Cal. Practice Guide: Personal Injury Ch. 5-E, E. Selected Pleading Issues.
5 Witkin Cal. Proc. 4th Pleading § 888, (S 888) Necessity of Pleading Special Damages.
5 Witkin Cal. Proc. 4th Pleading § 963, (S 963) Burden of Proof.
7 Witkin Cal. Proc. 4th Trial § 90, California Constitution and Statutes.
6 Witkin, California Summary 10th Torts § 1605, Action Against Religious Corporation.

**§ 425.15. Actions against directors or officers of nonprofit corporations; court order; pleadings; discovery; exceptions**

(a) No cause of action against a person serving without compensation as a director or officer of a nonprofit corporation described in this section, on account of any negligent act or omission by that person within the scope of that person's duties as a director acting in the capacity of a board member, or as an officer acting in the capacity of, and within the scope of the duties of, an officer, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes that claim to be filed after the court determines that the party seeking to file the pleading has established evidence that substantiates the claim. The court may allow the filing of a pleading that includes that claim following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based. The court shall order service of the petition upon the party against whom the action is proposed to be filed and permit that party to submit opposing affidavits prior to making its determination. The filing of the petition, proposed pleading, and accompanying affidavits shall toll the running of any applicable statute of limitations until the final determination of the matter, which ruling, if favorable to the petitioning party, shall permit the proposed pleading to be filed.

(b) Nothing in this section shall affect the right of the plaintiff to discover evidence on the issue of damages.

(c) Nothing in this section shall be construed to affect any action against a nonprofit corporation for any negligent action or omission of a volunteer director or officer occurring within the scope of the person's duties.

(d) For the purposes of this section, "compensation" means remuneration whether by way of salary, fee, or other consideration for services rendered. However, the payment of per diem, mileage, or other reimbursement expenses to a director or officer shall not constitute compensation.

(e)(1) This section applies only to officers and directors of nonprofit corporations that are subject to Part 2 (commencing with Section 5110), Part 3 (commencing with Section 7110), or Part 4 (commencing with Section 9110) of Division 2 of Title 1 of the Corporations Code that are organized to provide charitable, educational, scientific, social, or other forms of public service and that are exempt from federal income taxation under Section 501(c)(1), except any credit union, or Section 501(c)(4), 501(c)(5), 501(c)(7), or 501(c)(19) of the Internal Revenue Code[1].

(2) This section does not apply to any corporation that unlawfully restricts membership, services, or benefits conferred on the basis of * * * political affiliation, * * * age, or any characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code. *(Added by Stats.1992, c. 726 (S.B.1264), § 1. Amended by Stats.2007, c. 568 (A.B.14), § 16.)*

[1] 26 U.S.C.A. § 501(c).

**Research References**

Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 1-G, G. Prior Court Order Required for Certain Pleadings.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 6-B, B. Complaints.
Rutter, Cal. Practice Guide: Personal Injury Ch. 5-E, E. Selected Pleading Issues.
9 Witkin, California Summary 10th Corporations § 299, (S 299) Scope of Liability.
5 Witkin, California Summary 10th Torts § 35, Volunteer Directors or Officers of Nonprofit Corporations.

**§ 425.16. Anti-SLAPP actions; motion to strike; discovery; remedies**

(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

(b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

(2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

(c) In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

(d) This section shall not apply to any enforcement action brought in the name of the people of the State of California by

the Attorney General, district attorney, or city attorney, acting as a public prosecutor.

(e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(f) The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.

(g) All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision.

(h) For purposes of this section, "complaint" includes "cross-complaint" and "petition," "plaintiff" includes "cross- complainant" and "petitioner," and "defendant" includes "cross-defendant" and "respondent."

(i) An order granting or denying a special motion to strike shall be appealable under Section 904.1.

(j)(1) Any party who files a special motion to strike pursuant to this section, and any party who files an opposition to a special motion to strike, shall, promptly upon so filing, transmit to the Judicial Council, by e-mail or facsimile, a copy of the endorsed, filed caption page of the motion or opposition, a copy of any related notice of appeal or petition for a writ, and a conformed copy of any order issued pursuant to this section, including any order granting or denying a special motion to strike, discovery, or fees.

