STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:   (650) 812-3444

Attorneys for Plaintiffs
CORCEPT THERAPEUTICS, INC., JOSEPH
K. BELANOFF, and ALAN F. SCHATZBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC., JOSEPH K. BELANOFF, and ALAN F. SCHATZBERG,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY ROTHSCHILD,<br><br>Defendant. | CASE NO. C07-03795 JW (RS)<br><br>**PLAINTIFFS' OPPOSITION TO ROTHSCHILD'S MOTION TO STAY PENDING THE DISPOSITION OF ROTHSCHILD'S APPEAL TO THE NINTH CIRCUIT**<br><br>Date:       June 16, 2008<br>Time:       9.00 a.m.<br>Place:      Courtroom 8, 4th Floor<br>Judge:     Hon. James Ware |

{00312995v1}

## TABLE OF CONTENTS

I.      **INTRODUCTION** ....................................................................................... 1

II.     **FACTS** ........................................................................................................ 2

     A.      **Rothschild Will Not Suffer Any Irreparable Harm If A Stay Is Denied.** ...................................................................................... 3

     B.      **Plaintiffs Will Suffer Irreparable Harm If A Stay Is Granted.** ...... 3

     C.      **Undisputed And Indisputable Evidence Establishes That Rothschild Made The Postings Alleged By Plaintiffs To Be Defamatory.** ........................................................................... 4

     D.      **Undisputed And Indisputable Evidence Establishes That Rothschild Knew That The Postings Contained False Statements.** ................. 5

III.    **ARGUMENT** ............................................................................................. 6

     A.      **Rothschild Has No Prospects Of Success On Appeal.** ................... 6

     B.      **The Relative Hardships Of The Action Not Being Stayed Favor Plaintiffs.** ........................................................................... 9

     C.      **The Public Interest Element Does Not Favor Plaintiffs.** ............... 12

IV.    **CONCLUSION** ........................................................................................ 12

{00312995v1}
-i-

Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Batzel v. Smith,* 333 F.3d 1010 (9th Cir. 2003)................................................................11

4

*Golden Gate Restaurant Ass'n v. City & County of San Francisco*, 512 F.3d 1112
   (9th Cir. 2008)..............................................................................................................6

5

*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728........................................11

6

*Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90............................9

7

*Metabolife Int'l., Inc. v. Wornick,* 264 F.3d 832, 839 (9th Cir. 2001)..........................8

8

*Navellier v. Sletten* (2002) 29 Cal.4th 82..................................................................11

9

*New York Times Co. v. Sullivan* (1964) 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 ...............8

10

*Sims v. Great American Life Ins. Co.*, 469 F.3d 870 (10th Cir. 2006).......................12

11

*Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097 (9th Cir. 2003)..........................................8

12

*Will v. Hallock* (2006) 546 U.S. 345 ..................................................................11, 12

13

*Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007) ....................................................8

14

**OTHER AUTHORITIES**

15

16

Goelz & Watts, *Federal Ninth Circuit Appellate Practice,* § 6:268 (TRG 2008)..................6

17

§ 6:275 (TRG 2008)....................10

18

§ 6:277 (TRG 2008)....................10

19

*Rest.2d, Torts* § 602........................................................................................8

20

Witkin, *Summary of California Law, Torts,* § 602 (10th Edition) ..............................8

21

22

23

24

25

26

27

28

{00312995v1}                                    -ii-

Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

## I.     **INTRODUCTION**

1
2      Defendant Anthony Rothschild's ("Rothschild") motion to stay this action pending the
3  appeal must be denied, because he cannot satisfy the requirements for the granting of a stay.
4  Specifically, Rothschild has failed to show that his appeal even presents serious legal questions –
5  let alone that it has a probability of success on appeal, or that the related factors of undue hardship
6  and an adverse effect on the public interest weigh in favor of granting the motion.

