1    Robert A. Bleicher (Bar No. 111334)
     HOLLAND & KNIGHT LLP
2    50 California Street, 28th Floor
     San Francisco, California 94111
3    Telephone: (415) 743-6900
     Facsimile: (415) 743-6910
4
     Shelley G. Hurwitz (SBN 217566)
5    HOLLAND & KNIGHT LLP
     633 W. Fifth Street, 21st Floor
6    Los Angeles, California 90071
     Telephone: (213) 896-2400
7    Facsimile: (213) 896-2450

8    Attorneys for Defendant
     Anthony Rothschild
9

10

11              **UNITED STATES DISTRICT COURT**

12             **NORTHERN DISTRICT OF CALIFORNIA**

13                    **SAN JOSE DIVISION**

14   CORCEPT THERAPEUTICS, INC.,          Case No.: C 07-03795 JW
     Corporation, JOSEPH K. BELANOFF, an
15   individual, ALAN F. SCHATZBERG, an   **REPLY MEMORANDUM IN SUPPORT**
     individual                           **OF MOTION TO STAY PENDING THE**
16                                         **DISPOSITION OF DEFENDANT DR.**
              Plaintiffs,                  **ANTHONY ROTHSCHILD'S APPEAL**
17                                         **TO THE NINTH CIRCUIT**
              vs.
18                                         **Date:** June 16, 2008
     ANTHONY ROTHSCHILD, DOE 1, an        **Time:** 9:00 am
19   individual, DOE 2, an individual, and DOES 3   **Courtroom:** 8
     through 20, inclusive,               **Judge:** Hon. James Ware
20
              Defendants.
21

22   ///

23   ///

24   ///

25   ///

26

27

28

1

### REPLY MEMORANDUM

2

I.    **PLAINTIFFS' OPPOSITION DOES NOT SUPPORT THE DENIAL OF A STAY.**

3

    A.    **Plaintiffs' Claim Of Prejudice Is Entirely Disingenuous Given That They**

4

          **Have Never Taken *Any* Steps To Remove The Postings.**

5          Plaintiffs' contention that a stay will cause them great hardship because the subject

6    postings will remain on the Yahoo message board until the conclusion of this action is entirely

7    disingenuous. First, plaintiffs have made no effort *whatsoever* to remove the postings from the

8    Yahoo message board. Plaintiffs could have sought an injunction requiring Yahoo to remove

9    the postings, but they have not filed an action against Yahoo nor sought an injunction requiring

10   the removal of the postings. Indeed, there is no indication that plaintiffs have even *asked* Yahoo

11   to remove the postings. Plaintiffs did, however, request that Yahoo remove the March 17, 2005

12   posting, and Yahoo did so.[1] Despite their claims of grave injury, plaintiffs have not requested

13   that the remaining postings be removed; hence their cry of "prejudice" from a stay is hollow.

14         Further, the First Amended Complaint does not seek an injunction requiring Dr.

15   Rothschild or Yahoo to remove the postings, nor any other type of injunctive relief. Rather, the

16   First Amended Complaint *exclusively* seeks damages. Thus, the issuance of a stay in this action

17   will have no effect on whether the subject postings remain on the Yahoo message board.

18         Moreover, the notion that plaintiffs are being damaged by these handful of old messages

19   on a Yahoo message board, amid a sea of postings and other writings criticizing plaintiffs is,

20   frankly, laughable. So preposterous is this notion -- that four stale, anonymous, irrelevant

21   Yahoo postings have injured a publicly traded pharmaceutical company and its principals – that

22   there can be no other logical conclusion other than that plaintiffs have filed this action for an

23   ulterior purpose.

24         Plaintiffs' argument, on the other hand, that Dr. Rothschild will not be injured absent a

25   stay because he has tendered his defense to an insurer is simply incorrect. First, the law does not

26   make the distinction that plaintiffs seek to impose between insured defendants and uninsured

27

28

---

[1] *See* Declaration Of Shelley Hurwitz In Support Of Defendant Dr. Anthony Rothschild's Special Motion To Strike Pursuant To California's Strategic Lawsuit Against Public Participation (Anti-Slapp) Statute, ¶25, and Exh. 24 thereto.

