United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Corcept Therapeutics, Inc., et al., | NO. C 07-03795 JW |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL** |
| v. | |
| Anthony Rothschild, | |
| Defendant. | |

## I. INTRODUCTION

Corcept Therapeutics, Inc., Dr. Joseph K. Belanoff, and Dr. Alan F. Schatzberg (collectively, "Plaintiffs") bring this diversity action against Dr. Anthony Rothschild ("Defendant") for alleged defamation, intentional infliction of emotional distress, and interference with prospective business relations. Plaintiffs allege they were injured when Defendant made certain internet postings regarding Plaintiffs and their products.

Presently before the Court is Defendant's Motion to Stay Proceedings Pending Appeal. (hereafter, "Motion," Docket Item No. 100.) The Court found the motion appropriate for submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendant's Motion to Stay.

## II. DISCUSSION

The background of this case may be found in the Court's March 31, 2008 Order. The Court reviews the procedural background relevant to the present motion. On March 31, 2008, the Court denied Defendant's motion to, *inter alia*, strike under California's Strategic Lawsuit Against Public

Participation ("anti-SLAPP") statute. (hereafter, "Order," Docket Item No. 95.) On April 16, 2008, Defendant appealed the Court's ruling on his anti-SLAPP motion to the Ninth Circuit Court of Appeals. (See Docket Item No. 96.)

Defendant moves to stay this action pending appeal on the ground that his appeal raises the legitimate legal question of "whether a trial court can delay ruling on an anti-SLAPP motion until discovery and investigation are conducted, or if the issue of whether a matter is of the public interest must be determined at the outset, based upon information available to the parties and to the court at the time that a SLAPP motion is filed." (Motion at 7.)

The protection of California's anti-SLAPP statute is a substantive immunity from suit. Batzel v. Smith, 333 F.3d 1018, 1025 (9th Cir. 2003). "The purpose of the anti-SLAPP statute is to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Verizon Delaware, Inc. v. Covad Communications Co., 377 F.3d 1081, 1090 (9th Cir. 2004) (internal quotation marks and citation omitted). A district court's denial of an anti-SLAPP motion is appealable interlocutorily pursuant to 28 U.S.C. § 1291. Batzel, 333 F.3d at 1026.

Batzel makes clear that the immunity secured by the anti-SLAPP statute is a substantive immunity, and is recognized as such by a federal court sitting in diversity, under the Erie doctrine. 333 F.3d at 1025-26; see Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). The court therefore looks to state law to determine the extent of the immunity, and thus the breadth of the automatic stay. Although the court is required to stay only proceedings "upon the causes of action affected by the [anti-SLAPP] motion," the court has "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Filtrol Corp. v. Kelleher, 467 F.2d 242 (9th Cir. 1972) (citation omitted). Under Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992), the court may decline to grant a stay where it finds an appeal is frivolous. However, the standard is quite high; the court must find that an appeal is "wholly without merit." United States v. Kitsap Physicians Service, 314 F.3d 995, 1003 n.3 (9th Cir. 2002).

In this case, while the Court finds that Defendant's anti-SLAPP motion was correctly denied, the Court does not find the appeal is "wholly without merit" or frivolous. Plaintiffs contend that they will suffer irreparable harm from any further delay of this action. However, Plaintiffs offer no legal authority to support the proposition that, in deciding a motion to stay pending appeal of a court's denial of an anti-SLAPP motion, a court must examine whether a plaintiff will suffer irreparable harm. (Plaintiff's Opposition to Motion for Stay Pending the Disposition of Defendant Dr. Anthony Rothschild's Appeal to the Ninth Circuit at 3-4, Docket Item No. 107.)

In fact, the California Supreme Court has held that the perfecting of an appeal from the denial of an anti-SLAPP motion to strike automatically stays all further proceedings on the merits. See Varian Medical Systems, Inc. v. Delfino, 35 Cal. 4th 180 (2005). The Varian court reasoned that "an appellate reversal of an order denying [an anti-SLAPP motion] may . . . result in a dismissal." Id. at 193. Therefore, proceeding with the case on the merits while such an appeal is pending would be inconsistent with the appeal "because the appeal seeks to avoid that very proceeding. Indeed, the point of the anti-SLAPP statute is that you have a right not to be dragged through the courts because you exercised your constitutional rights." Id. (internal quotations and citations omitted).

Accordingly, the Court GRANTS Defendant's motion to stay.

### III. CONCLUSION

The Court GRANTS Defendant's Motion to Stay. All proceedings are stayed pending appeal. Within fifteen (15) days from the date of the Ninth Circuit Mandate, the parties shall meet and confer and file a Joint Status Report, requesting, if necessary, a case management conference.

Dated: June 12, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christine S. Watson cwatson@carrferrell.com
Robert A. Bleicher robert.bleicher@hklaw.com
Shelley Gershon Hurwitz shelley.hurwitz@hklaw.com
Stuart C. Clark sclark@carrferrell.com

**Dated: June 12, 2008**　　　　　　　　　　　　　　　**Richard W. Wieking, Clerk**

　　　　　　　　　　　　　　　　　　　　　　　　　　　**By:   /s/ JW Chambers**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Elizabeth Garcia**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Courtroom Deputy**