(2) The Judicial Council shall maintain a public record of information transmitted pursuant to this subdivision for at least three years, and may store the information on microfilm or other appropriate electronic media. *(Added by Stats.1992, c. 726 (S.B.1264), § 2. Amended by Stats.1993, c. 1239 (S.B.9), § 1; Stats.1997, c. 271 (S.B.1296), § 1; Stats.1999, c. 960 (A.B.1675), § 1, eff. Oct. 10, 1999; Stats.2005, c. 535 (A.B.1158), § 1, eff. Oct. 5, 2005.)*

**Research References**

Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 2-B, B. Appealable Judgments and Orders.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 2-C, C. Nonappealable Orders.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 7-A, A. Overview.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 7-C, C. Stay by Posting Security (Bond or Undertaking).
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 8-C, C. Standards of Appellate Review.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 8-D, D. Limits on Assertion of Issues on Appeal.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 14-B, B. Recovery of Appellate Costs and Attorney Fees.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 14-D, D. Precedential Effect of Appellate Court Opinions.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 15-C, C. Statutory Writs.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Gen. Matls., Highlights.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 1-A, A. Accepting a New Case.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 1-B, B. Prelawsuit Investigations, Research and Analysis.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 2-C, C. Joinder of Parties.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 6-E, E. Amended and Supplemental Pleadings.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 7-B, B. Motions to Strike.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 7-C, C. Special Motion to Strike SLAPP Suits ("Anti-SLAPP Motions").
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 10-F, F. Ruling on Motion.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 11-A, A. Voluntary Dismissals.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 8B-3, Limitations on Right to Discovery.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Gen. Matls., Highlights.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 9(III)-B, B. Sanctions Under CCP § 128.5 (Pre-1995 and SLAPP Cases).
Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 17-E, E. Attorney Fees as Costs.
California Practice Guide: Employment Litigation Ch. 1-B, B. Plaintiffs' Evaluation of Claims.
California Practice Guide: Employment Litigation Ch. 10-E, E. Harasser's Individual Liability.
California Practice Guide: Employment Litigation Ch. 19-D, D. Defendant's Challenges and Responses to Complaint.
Rutter, Cal. Practice Guide: Enforcing Judgments/Debts Ch. 6D-6, Debtor's Recourse Against Execution Levy.
Rutter, Cal. Practice Guide: Fed.Civ.Pro. Before Trial Ch. 1-B, B. Federal vs. State Law.
Rutter, Cal. Practice Guide: Fed.Civ.Pro. Before Trial Ch. 16-G, G. Voluntary Dismissals.
Rutter, Cal. Practice Guide: Insurance Litigation Ch. 11-J, J. Other Torts Not Necessarily Related to Insurer "Bad Faith".
Rutter, Cal. Practice Guide: Insurance Litigation Ch. 15-F, F. Pretrial Motions.
Rutter, Cal. Practice Guide: Insurance Litigation Ch. 12D-M, M. Anti-SLAPP Motions.
Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2B-5, Special "Problem" Provisions.
Rutter, Cal. Practice Guide: Personal Injury Ch. 3-A, A. Introduction.
Rutter, Cal. Practice Guide: Personal Injury Ch. 5-E, E. Selected Pleading Issues.
Rutter, Cal. Practice Guide: Personal Injury Ch. 6-A, A. Scope of Discovery and Limitations.
Rutter, Cal. Practice Guide: Personal Injury Gen. Matls., Highlights.
Rutter, Cal. Practice Guide: Prof. Responsibility Ch. 6-D, D. Professional Liability.
Rutter, Cal. Practice Guide: Prof. Responsibility Gen. Matls., Highlights.
Rutter Practice Guide: Fed.Civ.Pro. Bef.Trial(5th Cir) Ch. 1-B, B. Federal vs. State Law.
9 Witkin Cal. Proc. 4th Appeal § 237, Money or Payment of Money.
9 Witkin Cal. Proc. 4th Appeal § 128A, (S 128A) (New) Order on Special Motion to Strike in SLAPP Suit.
7 Witkin Cal. Proc. 4th Judgment § 201, (S 201) Other Actions Under California Statutes.
7 Witkin Cal. Proc. 4th Judgment § 263A, (New) Use of Lodestar Approach to Calculate Fees Awarded Under Statute.
5 Witkin Cal. Proc. 4th Pleading § 962, (S 962) in General.
5 Witkin Cal. Proc. 4th Pleading § 963, (S 963) Burden of Proof.
5 Witkin Cal. Proc. 4th Pleading § 964, (S 964) Statute Constitutional.
5 Witkin Cal. Proc. 4th Pleading § 971, (S 971) Review of Order Granting Motion.
5 Witkin Cal. Proc. 4th Pleading § 962A, (New) Cases Illustrating When Statute Applies.