7      There is no merit in Rothschild's argument that the Ninth Circuit will likely rule that the
8  Anti-SLAPP motion should have been granted because plaintiffs Corcept Therapeutics, Inc., Joseph
9  K. Belanoff and Alan F. Schatzberg (collectively "Plaintiffs") "cannot establish the predicate
10 'actual malice'," and therefore "cannot demonstrate a probability of success on the merits of their
11 claims."  Motion, 7:23-24.  This argument is based on the false premise that this Court failed to
12 examine Plaintiffs' probability of success on the merits (*Id.,* 7:19-20), and that if this Court had
13 done so it would/should have found that Plaintiffs cannot prove malice (*Id.,* 7:23-24).  However,
14 this Court did in fact address the probability of success on the merits, by *expressly finding* that
15 Plaintiffs demonstrated a "probability of prevailing," which finding necessarily encompassed a
16 finding that Plaintiffs would probably succeed *irrespective of* whether or not Plaintiffs need to
17 prove malice.  And in any event, the undisputed facts unquestionably establish that Rothschild did
18 indeed act with malice, in that prior to the publication of the defamatory statements he co-authored
19 an academic paper that proves his knowledge of the falsity of his defamatory statements.

20     Rothschild has also not demonstrated that he will suffer any irreparable injury, or that the
21 balance of hardships will tip sharply in his favor, absent a stay.  The only ostensible injury that
22 Rothschild has put forward is that he will be "dragged through the courts" if the motion to remand
23 is denied, and that he will be forced to incur costs that "may not be recoverable."  Motion, 4:8-10,
24 5:17-18.  Neither categories of alleged injury rise to the level of irreparable injury of the kind that
25 Rothschild is required to demonstrate in order to prevail on his motion, however.  Rothschild has
26 no substantive right not to be "dragged through the court," since the Anti-SLAPP statute *does not*
27 *provide* an absolute substantive immunity from suit, but is merely a "procedural device for
28 screening out meritless claims."  Thus, since Rothschild does not have immunity from suit, as he

{00312995v1}                                    -1-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1   claims, having to continue defending the action does not constitute irreparable harm.  Nor does the

2   fact that his insurance carrier – not himself personally – will have to continue honoring its duty to

3   defend (and pay the expenses of defending) while the appeal is pending constitute irreparable harm

4   either.  Indeed, the relative hardships strongly favor Plaintiffs, in that as long as the removal of the

5   defamatory statements from Yahoo's message board is delayed they will continue to be republished

6   every time a Google or other Internet search is based on terms such as the plaintiffs' names or

7   Corcept's products: thus, time is of the essence in getting to trial, and in obtaining an order causing

8   Yahoo to take down the offending postings.

9        Rothschild has further completely failed to demonstrate any adverse effect on the public

10  interest should the motion for stay be denied.  Thus the default principle of public policy that

11  justice delayed is justice denied should apply here, and Plaintiffs should be permitted to pursue this

12  action while Rothschild pursues his baseless appeal as yet another of the delaying tactics that have

13  characterized his litigation strategy to date.

14        Under the circumstances, Rothschild's motion to stay should be denied on multiple grounds.

15                           **II.    FACTS**

16        Rothschild's motion to stay is based on two arguments that are addressed to the irreparable

17  harm elements of his burden of proof, and a single argument that is addressed to his burden of

18  proving substantive prospects of success.  The first two arguments are that unless the action is

19  stayed: (1) his purported (but actually non-existent) substantive right to immunity from suit will be

20  violated because he will be "dragged through the courts; and (2) he will be forced to incur costs that

21  "may not be recoverable."  Motion, 4:7-5:16; 5:17-26.  Related to these arguments are the

22  arguments that: (1) Plaintiffs will not be prejudiced if the action is stayed; and (2) a stay will

23  promote economy of time and efficiency for the court.  *Id.*, 6:1-25; 8:1-11.

24        Rothschild's prospects of success argument is based on the false premise that this Court

25  "delay[ed] ruling on" a required element of its adjudication of his Anti-SLAPP motion, namely

26  whether or not the subject matter of the defamatory Internet postings involved a matter of public

27  interest.  Motion, 7:1-14.  Related to this contention is the argument that if the Court had addressed

28  the public interest issue it would have found that Plaintiffs are required to prove malice, and that

{00312995v1}                                    -2-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1  they are unable to do so.  *Id.,* 7:15-26.