1

1   defendants; they have not cited to a single reported decision that supports this implausible

2   proposition.  Indeed, to follow the logic of plaintiffs' argument would penalize any defendant

3   who had the judgment and ability to obtain liability insurance, a notion that completely

4   undermines and directly contradicts the public policy in favor of taking such prudent steps.

5   Second, the existence of an insurance policy does not alter the fact that Dr. Rothschild is being

6   sued by a publicly traded corporation and the president of the APA.  The idea that the lawsuit's

7   effect on Dr. Rothschild is "minimal" (Opposition, p.10:9) and does not create a great deal of

8   stress for him simply because an insurance policy exists, is naïve: plaintiffs are challenging Dr.

9   Rothschild's integrity, an accusation that no insurance policy can mitigate.  The anti-SLAPP

10  statute does, clearly,  provide Dr. Rothschild immunity from ***plaintiff's lawsuit***  because their

11  claims are meritless.

12          Finally, only plaintiffs' interests – not the public interest – are served by requiring Dr.

13  Rothschild to litigate this matter during the appeal.  Plaintiffs' "justice delayed is justice denied"

14  adage is inapt where, as here, the conduct complained of took place three years ago, and

15  plaintiffs have been litigating this case for just as long.  Rather, the public interest in assuring

16  that California's anti-SLAPP statute is applied correctly to protect First Amendment rights, and

17  that defendants are not subject to prosecution when it is not, supercedes plaintiffs' monetary

18  concerns.

19          **B.      Dr. Rothschild's Appeal, Which Has A Strong Prospect Of Success, Raises A**

20                  **Serious Legal Question.**

21          Plaintiffs misconstrue Dr. Rothschild's appeal.  The serious legal question for appeal is

22  *not* plaintiffs' ability to prove malice (Opposition, p.7:24-25).  Rather, the key legal issue is

23  whether a Court must rule on an anti-SLAPP motion at the pleading stage.  With respect, Dr.

24  Rothschild's position is that this Court did not examine the anti-SLAPP motion on its merits and

25  the statute requires it to do so at the pleading stage.  The Opposition, however, contends that the

26  Court ruled that plaintiffs demonstrated a probability of prevailing, and that plaintiffs would

27  probably succeed irrespective of whether or not they prove malice.  Opposition, 1:13-17.  This is

28  a mischaracterization of the Court's Order.  The Order states that the Court "*does not have*

2

1    *sufficient information to determine*" (emphasis added) whether the anti-SLAPP statute applies –

2    not that plaintiffs have a probability of prevailing, nor that plaintiffs can show malice. Order,

3    p.12:3-10.

4          What plaintiffs appear to be referring to is a statement in the Order that some portion of

5    the Complaint refers to "at least some unprotected activity and Plaintiffs have demonstrated a

6    probability of prevailing on those claims." Order, p. 12:8-10.  Given that the Complaint is

7    divided into four causes of action, two of which deal with prank telephone calls, and two that

8    deal exclusively with internet postings, the parties are unable to determine which causes of

9    action the Court is referring to.  Assuming, solely for the sake of illustration, that the Court is

10   referring to the causes of action addressing the prank telephone calls, then the Court's Order

11   effectively states that the plaintiffs have <u>not</u> demonstrated a probability of prevailing on the

12   causes of action that deal exclusively with the Yahoo postings.  The Court's summary comment

13   may stem from its misunderstanding that it must examine each cause of action separately, and it

14   must dismiss those causes of action subject to the anti-SLAPP statute, even if other causes of

15   action survive.  California Code of Civil Procedure §425.16(b)(1).  In any event, Dr. Rothschild's

16   appeal to the Ninth Circuit will address the central question of whether the Court must

17   determine, on the merits, whether the anti-SLAPP statute applies at the pleading stage.  That is

18   something the Court did not do, and that is what raises a serious legal question for appeal.