5 Witkin Cal. Proc. 4th Pleading § 962B, (New) Cases Illustrating When Statute Does Not Apply.
5 Witkin Cal. Proc. 4th Pleading § 962C, (New) When Statement Need Not Concern Issue of Public Significance.
5 Witkin Cal. Proc. 4th Pleading § 963A, (New) Right to Fees and Costs.
6 Witkin Cal. Proc. 4th Provisional Remedies § 322, Petition, Service, and Response.
7 Witkin Cal. Proc. 4th Trial § 239, (S 239) in General.
5 Witkin, California Summary 10th Torts § 469, Nature of Tort.
5 Witkin, California Summary 10th Torts § 507, (S 507) Judgment or Ruling in Prior Proceeding.
5 Witkin, California Summary 10th Torts § 510, (S 510) Action Against Attorney.
5 Witkin, California Summary 10th Torts § 521, Ulterior Purpose.
5 Witkin, California Summary 10th Torts § 567, In General.

### § 425.17. Legislative findings and declarations regarding California Anti-SLAPP Law; application of § 425.16

(a) The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process or Section 425.16.

(b) Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist:

(1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision.

(2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.

(3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.

(c) Section 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist:

(1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services.

(2) The intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer, or the statement or conduct arose out of or within the context of a regulatory approval process, proceeding, or investigation, except where the statement or conduct was made by a telephone corporation in the course of a proceeding before the California Public Utilities Commission and is the subject of a lawsuit brought by a competitor, notwithstanding that the conduct or statement concerns an important public issue.

(d) Subdivisions (b) and (c) do not apply to any of the following:

(1) Any person enumerated in subdivision (b) of Section 2 of Article I of the California Constitution or Section 1070 of the Evidence Code, or any person engaged in the dissemination of ideas or expression in any book or academic journal, while engaged in the gathering, receiving, or processing of information for communication to the public.

(2) Any action against any person or entity based upon the creation, dissemination, exhibition, advertisement, or other similar promotion of any dramatic, literary, musical, political, or artistic work, including, but not limited to, a motion picture or television program, or an article published in a newspaper or magazine of general circulation.

(3) Any nonprofit organization that receives more than 50 percent of its annual revenues from federal, state, or local government grants, awards, programs, or reimbursements for services rendered.

(e) If any trial court denies a special motion to strike on the grounds that the action or cause of action is exempt pursuant to this section, the appeal provisions in subdivision (j) of Section 425.16 and paragraph (13) of subdivision (a) of Section 904.1 do not apply to that action or cause of action. *(Added by Stats.2003, c. 338 (S.B.515), § 1.)*

#### Research References

Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 2-B, B. Appealable Judgments and Orders.
Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 2-C, C. Nonappealable Orders.
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 7-C, C. Special Motion to Strike SLAPP Suits ("Anti-SLAPP Motions").
Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Gen. Matls., Highlights.
Rutter, Cal. Practice Guide: Personal Injury Ch. 5-E, E. Selected Pleading Issues.
Rutter, Cal. Practice Guide: Prof. Responsibility Ch. 6-D, D. Professional Liability.
9 Witkin Cal. Proc. 4th Appeal § 128A, (S 128A) (New) Order on Special Motion to Strike in SLAPP Suit.
5 Witkin Cal. Proc. 4th Pleading § 962, (S 962) in General.
5 Witkin Cal. Proc. 4th Pleading § 962B, (New) Cases Illustrating When Statute Does Not Apply.
5 Witkin Cal. Proc. 4th Pleading § 963A, (New) Right to Fees and Costs.

### § 425.18. SLAPPback actions; motion to strike; limitations periods; discovery; remedies

(a) The Legislature finds and declares that a SLAPPback is distinguishable in character and origin from the ordinary malicious prosecution action. The Legislature further finds and declares that a SLAPPback cause of action should be treated differently, as provided in this section, from an ordinary malicious prosecution action because a SLAPPback is consistent with the Legislature's intent to protect the valid exercise of the constitutional rights of free speech and petition by its deterrent effect on SLAPP (strategic lawsuit against public participation) litigation and by its restoration of public confidence in participatory democracy.

(b) For purposes of this section, the following terms have the following meanings:

(1) "SLAPPback" means any cause of action for malicious prosecution or abuse of process arising from the filing or maintenance of a prior cause of action that has been dismissed pursuant to a special motion to strike under Section 425.16.

(2) "Special motion to strike" means a motion made pursuant to Section 425.16.

(c) The provisions of subdivisions (c), (f), (g), and (i) of Section 425.16, and paragraph (13) of subdivision (a) of Section 904.1, shall not apply to a special motion to strike a SLAPPback.