2       None of Rothschild's arguments withstand scrutiny as a matter of fact or law.  As we

3  discuss below, Rothschild will not be irreparably harmed if this action is not stayed while his

4  frivolous appeal is being pursued, and the balance of hardships strongly tilts against the granting of

5  a stay.  Moreover, as we also discuss below, this Court did not  "delay" ruling on any necessary

6  matter required for the adjudication of the Anti-SLAPP motion, but actually adjudicated all

7  necessary issues – an adjudication that is fully supported by undisputed facts.

8       **A.    Rothschild Will Not Suffer Any Irreparable Harm If A Stay Is Denied.**

9       That Rothschild has no immunity from suit is based on a legal argument, and further

10  comment on that argument will therefore be deferred to Part III of this Opposition.  However, based

11  on that legal argument, it is apparent that being subjected to suit is not a "prejudice" capable of

12  constituting irreparable harm.  Thus, the first of Rothschild's alleged examples of irreparable harm

13  is baseless.

14       With regard to Rothschild's alleged risk of incurring irrecoverable costs, the Court should

15  be aware that Rothschild's defense is being undertaken by an insurance carrier.[1]  Under the relevant

16  policy Rothschild is entitled to indemnity for the expenses of defending against Plaintiffs' claims.[2]

17  Thus, Rothschild has complete indemnity for his expenses of defense, and he is not personally at

18  risk of incurring any irrecoverable legal expenses.  Under the circumstances, this alleged example

19  of irreparable harm is also factually unsupported.

20       **B.    Plaintiffs Will Suffer Irreparable Harm If A Stay Is Granted.**

21       It is now over three years since the first of the postings at issue in this action was published,

22  and those postings remain on Yahoo's message board for any Google or other searcher to locate

23  any time that "Corcept", "Corlux" (Corcept's product), "mifepristone", "Belanoff", or

24  "Schatzberg" is used as a search term.  Thus, it is probable that additional persons who may not

25  have known about the defamatory postings when they were originally published are becoming

26  aware of those postings every day.  Unlike defamatory statements published in a newspaper or

27  

28  [1].  Declaration of Stuart Clark dated May 23, 2008 ("Clark Dec."), ¶¶ 2, 3.
[2].  *Id.,* ¶ 4.

Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1  magazine which typically have a limited lifespan, therefore, Internet defamation is especially

2  pernicious because is remains available and is readily accessible as increasingly powerful search

3  tools that are available to Internet users facilitate republication.  Thus, the longer that Plaintiffs are

4  prevented from pursuing this action and obtaining a judgment that will cause Yahoo to remove the

5  postings from its message boards, the greater will be the injury sustained by Plaintiffs.

6
7        C.    **Undisputed And Indisputable Evidence Establishes That Rothschild
              Made The Postings Alleged By Plaintiffs To Be Defamatory.**

8        Rothschild's motion properly assumes the correctness of the allegations of the complaint,

9  and fairly summarizes the essential substance of Plaintiff's defamation claims in the "Procedural

10  History" section of the Motion, at 2:20 – 3:2.  To the extent that the Court requires any further

11  information with regard to the defamatory Internet postings upon which Plaintiffs' claims are

12  based, and with regard to the facts that demonstrate that Rothschild was responsible for the postings

13  by "corceptisafraud" and "stanfordinsider," the Court is respectfully referred to in Part IV, "Facts"

14  of Plaintiffs' opposition to Rothschild's motion to dismiss for alleged lack of personal jurisdiction,

15  and to Plaintiffs' opposition to Rothschild's Anti-SLAPP motion, at pages 6:25-13:20, and to the

16  evidence supporting those briefs.[3]  Rather than burden the Court with a repetition of the contents of

17  those documents, Plaintiffs request that they should be deemed by this reference to be incorporated

18  herein.

19        Based on the Internet Protocol Addresses used, the locations from which the postings were

20  made, Rothschild's presence at the places from which the postings were made (as diverse as

21  Massachusetts, the Hyatt in Arlington, the offices of the American Psychiatric Association in

22  Arlington, and Pittsburgh), and the fact that Rothschild's phone records show calls to each of the

23  venues at which harassing calls were made, there is an overwhelming probability that Rothschild

24  did in fact publish the defamatory Internet postings and make the harassing calls that he is alleged

25  in the complaint to have done.  And nothing in Rothschild's motion papers contradicts this

26  overwhelming evidence of his misconduct.  Thus, Rothschild's motion presents no evidence or

27  _____

28  [3].   See Request for Judicial Notice dated May 23, 2008 ("RJN"), filed herewith: Exhibits "A", "B", "C",
       and "D".