19         Plaintiffs unreasonably argue that Dr. Rothschild must not believe in his likelihood of

20   success on appeal because the motion for a stay did not vehemently set forth all of his reasons for

21   why the Order should be reversed.  Plaintiffs could not be more wrong.  Dr. Rothschild is

22   confident that he will prevail on the merits for all of the reasons set forth in his anti-SLAPP

23   motion, which the Court has already reviewed.  It is axiomatic that an anti-SLAPP motion must

24   be decided on the merits at the pleading stage.  Indeed, the statute only provides defendants with

25   60 days to file an anti-SLAPP motion after the service of the Complaint.  California Code of

26   Civil Procedure §425.16(f).  The Court's Order was akin to a ruling that it could not consider a

27   Rule 12(b)(6) motion to dismiss because the case was only "at the pleading stage."  Clearly, that

28   is not the law.

1    Critically, Plaintiffs do not contest Dr. Rothschild's position on this basic rule of law.

2    Rather, their hopes to defeat Dr. Rothschild's appeal will largely depend on (somehow)

3    convincing the Ninth Circuit that *no less that three times* over the last seven years, it has

4    (incredibly) managed to misapply and wrongly decide some of the core legal issues raised by Dr.

5    Rothschild's appeal: Opposition, p.8, n.7 ("[O]n appeal Plaintiffs will contend that *Zamani* [*v.*

6    *Carnes*], 491 F.3d 990 (9th Cir. 2007) misstated the standard of review, based on its application

7    of *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, which in turn misstated the standard of review in

8    *Metabolife Int'l., Inc. v. Wornick,* 264 F.3d 832, 839 (9th Cir. 2001).");  Opposition, p. 11, n.10

9    ("Plaintiffs note that in the appeal they will contend that . . . *Batzel v. Smith,* 333 F.3d 1010 (9th

10    Cir. 2003) and its progeny were wrongly decided . . ..").  Dr. Rothschild will contend that the

11    Ninth Circuit did not err in any of these cases.

12    **C.    Although The Court Did Not Reach The Issue, There Is No Evidence Of**

13    **Malice.**

14    Although the Court did not reach the issue, plaintiffs cannot produce any evidence of

15    malice.  Even if Dr. Rothschild did post the Yahoo messages – which he did not – the 2002 paper

16    co-authored by Dr. Rothschild that plaintiffs continue to harp on discussed an open-label,

17    uncontrolled study, with no randomization and no blinding.  It is generally accepted in the

18    medical and scientific communities that open-label uncontrolled studies do not provide a

19    sufficient basis to constitute scientifically reliable evidence.  Many, if not most, members of

20    these communities consider that an open-label study should only be relied upon to generate

21    hypotheses regarding a cause and effect relationship that can *then* be properly tested through a

22    double-blind, randomized, controlled clinical trial.  The 2002 paper does not prove anything, let

23    alone that the opinions expressed in the postings are false.

24    ///

25    ///

26    ///

27    ///

28

4

1

## II.  <u>CONCLUSION</u>

2       For the reasons stated above, Dr. Rothschild respectfully requests that the Court grant the

3  instant motion, and stay this action, including discovery, pending the Ninth Circuit resolution of

4  Dr. Rothschild's appeal.

5  Dated:  June 2, 2008

     HOLLAND & KNIGHT LLP

6

7

     Robert A. Bleicher
Shelley G. Hurwitz
8       Attorneys for Defendant
ANTHONY ROTHSCHILD

9  # 5369318_v1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Decl. of Robert A. Bleicher ISO Motion to Stay Pending the Disposition
Of Def. Dr. Anthony Rothschild's Appeal to the Ninth Circuit

Case No.: C 07-03795 JW