{00312995v1}                                    -4-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1   argument that suggest that this Court erred in finding that "Plaintiffs have demonstrated a

2   probability of prevailing on [their] claims."  Order dated March 31, 2008 ("Order"), 12:8-10.

3

        **D.    Undisputed And Indisputable Evidence Establishes That Rothschild**
4       **Knew That The Postings Contained False Statements.**

5           It is undisputed, and indisputable, that when Rothschild made the March 17, 2005 posting

6   alleging that "[t]here is absolutely no evidence that their drug, RU-486, works for psychotic

7   depression of for anything else for that matter," he knew that RU-486 (also known as mifepristone

8   or "Corlux") had been shown in clinical trials to have beneficial medical uses.  Rothschild's

9   knowledge of the falsity of the above-quoted statement is uncontrovertibly established by the fact

10  that he was the co-author of the April, 2002 paper entitled "*An Open Label Trial of C-1073*

11  *(Mifepristone) for Psychotic Major Depression*,"[4] in which he noted that, among other things, of 19

12  subjects in a clinical trial, 13 had a 30% or greater decline in the Brief Psychiatric Rating Scale

13  scores.  Thus, Rothschild's own paper proves the falsity of his statement that "there is absolutely no

14  scientific evidence that their drug, RU-486, works for psychotic depression of for anything else."

15  The paper also indisputably proves that when Rothschild made the March 17, 2005 posting he

16  *actually knew of its falsity*.

17          Rothschild's actual knowledge that RU-486/mifepristone/Corlux did have medically

18  beneficial uses also proves that he knew of the falsity of his allegations that plaintiffs Belanoff and

19  Schatzberg were selling Corcept stock *because* "they know the drug does not work."  Clearly

20  Belanoff and Schatzberg could not have been motivated to sell their stock by something that did not

21  exist, and was not true.  These knowingly false allegations by Rothschild about the purported

22  motive for Belanoff's and Schatzberg's stock sales also appear in other postings, for example the

23  posting on August 23, 2005 ("The insiders at Corcept know the data, have seen the data.  The CEO

24  is a psychiatrist.  He has been selling shares as fast as he can.")[5] and on October 17, 2005 ("The

25  Corcept founders realize [the drug doesn't work and is not practical] and despite their public

26  ────────────────

27  [4].  Declaration of Joseph Belanoff dated October 29, 2007 ("Belanoff Dec."), ¶ 17 and Exhibit "L": RJN,
         Exhibit "C".
28  [5].  Belanoff Dec., Exhibit "E".

{00312995v1}                              -5-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1    endorsements regarding the wonders of RU-486 have been selling since the IPO.")[6]  Thus, clear

2    and convincing – and undisputed and indisputable – evidence proves that when he made the

3    defamatory statements Rothschild knew that his statements were false.

4                                    **III.    ARGUMENT**

5            Rothschild's motion for a stay must be denied because it is clear that he cannot satisfy the

6    substantive requirements for granting a stay.  As Rothschild notes in his Motion, in determining

7    whether an action should be stayed pending an appeal of an interlocutory order, three factors must

8    be balanced: (1) the prospects of success on appeal; (2) the relative hardships of the parties; and (3)

9    the public interest.  Motion, 3:18-22 (citing *Golden Gate Restaurant Ass'n v. City & County of San*

10   *Francisco*, 512 F.3d 1112 (9th Cir. 2008); see also Goelz & Watts, *Federal Ninth Circuit Appellate*

11   *Practice*, § 6:268 (TRG 2008).  In applying the above factors, the court employs two interrelated

12   legal tests representing the outer reaches of a single continuum, namely whether the moving party

13   can show a probability of success and the possibly of irreparable injury, or *alternatively* whether

14   the moving party can show the existence of serious legal questions and that the balance of

15   hardships tips sharply in his favor.  *Golden Gate Restaurant Ass'n, supra*., at 1115.

16          Rothschild does not seriously contend that he has a probability of succeeding on his appeal.

17   Rather, he argues that the appeal raises "serious legal questions," and that the balance of hardship

18   tips sharply in his favor.  Motion, 7:1-2, 4:7-10.  Neither element of Rothschild's argument

19   withstands scrutiny, however, because the appeal is so lacking in merit that it does not raise any

20   serious legal questions, and the alleged irreparable harm asserted is not only illusory but is

21   outweighed by the harm to Plaintiffs of a stay.  Thus, since Rothschild's failure to prove *either*

22   element is fatal to his motion, and since he cannot prove *both* elements, the motion must be denied.

23          **A.       Rothschild Has No Prospects Of Success On Appeal.**

24          By focusing his arguments on the alternative "serious legal questions" standard, Rothschild

25   implicitly acknowledges that he cannot show a *probability* of success – although he formally argues

26   that position, albeit rather timidly.  *Id.*, 7:15-17.  The issue that allegedly "raises serious legal

27   _____

28   [6].   Belanoff Dec., Exhibit "D".

{00312995v1}                                    -6-
                    Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
                    Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1 questions" is:

2          whether a trial court can delay ruling on an Anti-SLAPP motion until
           discovery and investigation are conducted, or if the issue of whether a
3          matter is of the public interest must be determined at the outset." *Id.*, 7:6-8

4          As an initial matter we note that this Court did not, of course, "delay ruling on an Anti-

5 SLAPP motion until discovery and investigation are conducted," as alleged by Rothschild. To the

6 contrary, the Court expressly ruled on prospects of success, by finding that "Plaintiffs have

7 demonstrated a probability of prevailing." Order, 12:9-10. Thus, to the extent that Rothschild's

8 "serious legal question" argument is initially predicated on the false premise that this Court did not

9 decide whether on the evidence Plaintiffs had demonstrated prospects of success, it is unfounded.

10         Rothschild next argues that the Ninth Circuit should make the probability of success finding

11 that he (mistakenly) argues that this Court "did not undertake:"

12         If the Ninth Circuit determines that sufficient evidence did exist to
           determine the efficacy of mifepristone is an issue of public interest, *it will*
13         *then examine plaintiff's probability of success on the merits, an exercise*
           *this court did not undertake*.  Motion, 7:17-20 (Emphasis added)
14

15         Rothschild's argument then proceeds by asserting that if this Court had "examine[d]

16 plaintiffs' probability of success on the merits," then "it would have concluded that [Rothschild]

17 did not make the alleged postings," and that the gist or sting of the postings were true or constituted

18 nonactionable opinion. *Id.,* 7:20-23. However, Rothschild offers no evidence or analysis to

19 support his contention that he did not make the postings, or that their content was true or

20 constituted nonactionable opinion. Rothschild does, however, make the argument with respect to

21 malice that:

22         Therefore, and because plaintiffs cannot establish the predicate "actual
           malice," plaintiffs cannot demonstrate a probability of success on the
23         merits of their claims. *Id.,* 7:23-24.

24         The crux of Rothschild's argument in support of his motion to stay is, therefore, that

25 Plaintiffs cannot prove malice, and that Plaintiffs' ability to prove malice is a serious legal question

26 for the Ninth Circuit. However, in reality that issue is irrelevant, because on the undisputed and

27 indisputable evidence Plaintiffs *can prove malice*. Therefore, even assuming in Rothschild's favor

28 that the Ninth Circuit would agree to hear an appeal in which its ruling would have no effect on the

{00312995v1}                    -7-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1 trial court's decision, any finding by the Ninth Circuit on the public interest issue would not result

2 in a reversal of this Court's finding that "Plaintiffs have demonstrated a probability of prevailing."[7]

3        If the person injured by a defamatory statement is a public figure, it is an element of a claim

4 for defamation by the public figure that the statement must have been made with malice.  Witkin,

5 *Summary of California Law, Torts,* § 602 (10th Edition); *New York Times Co. v. Sullivan* (1964)

6 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686.  "Malice" is established by showing, among other

7 things, that the person making a false statement "knows that the statement is false and that it

8 defames the other person."  *Id.*, (citing *Rest.2d, Torts* § 602).

9        Malice was made an issue in Rothschild's Anti-SLAPP motion by his arguments that

10 plaintiffs are "limited purpose public figures," and that they are therefore required to prove actual

11 malice, and further that because they could not prove malice they could not establish a prima facie

12 case.[8]  However Plaintiffs *can readily prove malice*, and this Court's order implicitly so found.  As

13 is discussed in Part II(D), above, when Rothschild published his May 17, 2005 posting, stating that

14 "[t]here is absolutely no evidence that their drug, RU-486, works for psychotic depression of for

15 anything else for that matter" he knew that RU-486 had been shown in clinical trials to have

16 beneficial medical uses.  Rothschild's co-authorship of the April, 2002 paper entitled "*An Open

17 Label Trial of C-1073 (Mifepristone) for Psychotic Major Depression*," which noted the beneficial

18 medical uses of RU-486, proves uncontrovertibly that Rothschild knew of the falsity of his

19 statement that "there is absolutely no scientific evidence that their drug, RU-486, works for

20 psychotic depression or for anything else."  Similarly, when Rothschild stated in the August 23,

21 2005 and October 17, 2005 postings that Belanoff and Schatzberg were selling shares *because they

22 knew that RU-486/mifepristone/Corlux "did not work,"* Rothschild also knew that it was false to

23 ─────────────

24 [7].  Plaintiffs note that they disagree with Rothschild's position that the Ninth Circuit reviews a district
     court's denial of *factual determinations* on an Anti-SLAPP motion *de novo*.  Motion, 7:15-17.  Given
25   the finding in *Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007), this is not an issue that this Court may
     address.  However, on appeal Plaintiffs will contend that *Zamani* misstated the standard of review,
26   based on its application of *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097 (9th Cir. 2003), which in turn mis-
     stated the standard of review in *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001).  In
27   *Metabolife* the Ninth Circuit applied the traditional rule that *conclusions of law* on an Anti-SLAPP
     motion are reviewed *de novo* – not questions of fact.
28 [8].  Memorandum of Points and Authorities in Support of Motion to Strike (Document 23), filed August 23,
     2007, at 21:19-24:22: RJN, Exhibit "A".

{00312995v1}                                    -8-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1   attribute this motive to those individual plaintiffs.  Thus, when this Court found that Plaintiffs had

2   "demonstrated a probability of prevailing," the undisputed evidence of Rothschild's knowledge of

3   the falsity of his statements fully supported that finding – irrespective of whether or not Plaintiffs

4   might be found to be limited purpose public figures, and irrespective of whether or not Plaintiffs are

5   required to prove malice.

6          It was not a prerequisite for the denial of Rothschild's Anti-SLAPP motion that Plaintiffs

7   should establish that *each* of the defamatory statements was known by Rothschild to be false when

8   made.  Rather, Plaintiffs needed only show that *some* component of their claim stated a potentially

9   viable claim.  *Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 106. ("Where a

10  cause of action refers to both protected and unprotected activity and a plaintiff can show a

11  probability on *any part of its claim*, the cause of action is not meritless and will not be subject to

12  the anti-SLAPP procedure.")  Thus, establishing a prima facie claim on any component of

13  Plaintiffs' defamation claims – as the evidence does with respect to at least the March 17, 2005,

14  August 23, 2005 and October 17, 2005 postings[9] – was sufficient to require dismissal on

15  Rothschild's Anti-SLAPP motion.

16         Under the circumstances, undisputed and indisputable evidence of actual malice supports

17  the finding that plaintiffs demonstrated a probability of prevailing, and Rothschild has no prospects

18  of success before the Ninth Circuit.  Thus, Rothschild cannot even show that there is a serious legal

19  question presented by his appeal.  As a result, even if Rothschild could prove irreparable harm

20  (which he cannot, as we discuss next), his inability to prove the "serious legal question" element of

21  his burden of proof requires that his motion to stay must be denied.

22         **B.       The Relative Hardships Of The Action Not Being Stayed Favor Plaintiffs.**

23         Even though Rothschild's inability to show the existence of a serious legal question for the

24  Ninth Circuit requires that his motion to stay be denied, out of an abundance of caution Plaintiffs

25  nevertheless proceed to demonstrate that Rothschild also cannot carry his burden of proving that

26  the balance of hardships tilts in his favor *at* all – let alone that it tilts sharply in his favor.

27  ─────────────────

28  [9].   Belanoff Dec., Exhibits "D", "E", and "H".

1    Rothschild's burden is to show a *significant risk of irreparable injury.* Goelz & Watts,

2   *Federal Ninth Circuit Appellate Practice, supra.*, § 6:275. In this regard, monetary injury that is

3   compensable does not constitute irreparable harm. *Id.,* § 6:277.

4    The nature of the alleged irreparable harm that Rothschild claims to "sharply tilt" the

5   balance of hardships in his favor is that he will be subjected to the expense and inconvenience of

6   continuing to defend the action while his appeal is pending, because he will be "dragged through

7   the courts." Motion, 5:17-21, 4:7-19. Given that Rothschild's insurer is paying his expenses of

8   defense, however, he will not suffer any harm whatsoever with regard to that claimed category of

9   harm. And the inconvenience of being a party to the litigation as the case proceeds is minimal –

10   and given the lack of merit in Rothschild's appeal is highly unlikely to be avoided by any decision

11   of the Ninth Circuit. Thus, in essence the "irreparable harm" that Rothschild is able to put forward

12   is that he will be required to continue litigating this case now, rather than after the Ninth Circuit has

13   dismissed his appeal.

14    In contrast to Rothschild, Plaintiffs will suffer serious and irreparable harm if the action is

15   stayed, because the time that it will take to cause the defamatory postings to be removed from the

16   Internet will be extended for the duration of any stay. Thus, the 12 to 18 month period that it is

17   likely to take to determine the appeal will *extend by that time* the public dissemination of the

18   defamatory postings, by ensuring that they will remain accessible to public view on the Internet.

19   Thus, a stay would compound the injury to plaintiffs, by increasing the audience of those exposed

20   to Rothschild's false and derogatory statements, since any Googler or other searcher who uses the

21   name of any plaintiff or of Corcept's product as a search term will find the defamatory statements

22   on a list of responsive websites. Thus, the injury to Plaintiffs as a result of any further delay in

23   getting this case to trial will be continuing and serious.

24    Under the circumstances, it is of great importance to the protection of Plaintiffs' business

25   and professional and personal reputations that the trial in the action not be delayed, and that the

26   case be ready to be sent to trial as soon as possible after the Ninth Circuit has dismissed

27   Rothschild's appeal. The only way to achieve this objective is to allow pretrial proceedings to

28   continue, so that the case will be ready for trial at short notice. In this regard, Rothschild's

{00312995v1}
-10-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1   contention that Corcept's success in attracting additional investors, and Schatzberg's election as

2   President of the American Psychiatric Association, somehow mitigates Plaintiffs' damages is

3   unfounded.  It is the equivalent to arguing that the personal injury damages sustained by an accident

4   victim should be reduced because the victim has recovered to some extent from the injuries

5   inflicted by the defendant.  And no principle of law or logic supports that proposition.

6          That Rothschild's appeal is from the denial of an Anti-SLAPP motion does not alter the

7   foregoing analysis one iota.  At best for Rothschild, the only effect of the Anti-SLAPP statute is to

8   permit an interlocutory appeal which might otherwise be denied him.[10]  The Anti-SLAPP statute

9   manifestly does not *guarantee a stay.*  If it did provide such a guarantee the statute would indeed

10  "immunize" a defendant from suit for whatever period it took for the motion and any consequent

11  appeal to be adjudicated.  But that is not the law, and Rothschild has no *right* not to be "dragged

12  through the courts" while his appeal is pending, because his rights under the Anti-SLAPP statute

13  are limited to the *screening out of meritless claims*, and do not confer *an immunity from suit.*

14  *Navellier v. Sletten* (2002) 29 Cal.4th 82, 93 ("[T]he Anti-SLAPP statute neither constitutes – nor

15  enables courts to effect – any kind of 'immunity' for breach of a release or other kinds of contracts

16  affecting speech.") (cited with approval in *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th

17  728, 738).  And this screening operates merely by subjecting actions in which the plaintiff cannot

18  state and substantiate a legally sufficient claim to potential dismissal – not by guaranteeing a stay

19  during an appeal.  *Navellier*, 29 Cal.4th at 93.  However once a court concludes that a complaint

20  does state and substantiate a legally sufficient and non-frivolous claim – as this Court has done here

21  – the action may proceed.  The process is therefore one of *filtering,* and it is not and cannot be a

22  mechanism for ensuring that only claims in which a judgment for plaintiff is *guaranteed* may

23  proceed.

24         The cases cited by Rothschild in support of his argument that the Anti-SLAPP statute

25  confers substantive immunity from suit are inapposite to this case.  Those cases, including

26  _____

27  [10].  Plaintiffs note that in the appeal they will contend that under the collateral order doctrine no appeal lies
    on an Anti-SLAPP motion, and that *Batzel v. Smith*, 333 F.3d 1010 (9th Cir. 2003) and its progeny were
28  wrongly decided in light of *Will v. Hallock* (2006) 546 U.S. 345.  However, Plaintiffs recognize that this
    Court is bound by *Batzel.*

{00312995v1}                                    -11-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1    *Kohrautz v. Oilmen Participation Corp.*, *Herb Hallman Chevrolet, Inc. v. Nash-Homes* and *Pierce*

2    *v. Multnomah County, Or.*, each involve some form of governmental immunity (prosecutorial

3    immunity, qualified immunity for law enforcement, court-appointed receivers' official immunity).

4    In contrast, this case does not involve the type of "immunity" of a "particular value of a high order"

5    that warrants avoiding trial. *See Will v. Hallock* (2006) 546 U.S. 345, 347. The *Erie* substantive

6    protection asserted by Rothschild is inapplicable in this case where the purpose of the statute

7    involved is to achieve the "fair, accurate, and efficient resolution of disputes" rather than to

8    "influenc[e] conduct through legal incentives[.]" *Sims v. Great American Life Ins. Co.*, 469 F.3d

9    870, 882-83 (10th Cir. 2006).

10    Under the circumstances, Rothschild cannot satisfy his burden of proving that the balance of

11    hardships "tilt sharply" in his favor, and his inability to carry this element of his burden of proof

12    provides an alternative basis for denying his motion.

13    **C.    The Public Interest Element Does Not Favor Plaintiffs.**

14    Rothschild fails to set forth any argument whatsoever on the third element of the balancing

15    test to be applied by this Court in determining whether to stay the proceedings pending appeal,

16    namely that the public interest requires that the action not proceed. This is hardly surprising, since

17    it is clear that the public interest will not be negatively impacted by proceeding with the action

18    while the appeal is pending – Rothschild's judicial economy arguments notwithstanding (and in this

19    regard, merely delaying Rothschild's day of reckoning is hardly supportive of the public interest or

20    judicial economy). To the contrary, if this Court were to stay the proceedings, the public interest

21    would suffer in that the long established judicial policy that lawsuits should be promptly and

22    efficiently adjudicated would be violated – with the prejudicial effects on Plaintiffs that have

23    already been discussed above.

24    **IV.    CONCLUSION**

25    For the foregoing reasons Rothschild cannot show that his appeal even raises a serious legal

26    question, because he cannot show that a ruling by the Ninth Circuit on the public interest issues will

27    change the result of this Court's decision to deny his Anti-SLAPP motion. Rothschild's inability to

28    make that showing, standing alone, requires denial of his motion. Nor can Rothschild satisfy the

{00312995v1}                                    -12-
Plaintiffs' Opposition to Rothschild's Motion to Stay Pending the Disposition of
Rothschild's Appeal to the 9th Circuit (Case No. C07-03795 JW (RS))

1   second element of his burden of proof, namely that the relative hardships "tilt sharply" in his favor,

2   because the hardship placed on Plaintiffs due to the continuing publication of the defamatory

3   postings far outweighs the expense incurred by Rothschild's insurer in fulfilling its contractual duty

4   to defend, and the minimal inconvenience to Rothschild of the action proceeding while the appeal

5   is pending.  Thus, Rothschild's motion to stay this action should be denied, and Plaintiffs

6   respectfully request that the Court should so order.

7

8   Dated:  May 23, 2008                    CARR & FERRELL *LLP*

9

10                                          By: _____
11                                          STUART C. CLARK
                                            CHRISTINE S. WATSON
12                                          Attorneys for Plaintiffs
                                            CORCEPT THERAPEUTICS, INC., JOSEPH
13                                          K. BELANOFF, and ALAN F. SCHATZBERG

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28